37.  At all times relevant to this complaint Plaintiff was a "consumer" within the meaning of 15 U.S.C.§1692a(3).

38.  The loans which are the subject of this lawsuit constitute "debts" within the meaning of 15 U.S.C. §1692a(5).

39.  At all times relevant to this complaint defendants were "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), to wit, they used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and they regularly collect or attempt to collect debts owed or due or asserted to be owed or due another.

40.  Defendants violated the Fair Debt Collection Act in the following respects:

   (a) Defendants Woods and Coyle violated 15 U.S.C. §1692(d) by engaging in conduct the natural consequence of which was to harass, oppress, embarrass, demean or abuse various persons in connection with the collection of the Notes. Specifically, defendants employed illegal means, including but not limited to: the threat of arrest, the use of obscene and profane language, and making repeated telephone calls at inconvenient hours.

   (b) Defendant Thuotte violated 15 U.S.C. §1692(d) by engaging in conduct the natural consequence of which was to harass, oppress, embarrass, demean or abuse the Plaintiff, i.e., by attempting to obtain an affidavit falsely alleging that Plaintiff engaged in misrepresentation and/or fraud in connection with signing the Notes under power of attorney from Schwank.

   (c) Defendants Woods and Coyle violated 15 U.S.C.§1692e(4) and (5) by threatening to arrest the Plaintiff even though such action would not have been lawful and defendants did not intend to take such action.

19

42. Defendants' repeated, unwarranted, and intrusive inquiries into Plaintiff's medical condition and personal relationships, all as described above, constituted unreasonable, substantial and serious interferences with Plaintiff's privacy and solitude in violation of G.L. c. 214, s. 1B.

Wherefore, Plaintiff prays for judgment: (i) awarding monetary damages; (ii) awarding pre-judgment interest, costs, and reasonable attorney's fees; (iii) holding Zwicker and Zwicker P.C. jointly and severally liable to plaintiff for all amounts awarded; and (iv) awarding such further relief as shall be just and proper.

## COUNT III

### ABUSE OF PROCESS

43. Plaintiff realleges and incorporates each and every allegation at Paragraphs 1 - 42 as if fully set forth herein.

44. The conduct of Tessimond and Zwicker P.C. in bringing suit against Plaintiff, which suit falsely alleged indebtedness on the part of Plaintiff, which sought recovery for "churned" legal fees, and which was brought in an improper judicial district and without actual notice to plaintiff, constituted an abuse of process.

45. Said suit was brought maliciously, without foundation, and with the ulterior and unlawful intent of obtaining a default judgment against plaintiff, thus depriving Plaintiff from being able to assert her rights and defend same.

Wherefore, Plaintiff prays for judgment: (i) awarding monetary damages against Tessimond and Zwicker P.C., jointly and severally; (ii) awarding interest, costs, and reasonable attorney's fees; (iii) holding Zwicker jointly and severally liable to plaintiff for all amounts awarded; and (iv) awarding such further relief as shall be just and proper.

52. The conduct of Defendants as alleged above constituted unfair and/or deceptive acts and practices in violation of G.L. c. 93A, section 2. In addition, said conduct constituted *per se* violations of said section 2 by violating the following statutes and regulations:

   (a) G.L. c. 93, section 49(c), by communicating with Plaintiff in a manner as to harass or embarrass her, including but not limited to communication at unreasonable hours, with unreasonable frequency, by threats of violence, by use of offensive language, and by threats of actions which Defendants in the usual course of business do not take;

   (b) 940 CMR 7.04, by threatening Ms. Feuerstein with arrest, using obscene and profane language, and by exceeding two calls in seven days to the plaintiff's residence;

   (c) 940 CMR 7.05 by implying the fact of a debt to persons residing in Ms. Feuerstein's household, by using obscene and profane language to persons residing in her household, and by contacting persons residing in her household with unreasonable frequency;

   (d) 940 CMR 7.07, by misrepresenting the character, extent, or amount of the debt, by misrepresenting that the caller was an attorney, and by misrepresenting that the debt could be increased by attorney's fees and collection costs.

   (e) various provisions of the Fair Debt Collection Practices Act, 18 U.S.C. 1692 et seq., as further set forth in Count I, above.

53. Said unfair and/or deceptive conduct was willful and/or wanton in nature.

54. On April 21, 2004, Plaintiff hand-delivered to Zwicker, P.C. by Constable a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts complained of enumerated herein. A true copy of said demand for relief is appended hereto as Exhibit G. A true copy of the Constable's delivery receipt is appended hereto as Exhibit H.

55. Zwicker P.C. did not make a written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9. Instead, on May 24, 2004, said Defendant forwarded a letter to Plaintiff's counsel setting forth a late, and unreasonable, settlement offer. A true copy of said letter is appended hereto as Exhibit I.

56. Zwicker P.C.'s failure to make a reasonable written tender of settlement within 30 days of receipt of Plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

Wherefore, Plaintiff prays for judgment: (i) awarding damages against Zwicker P.C. for all the unfair and deceptive conduct alleged herein; (ii) doubling or trebling said damages pursuant to G.L. c. 93A, section 9; (iii) awarding interest, costs, and reasonable attorney's fees; (iv) holding Zwicker jointly and severally liable to plaintiff for all amounts awarded against Zwicker P.C.; and (v) awarding such further relief as shall be just and proper.

## CLASS ACTION CLAIMS

## COUNT VI

## VIOLATIONS OF THE FAIR DEBT COLLECTION ACT – UNLAWFUL ASSESSMENT OF ATTORNEY'S FEES

57. The allegations of paragraphs 1 – 56 are re-alleged and incorporated herein as if fully set forth.

58. Plaintiff brings Count VI of this Complaint on behalf of herself and a class of persons similarly situated. The class consists of persons who: (a) are "borrowers" or "co-signors" on MEFA student loan notes containing the following provision:

> If the Holder of this Note hires a collection agency or attorney to collect any amount owing under this Note, the Borrower or any Co-Signor shall pay all of the holder's costs and expenses, including reasonable attorney's fees.

and (b) who were sent any collection letters by Zwicker, P.C. in the one-year period immediately preceding the filing of this Complaint in which the debt alleged to be due included any amounts for attorney's fees, regardless of how characterized.

59. The letters dated July 16, 2003 and March 1, 2004 sent by Zwicker P.C. to Plaintiff included, as part of the stated balances due, thousands of dollars in attorney's fees based primarily, if not exclusively, on nothing more than sending a few "form" letters and making a number of phone calls. Moreover, at the time said letters were sent the "holder" of the Notes had not incurred any attorney's fees in connection with the collection of the Notes. Said conduct violated 18 U.S.C. §1692e(2)(B) by falsely representing the amount of compensation which could be lawfully received by Zwicker P.C. for the collection of debt. Said conduct also violated 18 U.S.C. §1692f(1) by attempting to collect amounts which were not expressly authorized by the Notes or permitted by law.

60. On information and belief, Zwicker P.C. employs standard billing practices with respect to collection activity which it undertakes on MEFA notes. Also on information and belief, Plaintiff states that MEFA is the largest, or one of the largest, providers of graduate student loan financing in the Commonwealth of Massachusetts, and the notes signed by Plaintiff are standard form notes which contain the provision set forth in paragraph 58, above. Accordingly, the members of the class are sufficiently numerous such that joinder is impracticable.

61.   There are issues of law and fact common to class members. Such common issues include the billing practices of Zwicker P.C. with respect to MEFA loans, and whether such practices violate the Fair Debt Collection Act as set forth above.

62.   Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant.

63.   Zwicker P.C. has acted on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

64.   The Plaintiff's claim is typical of – indeed, is identical to - the claims of class members. Plaintiff has been harmed in the same manner as class members as a result of Defendant's conduct, and seeks similar relief.

65.   Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to a complete and thorough resolution of this matter, and as an attorney feels a special obligation to obtain redress for those who have been harmed by Defendant's unlawful collection practices. She has carefully selected counsel experienced in consumer and class action litigation. Neither Plaintiff nor counsel is aware of any factor which would cause either not to diligently pursue this action.

Wherefore, Plaintiff prays for a judgment: (a) enjoining Zwicker P.C. from collecting or attempting to collect attorney's fees from MEFA debtors before the holder has in fact incurred such fees; (b) enjoining Zwicker P.C. from collecting or attempting to collect any attorney's fees from MEFA debtors which are not reasonable or justified under the circumstances; (c) awarding Plaintiff and class members their actual damages and the maximum amount of statutory damages

pursuant to 15 U.S.C. §1692k(a)(2)(B); (d) awarding costs and reasonable counsel fees pursuant to 15 U.S.C. §1692k(a)(3); (e) awarding such further relief as shall be just and proper.

### COUNT VII

### VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT – UNLAWFUL ASSESSMENT OF ATTORNEY'S FEES

66.  The allegations of paragraphs 1 – 65 are re-alleged and incorporated herein as if fully set forth.

67.  Plaintiff brings Count VII of this Complaint on behalf of herself and a class of persons similarly situated. The class consists of persons who: (a) are "borrowers" or "co-signors" on MEFA student loan notes containing the following provision:

> If the Holder of this Note hires a collection agency or attorney to collect any amount owing under this Note, the Borrower or any Co-Signor shall pay all of the holder's costs and expenses, including reasonable attorney's fees.

and (b) who were sent any collection letters by Zwicker, P.C. in the four-year period immediately preceding the filing of this Complaint in which the debt alleged to be due included any amounts for attorney's fees, regardless of how characterized.

68.  The conduct of Zwicker P.C. in falsely representing the amount of compensation which could be lawfully received by Defendant for the collection of debt was unfair and/or deceptive in violation of G.L. c. 93A, section 2. Said conduct also violated section 2 by attempting to collect amounts which were not expressly authorized by the Notes or permitted by law.

69.  Said unfair and/or deceptive conduct was willful and/or wanton in nature.

70.  On April 21, 2004, Plaintiff hand-delivered to Zwicker, P.C. by Constable a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts

complained of. A true copy of said demand for relief is appended hereto as Exhibit G. A true copy of the Constable's delivery receipt is appended hereto as Exhibit H.

71. Zwicker P.C. did not make a written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9. Instead, on May 24, 2004, said Defendant forwarded a letter to Plaintiff's counsel setting forth a late, and unreasonable, settlement offer. A true copy of said letter is appended hereto as Exhibit I.

72. Zwicker P.C.'s failure to make a reasonable written tender of settlement within 30 days of receipt of Plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

73. On information and belief, Zwicker P.C. employs standard billing practices with respect to collection activity which it undertakes on MEFA notes. Also on information and belief, Plaintiff states that MEFA is the largest, or one of the largest, providers of graduate student loan financing in the Commonwealth of Massachusetts, and the notes signed by Plaintiff are standard form notes which contain the provision set forth in paragraph 67, above. Accordingly, the members of the class are sufficiently numerous such that joinder is impracticable.

74. There are issues of law and fact common to class members. Such common issues include the billing practices of Zwicker P.C. with respect to MEFA loans, and whether such practices violate the Massachusetts Consumer Protection Act as set forth above.

75. Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant.

76. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

77. The Plaintiff's claim is typical of – indeed, is identical to - the claims of class members. Plaintiff has been harmed in the same manner as class members as a result of Defendant's conduct, and seeks similar relief.

78. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to a complete and thorough resolution of this matter, and as an attorney feels a special obligation to obtain redress for those who have been harmed by Defendant's unlawful collection practices. She has carefully selected counsel experienced in consumer and class action litigation. Neither Plaintiff nor counsel is aware of any factor which would cause either not to diligently pursue this action.

Wherefore, Plaintiff prays for a judgment: (a) enjoining Zwicker P.C. from collecting or attempting to collect attorney's fees from MEFA debtors before the holder has in fact incurred such fees; (b) enjoining Zwicker P.C. from collecting or attempting to collect any attorney's fees from MEFA debtors which are not reasonable or justified under the circumstances; (c) awarding Plaintiff and class members their actual damages or $25.00, whichever is greater; (d) doubling or trebling the amount of said damages awarded, pursuant to G.L. c. 93A, section 9; (e) awarding costs and reasonable counsel fees pursuant to G.L. c. 93A, section 9; (f) awarding such further relief as shall be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff claims trial by jury on all claims.

MELANIE JOI FEUERSTEIN

By her attorney:

Kenneth D. Quat
BBO #408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
Tel. 978-369-0848

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Melanie Joi Feverstein v.___
   __Zwicker + Associates, P.C.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Kenneth D. Quat__
ADDRESS __9 Damonmill Square, Ste 4A-4, Concord MA 01742__
TELEPHONE NO. __978-369-0744__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MELANIE JOI FEUERSTEIN

**DEFENDANTS**
ZWICKER + ASSOCIATES, P.C., et al.

(b) County of Residence of First Listed Plaintiff  NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742   978-369-0848

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | **PERSONAL INJURY** — ☐ 362 Personal Injury — Med. Malpractice; ☐ 365 Personal Injury — Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits |  | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **PRISONER PETITIONS** — ☐ 510 Motions to Vacate Sentence; **Habeas Corpus:** ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 1692 — Violation of Fair Debt Collection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000+ plus injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7/16/04

SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____