**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2004 OCT 12  P 3: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MELANIE JOI FEUERSTEIN, <br> On behalf of herself and others <br> similarly situated, <br><br>         Plaintiff, <br><br> v. <br><br> ZWICKER & ASSOCIATES, P.C., <br> PAUL W. ZWICKER, <br> ROBERT W. THUOTTE, <br> ARTHUR J. TESSIMOND, JR., <br> PHILLIP M. THOMPSON, <br> JEFF WOODS, <br> BRIAN COYLE, and <br> DOES 1-5 <br><br>         Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )      Civil Action No. 04-11593-JLT |

**ANSWER**

The Answering Defendants, ZWICKER & ASSOCIATES, P.C., PAUL W. ZWICKER, ROBERT W. THUOTTE, ARTHUR J. TESSIMOND, JR., and PHILLIP M. THOMPSON ("Answering Defendants"), respond as follows to the Complaint filed by the plaintiff, MELANIE JOI FEUERSTEIN ("Feuerstein"):

**FIRST DEFENSE**

The answering defendants respond to the individually-numbered paragraphs of the Complaint as follows:

1.    The answering defendants deny all of the factual allegations set forth in this paragraph. To the extent that Feuerstein alleges that any of her rights, or those of any

other person, under federal or state statutory law, regulations or common law has been violated, the answering defendants deny all such allegations. The answering defendants further deny that Feuerstein is entitled to any relief individually and also deny that this case is appropriate for adjudication as a class action. Further answering, the answering defendants state that Feuerstein, a practicing attorney, has brought this case for the improper purpose of seeking to avoid her clear liability for student loans which she received from the Massachusetts Educational Financing Authority ("MEFA") to finance her education at Boston University Law School and which remain in default.

### Jurisdiction and Venue

2.    The answering defendants admit the allegations contained in this paragraph.

3.    The answering defendants admit the allegations contained in this paragraph.

### Parties

4.    The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.    The answering defendants admit the allegations contained in this paragraph.

6.    The answering defendants admit that a significant portion of the business of Zwicker & Associates, P.C. ("ZAPC") involved and involves the collection of consumer debts using the mails, telephone and legal process. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

7.     The answering defendants admit the allegations contained in this paragraph.

8.     The answering defendants admit that Jeffrey Wrodonik ("Woods"), who used the name "Jeff Woods" in collection with his work, as he was entitled to do under applicable law, was employed by ZAPC as a collector during the time period when ZAPC communicated with Feuerstein regarding her delinquent student loans.

9.     The answering defendants admit that Brian Coyle ("Coyle") was employed by ZAPC as a collection manager during the time period when ZAPC communicated with Feuerstein regarding her delinquent student loans.

10.    The answering defendants admit the allegations contained in this paragraph.

11.    The answering defendants admit the allegations contained in this paragraph.

12.    The answering defendants admit that Robert W. Thuotte ("Thuotte") is an attorney and commenced employment with ZAPC in August, 2003.   The answering defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

13.    The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Factual Allegations**

14.    The answering defendants admit that Feuerstein is the borrower on the notes, that the name (or abbreviated name of William Schwank ("Schwank") name is signed as co-signer on the four notes copies of which are attached to the Complaint as

3

Exhibit A, and that Feuerstein borrowed the funds to pay for her attendance at Boston University Law School. Further answering, the answering defendants state that the notes speak for themselves.

15. The answering defendants admit the allegations contained in this paragraph.

16. The answering defendants admit the allegations contained in this paragraph.

17. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. The answering defendants admit the allegations contained in this paragraph.

19. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4

25. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs.

26. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. The answering defendants deny the allegations in this paragraph. Further answering, the answering defendants state that at the time when MEFA placed Feuerstein's accounts with ZAPC, MEFA provided information, including that which showed that Feuerstein was in default, and that ZAPC and its employees reasonably relied on that information.

a. The answering defendants admit that in late December, 2002, Woods left a voicemail message requesting that Feuerstein call him back and leaving a callback number. The answering defendants further admit that in his message, Woods did not state the purpose of his call. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

b. The answering defendants deny the allegations contained in this subparagraph.

c. The answering defendants deny the allegations contained in this subparagraph.

d.    The answering defendants deny the allegations contained in this subparagraph.

e.    The answering defendants deny the allegations contained in this subparagraph.

f.    The answering defendants deny the allegations contained in this subparagraph.

g.    The answering defendants admit that in February, 2003, ZAPC sent a demand letter to Schwank, whose name is signed as co-maker on the promissory notes signed by Feuerstein. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

h.    The answering defendants admit that Woods attempted to contact Feuerstein by telephone on or about February 12, 2003. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

i.    The answering defendants deny the allegations contained in this subparagraph.

j.    The answering defendants admit that on or about February 13, 2003, Coyle attempted to contact Feuerstein by telephone. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

k.    The answering defendants deny the allegations contained in this subparagraph.

l.    The answering defendants admit that on or about February 22, 2003, ZAPC sent to Feuerstein four demand letters copies of which are attached to the

Complaint as Exhibit B and that those letters contained the facsimile signature of Tessimond, an attorney then employed by ZAPC. The answering defendants deny all remaining allegations and deny all inconsistent allegations contained in this subparagraph.

        m.    The answering defendants admit that ZAPC's computer system would have been utilized in part of the process involved in sending the four letters to Feuerstein. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

        n.    The answering defendants deny the allegations contained in this paragraph.

        o.    The answering defendants admit that on March 20, 2003, Woods called Schwank's place of employment. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

        p.    The answering defendants admit that on March 25, 2003, Woods spoke with Michael DeZorett ("DeZorett"), who identified himself as Schwank's attorney. The answering defendants also admit that Woods faxed documents to DeZorett. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

        q.    The answering defendants admit that on or about March 26, 2003, ZAPC sent to Feuerstein four demand letters copies of which are attached to the Complaint as Exhibit C and that those letters contained the facsimile signature of Tessimond, an attorney then employed by ZAPC. The answering defendants deny all

7

remaining allegations and deny all inconsistent allegations contained in this subparagraph.

   r.  The answering defendants deny the allegations contained in this subparagraph.

   s.  The answering defendants deny the allegations contained in this subparagraph.

   t.  The answering defendants deny the allegations contained in this subparagraph.

   u.  The answering defendants deny the allegations contained in this subparagraph.

   v.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this subparagraph. The answering defendants deny all remaining allegations contained in this subparagraph.

   w.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this subparagraph. The answering defendants deny all remaining allegations contained in this subparagraph.

   x.  The answering defendants admit that on or about July 16, 2003, ZAPC sent to Feuerstein demand letters copies of which are attached to the Complaint as Exhibit D and that those letters contained the facsimile signature of Tessimond, an attorney then employed by ZAPC. The answering defendants deny all remaining allegations and deny all inconsistent allegations contained in this subparagraph.

y.     The answering defendants admit that in October, 2003, ZAPC filed a lawsuit on behalf of MEFA against Feuerstein in the Middlesex Superior Court, the Complaint in that case alleging that Feuerstein was delinquent on her MEFA loans and had defaulted on the four promissory notes copies of which are attached as an exhibit to the Complaint. Further answering, the answering defendants state that the Complaint had a good faith, reasonable basis, that Feuerstein did owe the amounts sued upon and was in default as of the time of filing of the Complaint, and that she remains in default as to the notes.

z.     The answering defendants admit that ZAPC filed the lawsuit in Middlesex County. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

aa.    The answering defendants deny the allegations contained in this subparagraph.

bb.    The answering defendants admit that on or about November 4, 2003, Barry Smith ("Smith") called Feuerstein and spoke with her. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

cc.    The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding the manner in which Feuerstein obtained a copy the Complaint which ZAPC filed against her on behalf of MEFA. The answering defendants admit the allegations contained in the second sentence of this subparagraph.

dd.    The answering defendants admit that on or about March 1, 2004, ZAPC sent to Feuerstein four demand letters copies of which are attached to the Complaint as Exhibit E and that those letters contained the facsimile signature of Phillip M. Thompson ("Thompson"), an attorney employed by ZAPC.    The answering defendants deny all remaining allegations and deny all inconsistent allegations contained in this subparagraph.

ee.    The answering defendants admit the allegations contained in the first two sentences of this subparagraph.  The answering defendants deny the remaining allegations contained in this subparagraph.

ff.    The answering defendants admit that a copy the G.L. c. 93A demand letter received by ZAPC on April 21, 2004 is attached to the Complaint as Exhibit G.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of this subparagraph.

gg.    The answering defendants admit that in May, 2004,Thuotte and DeZorett spoke by telephone.  The answering defendants deny all remaining allegations and all inconsistent allegations contained in this subparagraph.

30.    The answering defendants admit that some payments, representing a small portion of the total amount owed on the MEFA promissory notes, have been made.  The answering defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

31.    The answering defendants admit that Feuerstein's attorney asserted in writing in his letters attached to the Complaint as Exhibit F and dated March 29, 2004 that Feuerstein disputed that she was in default of the promissory notes.  The answering

defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

32.   The answering defendants deny the allegations contained in this paragraph.

33.   The answering defendants deny the allegations contained in this paragraph.

34.   The answering defendants deny the allegations contained in this paragraph.

35.   The answering defendants deny the allegations contained in this paragraph.

**Individual Claims for Relief**

**Count I**

**Fair Debt Collection Practices Act ("FDCPA")**

36.   The answering defendants incorporate by reference their responses to paragraphs 1-35 as if expressly restated herein.

37.   The answering defendants admit the allegations contained in this paragraph.

38.   The answering defendants admit the allegations contained in this paragraph.

39.   The answering defendants deny the allegation in this paragraph insofar as it states that every one of the answering defendants was a debt collector.

40.    The answering defendants deny the allegations contained in this paragraph and in each of its subparagraphs (a)-(n). The answering defendants further deny that Feuerstein is entitled to judgment in her favor or any other relief.

### Count II

#### Invasion of Privacy (G.L. c. 214, sec. 1B)

41.    The  answering defendants incorporate by reference their responses to paragraphs 1-40 as if expressly restated herein.

42.    The answering defendants deny the allegations contained in this paragraph.  The answering defendants further deny that `Feuerstein is entitled to judgment in her favor or any other relief.

### Count III

#### Abuse of Process

43.    The  answering defendants incorporate by reference their responses to paragraphs 1-42 as if expressly restated herein.

44.    The answering defendants deny the allegations contained in this paragraph.

45.    The answering defendants deny the allegations contained in this paragraph. The answering defendants further deny that Feuerstein is entitled to judgment in her favor or any other relief.

### Count IV

#### Intentional Infliction of Emotional Distress

46.    The  answering defendants incorporate by reference their responses to paragraphs 1-45 as if expressly restated herein.

47.     The answering defendants deny the allegations contained in this paragraph.

48.     The answering defendants deny the allegations contained in this paragraph.

49.     The answering defendants deny the allegations contained in this paragraph.  The answering defendants further deny that Feuerstein is entitled to judgment in her favor or any other relief.

### Count V

### G.L. c. 93A

50.     The   answering defendants incorporate by reference their responses to paragraphs 1-49 as if expressly restated herein.

51.     The answering defendants admit that ZAPC was and is engaged in trade or commerce.  The answering defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

52.     The answering defendants deny the allegations contained in this paragraph and in its subparagraphs (a)-(e).

53.     The answering defendants deny the allegations contained in this paragraph.

54.     The answering defendants admit that on April 21, 2004, ZAPC received a G.L. c. 93A demand letter from Feuerstein's attorney and that a copy of that letter is attached to the Complaint as Exhibit G.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in the last

sentence of this paragraph. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

55.    The answering defendants admit that a true copy of ZAPC's response to the plaintiff's attorney's demand letter is attached to the Complaint as Exhibit I. The answering defendants deny that the settlement offer set forth in ZAPC's response letter was unreasonable. Further answering, the answering defendants state that the response letter was fully prepared so as to be timely sent to the plaintiff's attorney, but that through a clerical error at ZAPC, the response letter was not sent out on time, and that this error was explained to the plaintiff's attorney in writing in a May 24, 2004 at the time. (See p.1 of Exhibit I attached to Complaint).

56.    The answering defendants deny the allegations contained in this paragraph.

### Count VI

### Class Action Claims

57.    The answering defendants incorporate by reference their responses to paragraphs 1-56 as if expressly restated herein.

58.    The answering defendants deny that the plaintiff is entitled to bring any action on behalf of any other persons and the answering defendants deny all remaining allegations contained in this paragraph.

59.    The answering defendants deny the allegations contained in this paragraph.

60.    The answering defendants state that ZAPC is paid on a contingency basis on all MEFA accounts. The answering defendants lack knowledge or information

sufficient to form a belief as to the  truth of the allegations set forth in the second sentence of this paragraph.  The answering defendants deny that any valid "class" exists and deny that the plaintiff is entitled to proceed in this case on a class action basis.  The answering defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

61.    The answering defendants deny the allegations contained in this paragraph.

62.    The answering defendants deny the allegations contained in this paragraph.

63.    The answering defendants deny the allegations contained in this paragraph.

64.    The answering defendants deny that the plaintiff has suffered any harm and deny the remaining allegations contained in this paragraph.

65.    The answering defendants deny the allegations contained in this paragraph.  The answering defendants further deny that that it is appropriate for this case to precede as a class action and deny that any  judgment or any other relief should be awarded to any person individually or as a member of the class against the answering defendants.

## Count VII

### G.L. c. 93A

66.    The  answering defendants incorporate by reference their responses to paragraphs 1-65 as if expressly restated herein.

67.     The answering defendants deny that the plaintiff is entitled to bring any action on behalf of any other persons and the answering defendants deny all remaining allegations contained in this paragraph.

68.     The answering defendants deny the allegations contained in this paragraph.

69.     The answering defendants deny the allegations contained in this paragraph.

70.     The answering defendants admit that on April 21, 2004, ZAPC received a G.L. c. 93A demand letter from Feuerstein's attorney and that a copy of that letter is attached to the Complaint as Exhibit G. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in the last sentence of this paragraph. The answering defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

71.     The answering defendants admit that a true copy of ZAPC's response to the plaintiff's attorney's demand letter is attached to the Complaint as Exhibit I. The answering defendants deny that the settlement offer set forth in ZAPC's response letter was unreasonable. Further answering, the answering defendants state that the response letter was fully prepared so as to be timely sent to the plaintiff's attorney, but that through an error at ZAPC, the response letter was not sent out on time, and that this error was explained to the plaintiff's attorney in writing at the time. (See May 24, 2004 letter from Robert W. Thuotte to Kenneth D. Quat, p.1 of Exhibit I attached to Complaint).

72.     The answering defendants deny the allegations contained in this paragraph.

16

73.    The answering defendants state that ZAPC is paid on a contingency basis on all MEFA accounts.   The answering defendants lack knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in the second sentence of this paragraph.  The answering defendants deny that any valid "class" exists and deny that the plaintiff is entitled to proceed in this case on a class action basis.  The answering defendants deny all remaining allegations and all inconsistent allegations contained in this paragraph.

74.    The answering defendants deny the allegations contained in this paragraph.

75.    The answering defendants deny the allegations contained in this paragraph.

76.    The answering defendants deny the allegations contained in this paragraph.

77.    The answering defendants deny the allegations contained in this paragraph.

78.    The answering defendants deny the allegations contained in this paragraph.  The answering defendants further deny that any judgment or any other relief should be awarded to any person individually or as a member of the class against the answering defendants.

## DEMAND FOR JURY TRIAL

The Answering Defendants, ZWICKER & ASSOCIATES, P.C., PAUL W. ZWICKER, ARTHUR J. TESSIMOND, JR., PHILLIP M. THOMPSON, and ROBERT W. THUOTTE, demand a trial by jury for all of the issues and all of the counts alleged by the Plaintiff, Melanie Joi Feuerstein, in her Complaint.

WHEREFORE, the Answering Defendants pray for judgment as follows:

      a)  dismissing each part of the Complaint on its merits;

      b)  for their costs, disbursements and attorney fees; and

      c)  for such other relief as the Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) insofar as this Court lacks subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) insofar as this Court lacks personal jurisdiction over the answering defendants.

### THIRD AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(3) insofar as venue is not proper.

### FOURTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Complaint should be dismissed against the answering defendants pursuant to Rule 12(b)(4) for insufficiency of process.

### FIFTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Complaint should be dismissed against the answering defendants pursuant to Rule 12(b)(5) insofar as service of process upon the answering defendants was not sufficient.

### SIXTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Complaint should be dismissed against the answering defendants pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

The answering defendants state that if the plaintiff sustained damages as alleged in the Complaint, such damages were caused by a third person over whom the answering defendants exercised no control, and for whom the answering defendants are and were not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

The answering defendants state that if the plaintiff sustained damages as alleged in the Complaint, such damages were caused by the intervening and superseding acts of a third person, which acts the answering defendants did not and reasonably could not foresee.

### NINTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff is estopped from bringing this action.

### TENTH AFFIRMATIVE DEFENSE

The answering defendants state that this action was not commenced within the time required by the applicable statute of limitations, and, therefore, plaintiff's claim should be barred.

### ELEVENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has waived any right to bring this action, and, therefore, the plaintiff's claim should be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to mitigate her damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The award of statutory damages in this case, if any, is limited to a total of $1,000.

## FOURTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that upon information and belief, if any violations of the FDCPA are found, then, and in that event, the answering defendants are not liable pursuant to 15 U.S.C. § 1692k(c), as such violations were the result of bona fide errors, notwithstanding the maintenance of procedures reasonably adopted to avoid any such errors.

## FIFTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to serve a written demand for relief at least (30) thirty days in advance of filing suit pursuant to M.G.L. ch. 93A, § 9(3), and/or any such written demand for relief that may have been served was insufficient and, as such, the plaintiff is barred from recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted insofar as the plaintiff claims relief pursuant to M.G.L. ch. 93A.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that any interactions they may have had with the plaintiff did not constitute an "unreasonable, substantial or serious interference" with the plaintiff's statutory right of privacy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff gave consent in fact and/or apparent consent to any alleged actions of the answering defendants thereby barring the plaintiff's action and/or recovery.

## NINETEENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to show any physical harm causally related to the allegations in the plaintiff's Complaint thereby barring any recovery for intentional infliction of emotional distress.

## TWENTIETH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to show the required element of intent thereby barring any recovery for intentional infliction of emotional distress.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to show the required element that the conduct of said defendants was extreme and outrageous thereby barring any recovery for intentional infliction of emotional distress.

Respectfully submitted,

Richard J. Poliferno
Attorney for Defendants,
ZWICKER & ASSOCIATES, P.C.,
PAUL W. ZWICKER,
ROBERT W. THUOTTE,
ARTHUR J. TESSIMOND, JR., and
PHILLIP M. THOMPSON
Long & Houlden
100 Summer Street, 11 FL
Boston, MA  02110
(617) 439-4777
BBO# 402120

DATE: Oct. 12, 2004

CERTIFICATE OF SERVICE

I, Attorney for_____, hereby certify
that I, this day, served a copy of the
within document(s) by (hand) (first
class mail, postage prepaid) to all
counsel of record.

BBO#_____
DATE:_____