# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELANIE JOI FEUERSTEIN, | ) | |
| On behalf of herself and others similarly | ) | |
| situated, | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. Number 04-11593-JLT |
| | ) | |
| ZWICKER & ASSOCIATES, P.C., | ) | |
| PAUL W. ZWICKER, | ) | |
| JEFF WOODS, | ) | |
| BRIAN COYLE, | ) | |
| ARTHUR J. TESSIMOND, JR., | ) | |
| PHILLIP M. THOMPSON, | ) | |
| ROBERT W. THUOTTE, and | ) | |
| DOES 1 – 5 | ) | |

## PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE ON DEFENDANTS JEFF WOODS AND BRIAN COYLE

Plaintiff hereby moves that this Honorable Court extend the time to make service on defendants Jeff Woods and Brian Coyle to January 31, 2005 or thirty (30) days from receipt of the mandatory disclosures of Zwicker & Associates, P.C., whichever is later. As grounds for this motion, plaintiff states that defendants Woods and Coyle were both debt collectors employed by defendant Zwicker & Associates, P.C. As a result of the Answer filed by Zwicker & Associates, P.C. and several individual defendants, plaintiff has learned that Woods and Coyle are no longer employed by said firm; at this time plaintiff has no information as to their current whereabouts, and counsel for the answering defendants has indicated he lacks authority to voluntarily disclose any such

information.  Compounding the difficulties, the Answer indicates that the name "Jeff Woods" was in fact an alias used by an individual named Jeffrey Wrodonik.

Plaintiff anticipates that the Rule 26(a) mandatory disclosures of Zwicker & Associates, P.C. are likely to contain information which will enable plaintiff to effectuate service.

Accordingly, plaintiff respectfully requests that the time for making service on defendants Jeff Woods and Brian Coyle be extended as set forth herein.

<u>Certification Pursuant to Local Rule 7.1(A)(2)</u>

I, Kenneth D. Quat, hereby certify that on October 22, 2004, I left a voicemail message for defendants' counsel inquiring as to his position with respect to the relief requested in the instant motion.  When I did not hear back, I followed this up with a fax on October 25, 2004.  Defendant's counsel called me on October 26, 2004, indicated that he needed to discuss the matter with his clients, and that he would notify me by October 27, 2004 of his position.  On October 27, I faxed counsel a copy of the proposed motion per his request.   As of 3:30 p.m. on October 28, I have not heard back from defendants' counsel regarding this matter.


/s/ Kenneth D. Quat
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848

<u>Certificate of Service</u>

I hereby certify that I have served a copy of the foregoing by mailing same via first class mail, postage prepaid, to Arthur J. Tessimond, Jr., c/o Richard J. Boudreau & Assoc., 5 Industrial Way, Salem NH 03079.

<u>/s/Kenneth D. Quat</u>

Dated:  October 28, 2004