UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELANIE JOI FEUERSTEIN, )<br>On behalf of herself and )<br>others similarly situated, )<br>  )<br>Plaintiff, )<br>  )<br>v.  )<br>  )<br>ZWICKER & ASSOCIATES, P.C., )<br>PAUL W. ZWICKER, )<br>ROBERT W. THUOTTE, )<br>ARTHUR J. TESSIMOND, JR., )<br>PHILLIP M. THOMPSON, )<br>JEFF WOODS, )<br>BRIAN COYLE, and )<br>DOES 1-5 )<br>  )<br>Defendants ) | Civil Action No.<br>04-11593-JLT |

**OPPOSITION TO "PLAINTIFF'S MOTION TO CONDUCT LIMITED, EXPEDITED DISCOVERY RELATIVE TO WHEREABOUTS OF DEFENDANTS WOODS AND COYLE"**

The defendant, Zwicker & Associates, P.C., opposes the ``Plaintiff's Motion To Conduct Limited, Expedited Discovery Relative To Whereabouts Of Defendants Woods And Coyle'' on the grounds that the last known addresses for the two individuals in question has already been provided to the plaintiff, and therefore the motion is moot. Further reasons for this opposition are set forth below:

1. Plaintiff did not properly serve the defendant, Zwicker & Associates, P.C. Zwicker & Associates, P.C. is represented by undersigned counsel. Plaintiff failed to serve a copy of her motion on undersigned counsel, either by hand-delivery or by mail, as required by Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.2. Although a draft of plaintiff's motion was sent by means of a facsimile transmission, there has been no consent to

electronic means of making service as described in Fed. R. Civ P. 5(b)(2)(D), including facsimile transmission. According to the ``Certificate of Service'' appearing at the end of plaintiff's motion (**Exhibit A**), the only service by mail was made on Arthur J. Tessimond, Jr., which itself is a violation of the Massachusetts Rules Of Professional Conduct, specifically Rule 4.2, which prohibits a lawyer from communicating with a person the lawyer knows to be represented by another lawyer in the matter. This behavior on the part of the plaintiff's counsel is particularly egregious in light of the fact that this is now the second time that plaintiff's counsel has violated Rule 4.2 of the Massachusetts Rules Of Professional Conduct by communicating directly with Mr. Tessimond. The first such violation occurred when plaintiff's ``Request For Default'' was served directly on Mr. Tessimond on October 28, 2004 (**Exhibit B**), despite undersigned counsel's ``Notice Of Appearance'' having been served two (2) weeks earlier on October 12, 2004 (**Exhibit C**) along with the ``Answer'' to plaintiff's complaint.

2. The addresses for the individuals sought by plaintiff's motion have already been provided (**Exhibit D**).

Consequently, the plaintiff's motion, which seeks to obtain this information prior to this Court's Local Rule 16.1 Scheduling Conference (currently scheduled for January 5, 2005) is moot.

Respectfully Submitted,

Richard J. Poliferno
Long & Houlden
100 Summer Street, 11th Fl.
Boston, MA. 02110
617 439 4777

CERTIFICATE OF SERVICE
I, Attorney for DEFT, hereby certify that I, this day, served a copy of the within document(s) by (hand) (first class mail, postage prepaid) to all counsel of record.

BBO# 402720
DATE: December 13, 2004