# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MELANIE JOI FEUERSTEIN,      )
On behalf of herself and others similarly  )
situated,                 )
             Plaintiffs      )
                       )
v.                       )        C.A. Number 04-11593-JLT
                       )
ZWICKER & ASSOCIATES, P.C.,    )
PAUL W. ZWICKER,            )
JEFF WOODS,                 )
BRIAN COYLE,               )
ARTHUR J. TESSIMOND, JR.,     )
PHILLIP M. THOMPSON,       )
ROBERT W. THUOTTE, and      )
DOES 1 – 5                 )

## PLAINTIFF'S MOTION TO CONDUCT LIMITED, EXPEDITED DISCOVERY RELATIVE TO WHEREABOUTS OF DEFENDANTS WOODS AND COYLE

Plaintiff hereby moves that this Honorable Court allow her to conduct limited, expedited discovery in order to determine the whereabouts of defendants Jeff Woods and Brian Coyle. As grounds for this motion, plaintiff states as follows:

1. This is an action in which plaintiff alleges that the defendant law firm, Zwicker & Associates, P.C. ("Zwicker") and several of its employees committed multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* The Complaint also asserts statutory and common law claims arising under Massachusetts law. Defendants Jeff Woods and Brian Coyle are two of the Zwicker employees whom plaintiff asserts are liable for the violations complained of.

2. Zwicker filed an Answer to the Complaint in which it indicated that Woods and Coyle have left its employment.

3. Plaintiff is unaware of the current whereabouts of Woods and Coyle. This Court has allowed plaintiff's motion to extend time to make service on Woods and Coyle until January 31, 2005, or thirty (30) days from receipt of Zwicker's Rule 26(a) disclosures, whichever occurs later.

4. The Court has not yet scheduled an initial scheduling conference, apparently due to the fact that Woods and Coyle have not yet been served with process. Plaintiff is therefore in the "Catch 22" position of having to await the scheduling of a conference in order to receive Rule 26(a) disclosures, yet the conference will not be scheduled until plaintiff receives the information in the disclosures and is able to serve the remaining defendants. In addition, defendants' counsel has indicated that he has been instructed not to voluntarily provide the information in question.

5. Plaintiff therefore moves that she be permitted to serve on Zwicker the 3 interrogatories and 2 requests for documents appended hereto as Exhibits A and B, and that Zwicker be ordered to respond to same within twenty-one (21) days of service. Said discovery is limited to eliciting information relative to determining the current whereabouts of Woods and Coyle. The shortened response period is reasonable given that the discovery is extremely limited in scope and number.

## Certification Pursuant to Local Rule 7.1(A)(2)

I, Kenneth D. Quat, hereby certify that on November 29, 2004, at 10:31 a.m., I faxed a copy of this motion and exhibits to Zwicker's counsel with a cover sheet asking for counsel's position on the motion and indicating that I would not file same until after

the close of business on November 30.   No response was received within said time

period.

/s/ Kenneth D. Quat
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848

## Certificate of Service

I hereby certify that I have served a copy of the foregoing by mailing same via first class mail, postage prepaid, to Arthur J. Tessimond, Jr., c/o Richard J. Boudreau & Assoc., 5 Industrial Way, Salem NH 03079.

/s/Kenneth D. Quat

Dated:  11/30/01