UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELANIE JOI FEUERSTEIN, | ) | |
| On behalf of herself and others similarly | ) | |
| situated, | ) | |
|      Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. Number 04-11593-JLT |
| | ) | |
| ZWICKER & ASSOCIATES, P.C., | ) | |
| PAUL W. ZWICKER, | ) | |
| JEFF WOODS, | ) | |
| BRIAN COYLE, | ) | |
| ARTHUR J. TESSIMOND, JR., | ) | |
| PHILLIP M. THOMPSON, | ) | |
| ROBERT W. THUOTTE, and | ) | |
| DOES 1 – 5 | ) | |

## PLAINTIFF'S MOTION FOR CONTEMPT DUE TO FAILURE OF ZWICKER & ASSOCIATES, P.C. TO MAKE REQUIRED DISCLOSURES

Plaintiff hereby moves that this Honorable Court enter an order finding and holding defendant Zwicker & Associates, P.C. in contempt for failing to disclose and provide to plaintiff the following documents within the scope of Local Rule 26.2(A) and Fed.R.Civ.P. 26(a)(1): (i) all demand letters sent by said defendant to individuals allegedly indebted to the Massachusetts Educational Financing Authority ("MEFA") within 4 years of the filing of this action; and (ii) all documents which reflect attorney's fees recovered by defendant from said individuals as a result of said letters.

This Court's "Discovery Order" of December 8, 2004 provided that "all documents in accordance with Local Rule 26.2(a)" were to be "exchanged and reviewed"

on or before December 27, 2004.  The subject documents are directly relevant to plaintiff's class claims brought under the Fair Debt Collection Practices Act and the Massachusetts Consumer Protection Act and, moreover, plaintiff specifically identified and requested said documents in a letter to defendant's counsel dated January 6, 2005. Exhibit A.  Defendant has failed and refused to produce the subject documents, stating only with respect to the demand letters that "Zwicker & Associates, P.C. does not retain hard copies of letters sent to individual debtors and we are producing copies of the types of demand letters sent out."  Exhibit B.   However, even if defendant maintains only electronic copies of such letters, this does not relieve defendant of its duty to disclose same.[1]   Moreover, defendant produced no documents pertaining to the amount of attorney's fees collected as a result of the letters, and offered no explanation regarding such omission.

Defendant's failure and refusal to disclose and produce clearly relevant documents constitutes a blatant violation of the Court's Discovery Order and defendant's duty of mandatory disclosure under Local Rule 26.2(A) and Fed.R.Civ.P. Rule 26(a)(1). Said conduct also violates counsel's ethical obligation not to "conceal a document or other material having potential evidentiary value."  Supreme Judicial Court Rule 3.4(a),

Plaintiff requests an award of appropriate sanctions, including reasonable attorney's fees incurred in prosecuting the instant motion.

---

[1] An attorney is required to retain "all documents and tangible things" prepared in the course of representing a client.  Supreme Judicial Court Rule 1.16(e)(6).

Certification Pursuant to Local Rules 7.1(A)(2) and 37.1

      I, Kenneth D. Quat, hereby certify that on February 18, 2005 I forwarded a letter to defendant's counsel setting forth plaintiff's dissatisfaction with defendant's lack of disclosure and requesting that defendant remedy the omission as soon as possible. Exhibit C. No response to this letter has been received to date.

      /s/ Kenneth D. Quat
      BBO 408640
      9 Damonmill Square, Suite 4A-4
      Concord MA 01742
      978-369-0848