UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELANIE JOI FEUERSTEIN, )
On behalf of herself and others similarly )
situated, )
               Plaintiffs )
)
v. )      C.A. Number 04-11593-JLT
)
ZWICKER & ASSOCIATES, P.C., )
PAUL W. ZWICKER, )
JEFF WOODS, )
BRIAN COYLE, )
ARTHUR J. TESSIMOND, JR., )
PHILLIP M. THOMPSON, )
ROBERT W. THUOTTE, and )
DOES 1 – 5 )

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff hereby moves that this Honorable Court pursuant to Fed.R.Civ.P. 15(a) that she be permitted to amend her complaint as described herein. A true copy of the proposed First Amended Complaint is attached hereto.

The amendments which plaintiff proposes to make are: (i) changing the name of defendant "Jeff Woods" to "Jeff Wrodoniak," since it appears that the name "Jeff Woods" - which was used throughout said defendant's contact with Plaintiff - was in fact an alias; (ii) alleging in Count I that Wrodoniak's use of an alias violated section 1692d(6) of the Fair Debt Collection Practices Act; (iii) amending the prayer for relief in Count V to include an award of statutory damages as an alternative to an award of actual damages; and (iv) adding class claims under 15 U.S.C. 1692e(2), and G.L. c. 93A,

section 9, as a result of learning that the unlawful practice of Zwicker & Associates, P.C., in sending collection letters to consumers which fail to disclose that the stated lump-sum balances include amounts allegedly due for attorney's fees is likely not limited to persons who obtained loans from the Massachusetts Educational Financing Authority ("MEFA"). The federal cause of action is essentially identical to that found to state a valid claim for relief in *Fields v. Wilber Law Firm*, 383 F.3d 562, 565-567 (7th Cir. 2004). The state cause of action derives from the same factual foundation, and Massachusetts law provides that a violation of a federal consumer protection statute constitutes an unfair or deceptive trade practice in violation of G.L. c. 93A, section 2, as a matter of law. 940 C.M.R. 3.16.

A true copy of the proposed First Amended Complaint is appended hereto.

Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The rule evinces a "'liberal' amendment policy" where the focus is "mostly on the bad faith of the moving party and the prejudice to the opposing party." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-155 (1st Cir. 2004)(citations omitted). Under this standard, the relief requested by plaintiff is both warranted and appropriate. First, the parties' joint statement provides that amendments to the pleadings may be accomplished until April 29, 2005, and plaintiff has not previously moved to amend. In addition, the requested amendments are sought in good faith based on information acquired by plaintiff and plaintiff's counsel. Finally, defendants will not be prejudiced by the allowance of this motion since two of the defendants (Jeff Wrodoniak and Brian Coyle) have only recently filed their Answers, and no substantive depositions (i.e., non-Keeper) or other formal discovery (beyond Rule 26 disclosures) have yet taken place.

## Conclusion

For the above reasons, plaintiff respectfully requests that the instant motion be allowed.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

On March 4, 2005, plaintiff's counsel faxed and mailed copies of the foregoing motion to amend and proposed amended complaint to defendants' counsel, along with a letter asking counsel to indicate his position on the motion by March 9. On March 9, not having received a response, plaintiff's counsel called defendants' counsel and was informed that counsel would be speaking to defendants about the motion "sometime next week." Defendants' counsel did not explain why he had not already done so, why he could not do so this week, or when "next week" the discussion would occur (except that it would be whenever his clients "called him back"). Counsel stated that 3 pages of the 42-page fax on March 4 failed to transmit properly, but acknowledged that he did not request that they be re-faxed and that he received the entire documents via regular mail. Because plaintiff's counsel does not believe it reasonable to have to wait up to 9 additional days (and conceivably more) to learn defendants' position on a timely and straightforward motion such as this, it is being filed at the present time.

_____
Kenneth D. Quat
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848

### Certificate of Service

I hereby certify that a copy of the foregoing has been served on defendants' counsel by mailing same via first class mail, postage prepaid, to Richard J. Poliferno, Esq., Long & Houlden, 100 Summer St., Boston MA 02110.

_____
Kenneth D. Quat

Date: 3/4/05