(i) Defendants Tessimond and Thompson violated 15 U.S.C. §1692e(3) and (10) by forwarding correspondence to Plaintiff which suggested it was from an attorney when, upon information and belief, no attorney actually reviewed Plaintiff's file or records related to any of the four loans, or the correspondence itself, prior to sending the correspondence.

(j) Defendant Tessimond violated 15 U.S.C. § 1692i(a)(2) by bringing legal action against Plaintiff in an improper judicial district.

(k) Defendant Tessimond violated 15 U.S.C. § 1692f by bringing legal action against Plaintiff in an inconvenient judicial district and by serving a summons upon her at an address which defendants knew, or should have known, was not Plaintiff's residence and had not been Plaintiff's residence for some time.

(l) Defendants Wrodonik ("Woods") and Coyle violated 15 U.S.C. §1692f by continuing to contact Plaintiff, the co-signer and third parties after the Defendants had repeatedly been informed that Plaintiff and Co-Signer were represented by counsel and that any and all contact regarding the loans were to go through counsel.

(m) Defendant Wrodonik ("Woods") violated 15 U.S.C. §1692g by failing to send the Plaintiff a written notice containing the information required by 15 U.S.C. § 1692g within five days after the initial oral communication, which occurred December 2002.

(n) Defendant Wrodonik ("Woods") violated 15 U.S.C. §1692e(11) by failing to indicate in the initial oral communication with the Plaintiff that the Defendants were attempting to collect a debt and that any information obtained would be obtained for that purpose.

21

(o) Defendant Wrondonik ("Woods") violated 15 U.S.C. §1692d(6) by placing telephone calls to Plaintiff without meaning disclosure of his identity.

Wherefore, Plaintiff prays for judgment: (i) awarding actual damages; (ii) awarding statutory damages of $1,000; (iii) awarding interest, costs, and reasonable attorney's fees; (iv) holding Zwicker and Zwicker P.C. jointly and severally liable to plaintiff for all amounts awarded; and (v) awarding such further relief as shall be just and proper.

## COUNT II

## INVASION OF PRIVACY (G.L. c. 214 § 1B)

41. Plaintiff realleges and incorporates each and every allegation of Paragraphs 1- 40 as if fully set forth herein.

42. Defendants' repeated, unwarranted, and intrusive inquiries into Plaintiff's medical condition and personal relationships, all as described above, constituted unreasonable , substantial and serious interferences with Plaintiff's privacy and solitude in violation of G.L. c. 214, s. 1B.

Wherefore, Plaintiff prays for judgment: (i) awarding monetary damages;  (ii) awarding pre-judgment interest, costs, and reasonable attorney's fees; (iii) holding Zwicker and Zwicker P.C. jointly and severally liable to plaintiff for all amounts awarded; and (iv) awarding such further relief as shall be just and proper.

## COUNT III

## ABUSE OF PROCESS

43. Plaintiff realleges and incorporates each and every allegation at Paragraphs 1 - 42 as if fully set forth herein.

44. The conduct of Tessimond and Zwicker P.C. in bringing suit against Plaintiff, which suit falsely alleged indebtedness on the part of Plaintiff, which sought recovery for "churned" legal

fees, and which was brought in an improper judicial district and without actual notice to plaintiff, constituted an abuse of process.

45. Said suit was brought maliciously, without foundation, and with the ulterior and unlawful intent of obtaining a default judgment against plaintiff, thus depriving Plaintiff from being able to assert her rights and defend same.

Wherefore, Plaintiff prays for judgment: (i) awarding monetary damages against Tessimond and Zwicker P.C., jointly and severally; (ii) awarding interest, costs, and reasonable attorney's fees; (iii) holding Zwicker jointly and severally liable to plaintiff for all amounts awarded; and (iv) awarding such further relief as shall be just and proper.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff realleges and incorporates each and every allegation set forth in paragraphs 1 – 45, above.

47. Defendants have engaged in an extreme and outrageous course of behavior; beyond all possible bounds of decency and utterly intolerable in a civilized society.

48. Defendants intended to inflict and cause, and knew or should have known that their conduct would cause, the Plaintiff to suffer severe emotional distress. Defendants intended, knew, or should have known, that severe emotional distress was the likely result of their conduct.

49. Defendants' intentional and reckless conduct proximately caused Plaintiff to suffer severe emotional distress of a nature no reasonable person could be expected to endure, including headaches, weeping; depression, anxiety, inability to concentrate, and other harm.

Wherefore, Plaintiff prays for judgment: (i) awarding compensatory damages; (ii) awarding interest and costs; (iii) holding Zwicker and Zwicker P.C. jointly and severally liable to plaintiff for all amounts awarded; and (iv) awarding such further relief as shall be just and proper.

## COUNT V

## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, G.L. c. 93A, §2

50.    The allegations of paragraphs 1 – 49 are re-alleged and incorporated herein as if fully set forth.

51.    At all times relevant to this Complaint, defendants were engaged in trade or commerce.

52.    The conduct of Defendants as alleged above constituted unfair and/or deceptive acts and practices in violation of G.L. c. 93A, section 2.    In addition, said conduct constituted *per se* violations of said section 2 by violating the following statutes and regulations:

(a) G.L. c. 93, section 49(c), by communicating with Plaintiff in a manner as to harass or embarrass her, including but not limited to communication at unreasonable hours, with unreasonable frequency, by threats of violence, by use of offensive language, and by threats of actions which Defendants in the usual course of business do not take;

(b) 940 CMR 7.04, by threatening Ms. Feuerstein with arrest, using obscene and profane language, and by exceeding two calls in seven days to the plaintiff's residence;

24

(c) 940 CMR 7.05 by implying the fact of a debt to persons residing in Ms. Feuerstein's household, by using obscene and profane language to persons residing in her household, and by contacting persons residing in her household with unreasonable frequency;

(d) 940 CMR 7.07, by misrepresenting the character, extent, or amount of the debt, by misrepresenting that the caller was an attorney, and by misrepresenting that the debt could be increased by attorney's fees and collection costs.

(e) various provisions of the Fair Debt Collection Practices Act, 18 U.S.C. 1692 et seq., as further set forth in Count I, above.

53.    Said unfair and/or deceptive conduct was willful and/or wanton in nature.

54.    On April 21, 2004, Plaintiff hand-delivered to Zwicker, P.C. by Constable a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts complained of enumerated herein.   A true copy of said demand for relief is appended hereto as Exhibit G.   A true copy of the Constable's delivery receipt is appended hereto as Exhibit H.

55.    Zwicker P.C. did not make a written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9.   Instead, on May 24, 2004, said Defendant forwarded a letter to Plaintiff's counsel setting forth a late, and unreasonable, settlement offer.  A true copy of said letter is appended hereto as Exhibit I.

56.    Zwicker P.C.'s failure to make a reasonable written tender of settlement within 30 days of receipt of Plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

25

Wherefore, Plaintiff prays for judgment: (i) awarding her damages against Zwicker P.C. for all the unfair and deceptive conduct alleged herein, or $25.00 for each violation of section 2, whichever is greater; (ii) doubling or trebling said damages pursuant to G.L. c. 93A, section 9; (iii) awarding interest, costs, and reasonable attorney's fees; (iv) holding Zwicker jointly and severally liable to plaintiff for all amounts awarded against Zwicker P.C.; and (v) awarding such further relief as shall be just and proper.

## CLASS ACTION CLAIMS

## COUNT VI

## VIOLATIONS OF THE FAIR DEBT COLLECTION ACT – UNLAWFUL ASSESSMENT AND NON-DISCLOSURE OF ATTORNEY'S FEES (MEFA DEBTORS)

57. The allegations of paragraphs 1 – 56 are re-alleged and incorporated herein as if fully set forth.

58. Plaintiff brings Count VI of this Complaint on behalf of herself and a class of persons similarly situated. The class consists of persons who: (i) are "borrowers" or "co-signors" on MEFA student loan notes containing the following provision:

> If the Holder of this Note hires a collection agency or attorney to collect any amount owing under this Note, the Borrower or any Co-Signor shall pay all of the holder's costs and expenses, including reasonable attorney's fees.

and (ii) who were sent any collection letters by Zwicker, P.C. in the one-year period immediately preceding the filing of this Complaint in which the balance alleged to be due included, but did not disclose, an amount representing attorney's fees. Excluded from the class are persons who are or were employees, officers, or directors of Zwicker P.C.

59. The letters dated July 16, 2003 and March 1, 2004 sent by Zwicker P.C. to Plaintiff

26

included, as part of the stated balances due, thousands of dollars in attorney's fees based primarily, if not exclusively, on nothing more than sending a few "form" letters and making a number of phone calls. Moreover, at the time said letters were sent the "holder" of the Notes had not incurred any attorney's fees in connection with the collection of the Notes. Said conduct: (a) violated 18 U.S.C. §1692e(2)(B) by falsely representing the amount of compensation which could be lawfully received by Zwicker P.C. for the collection of debt, and (b) violated 18 U.S.C. §1692f(1) by attempting to collect amounts which were not expressly authorized by the Notes or permitted by law. In addition, by including amounts allegedly due for attorney's fees in the total "balance" due without disclosing that fees were so included, the letters violated 15 U.S.C. §1692e(2) insofar as they falsely represented the character, amount, or legal status of the debts

60.     On information and belief, Zwicker P.C. employs standard billing practices with respect to collection activity which it undertakes on MEFA notes. Also on information and belief, Plaintiff states that MEFA is the largest, or one of the largest, providers of graduate student loan financing in the Commonwealth of Massachusetts, and the notes signed by Plaintiff are standard form notes which contain the provision set forth in paragraph 58, above. Accordingly, the members of the class are sufficiently numerous such that joinder is impracticable.

61.     There are issues of law and fact common to class members. Such common issues include the billing practices of Zwicker P.C. with respect to MEFA loans, and whether such practices violate the Fair Debt Collection Act as set forth above.

62.     Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant.

63.    Zwicker P.C. has acted on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

64.    The Plaintiff's claim is typical of – indeed, is identical to - the claims of class members. Plaintiff has been harmed in the same manner as class members as a result of Defendant's conduct, and seeks similar relief.

65.    Plaintiff will fairly and adequately protect the interests of the class.    Plaintiff is committed to a complete and thorough resolution of this matter, and as an attorney feels a special obligation to obtain redress for those who have been harmed by Defendant's unlawful collection practices.    She has carefully selected counsel experienced in consumer and class action litigation.  Neither Plaintiff nor counsel is aware of any factor which would cause either not to diligently pursue this action.

Wherefore, Plaintiff prays for a judgment: (a) enjoining Zwicker P.C. from collecting or attempting to collect attorney's fees from MEFA debtors before the holder has in fact incurred such fees;  (b) enjoining Zwicker P.C. from collecting or attempting to collect any attorney's fees from MEFA debtors which are not reasonable or justified under the circumstances; (c) enjoining Zwicker P.C. from sending letters to debtors where the balance includes amounts allegedly due for attorney's fees without disclosing such fact or the amounts; (d) awarding Plaintiff and class members their actual damages and the maximum amount of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B); (e) awarding costs and reasonable counsel fees pursuant to 15 U.S.C. §1692k(a)(3); (f) awarding such further relief as shall be just and proper.

## COUNT VII

### VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT – UNLAWFUL ASSESSMENT AND NON-DISCLOSURE OF ATTORNEY'S FEES (MEFA DEBTORS)

66.    The allegations of paragraphs 1 – 65 are re-alleged and incorporated herein as if fully set forth.

67.    Plaintiff brings Count VII of this Complaint on behalf of herself and a class of persons similarly situated.  The class consists of persons who: (a) are "borrowers" or "co-signors" on MEFA student loan notes containing the following provision:

> If the Holder of this Note hires a collection agency or attorney to collect any amount owing under this Note, the Borrower or any Co-Signor shall pay all of the holder's costs and expenses, including reasonable attorney's fees.

and (b) who were sent any collection letters by Zwicker, P.C. in the four-year period immediately preceding the filing of this Complaint in which the balance alleged to be due included, but did not disclose, an amount representing attorney's fees.  Excluded from the class are persons who are or were employees, officers, or directors of Zwicker P.C.

68.  The conduct of Zwicker P.C. in falsely representing the amount of compensation which could be lawfully received by Defendant for the collection of debt, and in attempting to collect amounts which were not expressly authorized by the Notes or permitted by law, was unfair and/or deceptive in violation of G.L. c. 93A, section 2.  Said conduct also violated section 2 by including amounts allegedly due for attorney's fees in the total "balance" due without disclosing that such fees were so included, thus falsely representing the character, amount, or legal status of the debts.

69.    Said unfair and/or deceptive conduct was willful and/or wanton in nature.

70.    On April 21, 2004, Plaintiff hand-delivered to Zwicker, P.C. by Constable a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts complained of.    A true copy of said demand for relief is appended hereto as Exhibit G.  A true copy of the Constable's delivery receipt is appended hereto as Exhibit H.

71.    Zwicker P.C. did not make a written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9.    Instead, on May 24, 2004, said Defendant forwarded a letter to Plaintiff's counsel setting forth a late, and unreasonable, settlement offer.  A true copy of said letter is appended hereto as Exhibit I.

72.    Zwicker P.C.'s failure to make a reasonable written tender of settlement within 30 days of receipt of Plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

73.  On information and belief, Zwicker P.C. employs standard billing practices with respect to collection activity which it undertakes on MEFA notes.  Also on information and belief, Plaintiff states that MEFA is the largest, or one of the largest, providers of graduate student loan financing in the Commonwealth of Massachusetts, and the notes signed by Plaintiff are standard form notes which contain the provision set forth in paragraph 67, above.  Accordingly, the members of the class are sufficiently numerous such that joinder is impracticable.

74.    There are issues of law and fact common to class members.  Such common issues include the billing practices of Zwicker P.C. with respect to MEFA loans, and whether such practices violate the Massachusetts Consumer Protection Act as set forth above.

30

75.    Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant.

76.    Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

77.    The Plaintiff's claim is typical of – indeed, is identical to - the claims of class members. Plaintiff has been harmed in the same manner as class members as a result of Defendant's conduct, and seeks similar relief.

78.    Plaintiff will fairly and adequately protect the interests of the class.    Plaintiff is committed to a complete and thorough resolution of this matter, and as an attorney feels a special obligation to obtain redress for those who have been harmed by Defendant's unlawful collection practices.    She has carefully selected counsel experienced in consumer and class action litigation.  Neither Plaintiff nor counsel is aware of any factor which would cause either not to diligently pursue this action.

Wherefore, Plaintiff prays for a judgment: (a) enjoining Zwicker P.C. from collecting or attempting to collect attorney's fees from MEFA debtors before the holder has in fact incurred such fees;  (b) enjoining Zwicker P.C. from collecting or attempting to collect any attorney's fees from MEFA debtors which are not reasonable or justified under the circumstances; (c) enjoining Zwicker P.C. from sending letters to debtors where the balance includes amounts allegedly due for attorney's fees without disclosing such fact or the amounts; (d) awarding Plaintiff and class members their actual damages or $25.00, whichever is greater; (e) doubling or trebling the amount of said damages awarded, pursuant to G.L. c. 93A, section 9; (f) awarding costs and

31

reasonable counsel fees pursuant to G.L. c. 93A, section 9; (f) awarding such further relief as shall be just and proper.

## COUNT VIII

## VIOLATIONS OF THE FAIR DEBT COLLECTION ACT – UNLAWFUL NON-DISCLOSURE OF ATTORNEY'S FEES (ALL DEBTORS)

79.  The allegations of paragraphs 1 – 78 are re-alleged and incorporated herein as if fully set forth.

80.  Plaintiff brings Count VIII of this Complaint on behalf of herself and a class of persons similarly situated.  The class consists of all persons who were sent any collection letter by Zwicker, P.C. in the one-year period immediately preceding the filing of this Complaint in which the balance alleged to be due included an amount representing attorney's fees but the letter did not disclose that attorney's fees were included in the lump-sum balance or the amount of the fees.  Excluded from the class are persons who are or were employees, officers, or directors of Zwicker P.C.

81.    The letters dated July 16, 2003 and March 1, 2004 sent by Zwicker P.C. to Plaintiff included, as part of the stated balances, thousands of dollars allegedly due for attorney's fees without any disclosure of same.  The letters thereby violated 15 U.S.C. §1692e(2) insofar as they falsely represented the character, amount, or legal status of the debts.

82.    On information and belief, Zwicker P.C. employs standard billing practices with respect to collection activity and has sent similar collection letters to hundreds, if not thousands, of other consumers.  Accordingly, the members of the class are sufficiently numerous such that joinder is impracticable.

83.    There are issues of law and fact common to class members. Such common issues include the practice of Zwicker P.C. in formulating collection letters to consumers and whether such practice violates the Fair Debt Collection Act as set forth above.

84.    Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant.

85.    Zwicker P.C. has acted on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

86.    The Plaintiff's claim is typical of – indeed, is identical to - the claims of class members. Plaintiff has been harmed in the same manner as class members as a result of Defendant's conduct, and seeks similar relief.

87.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to a complete and thorough resolution of this matter, and as an attorney feels a special obligation to obtain redress for those who have been harmed by Defendant's unlawful collection practices. She has carefully selected counsel experienced in consumer and class action litigation. Neither Plaintiff nor counsel is aware of any factor which would cause either not to diligently pursue this action.

Wherefore, Plaintiff prays for a judgment: (a) enjoining Zwicker P.C. from sending collection letters to debtors where the balance includes amounts allegedly due for attorney's fees without disclosing such fact and the specific amounts; (b) awarding Plaintiff and class members their actual damages and the maximum amount of statutory damages pursuant to 15 U.S.C.

33

§1692k(a)(2)(B); (c) awarding costs and reasonable counsel fees pursuant to 15 U.S.C. §1692k(a)(3); and (d) awarding such further relief as shall be just and proper.

## COUNT IX

## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT – UNLAWFUL NON-DISCLOSURE OF ATTORNEY'S FEES (ALL DEBTORS)

88.     The allegations of paragraphs 1 – 87 are re-alleged and incorporated herein as if fully set forth.

89.     Plaintiff brings Count IX of this Complaint on behalf of herself and a class of persons similarly situated.  The class consists of all persons who were sent any collection letters by Zwicker, P.C. in the four-year period immediately preceding the filing of this Complaint in which the balance alleged to be due included an amount representing attorney's fees but the letter did not disclose that attorney's fees were included in the lump-sum balance or the amount of said fees.  Excluded from the class are persons who are or were employees, officers, or directors of Zwicker P.C.

90. The conduct of Zwicker P.C. was unfair and/or deceptive in violation of G.L. c. 93A, section 2, by including amounts allegedly due for attorney's fees in the total "balance" due without any indication or disclosure of same, thus falsely representing the character, amount, or legal status of the debts.

91.     Said unfair and/or deceptive conduct was willful and/or wanton in nature.

92.     On April 21, 2004, Plaintiff hand-delivered to Zwicker, P.C. by Constable a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts

34

complained of.   A true copy of said demand for relief is appended hereto as Exhibit G.  A true copy of the Constable's delivery receipt is appended hereto as Exhibit H.

93.    Zwicker P.C. did not make a written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9.   Instead, on May 24, 2004, said Defendant forwarded a letter to Plaintiff's counsel setting forth a late, and unreasonable, settlement offer.  A true copy of said letter is appended hereto as Exhibit I.

94.    Zwicker P.C.'s failure to make a reasonable written tender of settlement within 30 days of receipt of Plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

95.  On information and belief, Zwicker P.C. employs standard billing practices with respect to collection activity and has sent the unlawful collection letters to hundreds, if not thousands, of other consumers.   Accordingly, the members of the class are sufficiently numerous such that joinder is impracticable.

96.    There are issues of law and fact common to class members.  Such common issues include the billing practices of Zwicker P.C., specifically the form and content of its collection letters, and whether such practices violate the Massachusetts Consumer Protection Act as set forth above.

97.    Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant.

98.    Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

99.    The Plaintiff's claim is typical of – indeed, is identical to - the claims of class members. Plaintiff has been harmed in the same manner as class members as a result of Defendant's conduct, and seeks similar relief.

100.    Plaintiff will fairly and adequately protect the interests of the class.    Plaintiff is committed to a complete and thorough resolution of this matter, and as an attorney feels a special obligation to obtain redress for those who have been harmed by Defendant's unlawful collection practices.    She has carefully selected counsel experienced in consumer and class action litigation.  Neither Plaintiff nor counsel is aware of any factor which would cause either not to diligently pursue this action.

WHEREFORE, Plaintiff prays for a judgment: (a) enjoining Zwicker P.C. from sending collection letters to debtors where the balance includes amounts allegedly due for attorney's fees without disclosing such fact and the amounts; (b) awarding Plaintiff and class members their actual damages or $25.00 for each violation, whichever is greater; (c) doubling or trebling the amount of said damages awarded, pursuant to G.L. c. 93A, section 9; (d) awarding costs and reasonable counsel fees pursuant to G.L. c. 93A, section 9; (e) awarding such further relief as shall be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims.

MELANIE JOI FEUERSTEIN

By her attorney:

_____
Kenneth D. Quat
BBO #408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
Tel. 978-369-0848

## Certificate of Service

I hereby certify that a copy of the foregoing has been served on defendants' counsel by mailing same via first class mail, postage prepaid, to Richard J. Poliferno, Esq., Long & Houlden, 100 Summer St., Boston MA 02110.

_____
Kenneth D. Quat

Date: 3/9/05

37