UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELANIE JOI FEUERSTEIN,<br>On behalf of herself and<br>others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C.,<br>PAUL W. ZWICKER,<br>ROBERT W. THUOTTE,<br>ARTHUR J. TESSIMOND, JR.,<br>PHILLIP M. THOMPSON,<br>JEFF WOODS,<br>BRIAN COYLE, and<br>DOES 1-5<br><br>            Defendants | Civil Action No.<br>04-11593-JLT |

**OPPOSITION TO "PLAINTIFF'S MOTION FOR CONTEMPT DUE TO FAILURE OF ZWICKER & ASSOCIATES, P.C. TO MAKE REQUIRED DISCLOSURES"**

The defendant, Zwicker & Associates, P.C., opposes the plaintiff's motion entitled: ``Plaintiff's Motion For Contempt Due To Failure Of Zwicker & Associates, P.C. To Make Required Disclosures''. on the grounds that, contrary to the plaintiff's assertions, the defendant has not failed to make required disclosures.   Further reasons for this opposition are set forth below:

1.   Defendant's Local Rule 26.2(A) disclosure was served on December 23, 2004.   **(Exhibit A)**

2.   At the January 5, 2005 Rule 16 scheduling conference, the parties discussed their Rule 26 Joint Statement with the court, and, at the court's suggestion, the parties conferred and reported back to the court that they had agreed to work cooperatively and voluntarily to exchange the information

and documents sought by each party to enable them to discuss with the court the possibility of an out-of-court resolution to the matter. To this end, the parties asked the court to schedule a conference for February 28, 2005, by which time the parties anticipated that an initial set of documents would be exchanged, and the parties would be able to discuss the status of the case with the court based on the initial exchange of documents.

3. As a result of the January 5, 2005 scheduling conference, the court ordered that the parties were to comply with the court's Rule 26 discovery order; the parties were permitted to have the recordkeeper depositions as set forth in the Joint Statement; all formal discovery was otherwise suspended. (**Exhibit B**). As requested by the parties, the court scheduled a status conference for February 28, 2005.

4. In January, Plaintiff informally requested that Defendant voluntarily provide copies of the following documents previously identified in defendant's Rule 26.2(A) disclosure:

    A. Recovery Management Systems Contract Master (with redaction of information subject to a claim of privilege, the protection under the work product rule or on the basis of having been prepared in anticipation of litigation), including information reflected on transaction screen printouts.
    B. List of telephone calls.
    C. Correspondence to/from Zwicker & Associates, PC, Massachusetts Educationsl Financing Authority, Melanie Feuerstein, William Schwank and their counsel regarding these documents
    D. Documents regarding the underlying transactions, including but not limited to Promissory Notes, Disclosure

Statements and Power of Attorney.

  E. Contract between Zwicker & Associates, P.C. and Massachusetts Educational Financing Authority.
**(Exhibit C)**

In addition, even though there has not been any class certification by the court, plaintiff requested the following additional documents which are not limited to the plaintiff in this case:

  F. ``collection/demand letters sent to debtors on MEFA accounts within 4 years prior to the filing of the lawsuit'';

  G. ``records which reflect the amount of attorney's fees recovered on said accounts''.

**(Exhibit C)**

5. In February, 2005, the defendant was able to, and did, make a voluntary production, as follows:
  A. Defendant provided copies.
  B. Defendant provided copies.
  C. Defendant provided copies.
  D. Defendant provided copies.
  E. Defendant provided copies.
  F. Defendant does not have the individual letters requested, but, as the letters are ``form'' letters, the defendant provided copies of the forms.

**(Exhibit D)**

  G. Defendant does not have a document which separately lists recovered attorney's fees. The contract between the Massachusetts Educational Financing Authority

(MEFA) and the defendant, Zwicker & Associates, P.C., allows for a ``collection fee'', (**Exhibit E**) and the promissory note, signed by the plaintiff, Feuerstein, contains Feuerstein's agreement to pay costs and expenses, including attorney's fees. (**Exhibit F**) Defendant does have, and is willing to retrieve, from data stored in its computer, a figure representing the sum of attorney's fees (if any) plus other fees (if any), as displayed on a computer screen, but, as stated, this figure is not further broken down, and as such, does not match the plaintiff's request.

WHEREFORE, as the defendant has not failed to make disclosures, plaintiff's motion for contempt is baseless and ought to be denied.

Respectfully Submitted,

Richard J. Poliferno
Long & Houlden
100 Summer Street, 11th Fl.
Boston, MA. 02110
617 439 4777