# Exhibit F

Case 1:04-cv-11593-WGY    Document 31-7    Filed 03/15/2005    Page 1 of 2

commencement of repayment. I will repay this Note by making consecutive monthly payments to you in the amount of each payment will be equal to the amount that would be sufficient to repay, in full by the Maturity Date (defined above). The amount of my monthly payments, the unpaid principal balance (including the deferred interest of this Note) as of the Repayment Commencement Date plus interest thereon at the stated interest rate. My installments will be due on the first day of every month starting on the Repayment Commencement Date. In any event, I will pay this Note in full on or before the Maturity Date. Unless otherwise instructed by you, I will make each installment payable to the order of the Authority and will send it to P.O. Box 9095, Boston, MA 02205 in time to be received on or before its due date. I understand that I, and not you, will be responsible for errors or delays of the postal system. You will apply each payment in the following order of priority: fees for checks uncollectible because of insufficient funds or otherwise, interest due or unpaid for the assessment period, principal (including deferred interest added to principal pursuant to Section 2 above) due but unpaid, life and/or disability insurance premiums due but unpaid, if applicable, and principal not yet due. Within each priority, payments received will be applied to amounts in the order in which they first became due or payable.

(b) Change in status. If the Institution determines that I am no longer (for reasons other than graduation) at least a half-time student in the program at the Institution at which I am currently enrolled, then you, in your discretion, may require that I begin repayment of this Note six months after the date of such change in status. In such event, I will submit this Note to you and will sign a rewritten Note which will evidence my new repayment schedule. Such rewritten Note will bear the same rate of interest as this Note.

5. **Important-Read this Information Carefully**
When you receive my signed Note, you are not agreeing to lend me money. If you decide to make a loan to me, you will mail a loan check or electronically transfer the loan funds to the Institution. I understand that you have the right not to make a loan to me.

6. **Estimated Credit Terms-Right to Prepay in Full or in Part.** I have agreed to repay this loan according to the schedule set forth above. Interest will be assessed on the basis of the average daily outstanding principal balance during the applicable assessment period. Interest will be computed on the basis of a 365 or 366 day year for actual days elapsed. I may prepay the unpaid principal balance in full as of the first of any month without penalty. If I do so the entire unearned FINANCE CHARGE (other than the PREPAID FINANCE CHARGE, which has been charged to defray the costs of origination, servicing and administration of the loan evidenced by this Note) will be canceled. I will not receive any refund of the PREPAID FINANCE CHARGE or the earned portion of the FINANCE CHARGE; provided, however, that no FINANCE CHARGE will thus be imposed which is in excess of applicable law. I also may prepay part of the loan at any time without penalty. If I prepay part of the loan I will still be required to make monthly payments in the amounts set forth above, but the number of such monthly payments will be reduced, thereby shortening the repayment period of the loan. If I make any such partial prepayment, I will not receive any refund of the PREPAID FINANCE CHARGE; provided, however, that no FINANCE CHARGE will thus be imposed which is in excess of applicable law. A full or partial prepayment will decrease the total amount of the FINANCE CHARGE you have estimated, since interest is being calculated on the basis of the average daily outstanding principal balance. I understand that if I make a scheduled payment after it is due or if I make a scheduled payment prior to its due date, the total amount of the FINANCE CHARGE will increase or decrease accordingly since interest is being calculated on the basis of the average daily outstanding principal balance. I also understand that failure to pay any monthly installment or other payment when it is due will be a default on my part as stated below. I also understand that the "Total of Payments" disclosed is estimated since the FINANCE CHARGE is calculated on the basis of the average daily outstanding principal balance, which balance will be affected by my repayment habits, and on the basis of an assumed Disbursement Date.

7. **Default and Whole Loan Due.** I will be in default and the whole unpaid principal balance, plus accrued but unpaid interest, if any, then outstanding may become due and payable at once at your option and without notice or demand, if (a) payment of any amount required to be paid by me has not been received by you when due; or (b) I break any of my other promises under this Note, including any set forth under "Terms and Conditions" below; or (c) I fail to submit this Note to be rewritten by the Institution or I fail to sign such rewritten Note as required under subsection 3(b); or (d) any bankruptcy proceeding is begun by or against me or I assign any of my assets for the benefit of my creditors; or (e) I have made any false written statement, or omitted to state a fact necessary to make the written statements which I have made not misleading in applying for the loan evidenced by this Note; or (f) I withdraw from school within seven months of the Disbursement Date; or (g) I die.

### TERMS AND CONDITIONS

The following terms and conditions shall be applicable to the loan evidenced hereby:

1. Neither the Institution nor any holder of the Note is required to grant any request for a suspension or other modification of the obligation of the Borrower and each Co-Signer to make payments. If any such request if granted, it shall be granted only upon such conditions as may be determined by such Institution or other holder, if any, in its or their discretion as the case may be.
2. The Borrower and each Co-Signer understand that the loan evidenced hereby may eliminate or reduce their ability to obtain other financial assistance for educational or other purposes.
3. To the extent permitted by applicable law, any life and disability insurance premiums (except unused premiums or portions thereof) and the **PREPAID FINANCE CHARGE** are non-refundable.
4. If the holder of this Note hires a collection agency or attorney to collect any amount owing under this Note, the Borrower or any Co-Signer shall pay all of the holder's costs and expenses, including reasonable attorney's fees, subject to any law limiting the obligation of the Borrower or such Co-Signer to pay such amounts.
5. The Borrower and each Co-Signer agree to notify the Institution and the holder of this Note in writing of any change of name or address. Failure by any of them to do so, or to respond in writing within a reasonable time to written inquiries by the Institution or the holder of this Note or a representative or agent of either of them relating to payment of this Note or observance or performance of any other term or condition of this Note, shall constitute a default under this Note.
6. The proceeds of the loan evidenced by this Note shall not be applied, directly or indirectly, for any purpose other than financing or refinancing the Student Borrower's cost of attendance at the Institution.
7. The acceptance of any delinquent installment(s) shall not operate to extend the time of payment of any amount(s) then remaining unpaid or constitute a waiver of any rights or remedies. No extension of time for the payment of any amount owing under this Note at any time shall alter the liability of the Borrower or any Co-Signer.
8. Presentment, demand, dishonor, protest and all other demands and notices in connection with the delivery, acceptance, performance or collection of this Note are hereby waived. This Note is a sealed instrument. This Note may be negotiated or assigned by the holder without the consent of the Borrower or any Co-Signer, but the obligations of the Borrower and any Co-Signer may not be assigned by the Borrower or any Co-Signer.
9. If any provision hereof is determined to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other provisions of this Note or of this Note as a whole.
10. You are located in Massachusetts. This Note will be entered into in Massachusetts. Your decision on whether to lend me money will be made in Massachusetts. The proceeds of my loan will be entirely or substantially expended at an educational institution in Massachusetts. Consequently, the provisions of this Note will be governed by the law of The Commonwealth of Massachusetts, without regard to conflict of law rules. I agree that any suit I bring against you (or against any subsequent holder of this Note) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which such subsequent holder maintains its) principal place of business.
11. If tuition and other institutional charges financed or refinanced by this loan are refunded in accordance with the policies of the Institution, I agree that such refund will be applied to reduce the outstanding principal balance of the loan evidenced by this Note. The **PREPAID FINANCE CHARGE**, however, is not refundable.
12. I acknowledge that the Authority's loan program is funded in part by a governmental unit and that this Note is, therefore, subject to the limits on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code.