UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELANIE JOI FEUERSTEIN, | ) | |
| On behalf of herself and others similarly situated, | ) ) | |
|            Plaintiffs | ) ) | |
| v. | ) ) | C.A. Number 04-11593-JLT |
| ZWICKER & ASSOCIATES, P.C., PAUL W. ZWICKER, JEFF WOODS, BRIAN COYLE, ARTHUR J. TESSIMOND, JR., PHILLIP M. THOMPSON, ROBERT W. THUOTTE, and DOES 1 – 5 | ) ) ) ) ) ) ) ) | |

## MOTION TO RESCHEDULE STATUS CONFERENCE AND TO ALLOW COMMENCEMENT OF FORMAL DISCOVERY

Plaintiff hereby moves that the Court reschedule the status conference originally scheduled for February 28, 2005, but canceled at the Court's initiative. In addition, plaintiff moves that the parties be permitted to commence formal discovery, which was suspended by the Court at the initial status conference on January 5, 2005.

### Argument and Certification Pursuant to Local Rule 7.1(A)(2)

1. On January 5, 2005, the Court held a status conference, during which it inquired if the parties were interested in exploring settlement. When both sides answered in the affirmative, the Court suspended formal discovery (except for certain Keeper

depositions) and scheduled another status conference for February 28, 2005. This second conference was canceled at the Court's initiative.

2. On January 6, 2005, plaintiff's counsel faxed and sent a letter to defendants' counsel suggesting that all documents be exchanged and all Keeper depositions be at least scheduled by February 1 so as to allow sufficient time for review and follow-up prior to the next conference on February 28 (defendants' counsel was aware that plaintiff's counsel would be out of town during the week preceding the conference, because this was stated in open Court during the January 5 conference). In said letter, plaintiff's counsel also set forth a description of certain documents he wished to obtain as soon as possible, most of which had already been identified by defendants in their Rule 26(a) disclosures but not yet produced. On January 19, not having had any response, plaintiff's counsel again faxed and sent a letter to defendants' counsel indicating that a motion to compel might be required if the documents were not produced forthwith. On January 24, defendants' counsel responded to said letter by stating only that the documents would be produced, or that an opportunity to inspect them would be provided, "in advance of the February 28, 2005 court status conference." Both counsel then had a phone conference on January 28, 2005. During that conference, plaintiff's counsel again stressed the importance of exchanging all documents and scheduling Keeper depositions as soon as possible. Defendants' counsel assured plaintiff's counsel that this would all be accomplished in sufficient time to be able to have meaningful settlement discussions prior to February 28. Contrary to these assurances, however, no documents at all were received from defendants'

counsel until February 16, two days before plaintiff's counsel was due to leave on vacation. Moreover, the production was incomplete (thus precipitating a motion for contempt, currently before the Court), and no Keeper depositions had yet been scheduled. Finally, at approximately 3:30 p.m. on February 16, defendants' counsel faxed a letter to plaintiff's counsel identifying for the first time the Keeper depositions he wished to take. Moreover, this list – which included proposed deponents such as plaintiff's "utility companies," "banking and investment companies," and "credit card companies" - was obviously not designed to gather information which might be helpful to settlement negotiations, but instead simply to further harass the plaintiff. Even though he was at that point on his way out of town, plaintiff's counsel wrote back to defendants' counsel pointing out the absurdity (and inherent bad faith) of conducting such depositions. In fact, none of the challenged depositions have been noticed to date. Moreover, the only conceivably relevant depositions were not noticed by defendants until February 23, five days prior to the scheduled status conference, and not scheduled to occur until March 4, well after the status conference.

3. The above conduct by defendants' counsel indicated clearly that defendants were not sincerely interested in exploring settlement. Consistent with this conclusion, at no time prior to February 28 did defendants respond, formally or informally, to plaintiff's settlement proposal dated December 22, 2004, or indeed give any indication that they were interested in discussing same. Therefore, on March 1, plaintiff's counsel faxed and mailed a letter to defendant's counsel suggesting that the parties commence formal discovery. When plaintiff's counsel did not hear

back from defendants' counsel, on March 3 he again faxed and mailed a letter to defendant's counsel suggesting specific dates for the depositions of certain individual defendants. Defendants' counsel again had no response, so on March 9 plaintiff's counsel served 3 notices of deposition. Then, on March 17, plaintiff's counsel received a letter from defendants' counsel (dated March 16) indicating that in his view the depositions noticed by plaintiff would be in violation of the order entered by the Court following the initial status conference. Plaintiff's counsel immediately faxed a letter back to defendants' counsel with a draft joint motion to reschedule the status conference and/or allow the commencement of formal discovery, and asking for a response by 3:30 p.m. on March 18. At approximately 2:00 p.m. on March 18, a "law clerk" to defendants' counsel faxed a letter to plaintiff's counsel stating that defendants' counsel was "out of the office until next week." A phone call was then placed by plaintiff's counsel's assistant to the "law clerk" to inquire when "next week" defendants' counsel would return, but was told that the clerk had "left the office." A voicemail message was left, but as of 5:30 p.m. on March 18 the phone call from plaintiff's counsel's assistant has not been returned.

4. The above events demonstrate that, contrary to their statements made through counsel to the Court on January 5, 2005, defendants have never been sincerely interested in exploring settlement of this case. They further demonstrate that defendants' basic strategy is to not respond to reasonable inquiries and requests from plaintiff's counsel and to not cooperate with any reasonable efforts to move this litigation forward, thus preventing plaintiff from engaging in discovery and

frustrating the development of plaintiff's case. Indeed, on March 9, 2005, plaintiff was forced to file a second motion for contempt due to defendants' failure to produce obviously relevant documents. Nearly one-half of the 6-month period allotted for fact (non-expert) discovery has elapsed and no formal discovery has taken place.

## Conclusion

For the above reasons, plaintiff requests that the second status conference be re-scheduled, to occur as soon as possible, and that the parties immediately be permitted to engage in formal discovery.

Respectfully submitted,
The Plaintiff, by:

/s/ Kenneth D. Quat
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848