**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MELANIE JOI FEUERSTEIN,<br>On behalf of herself and<br>others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C.,<br>PAUL W. ZWICKER,<br>ROBERT W. THUOTTE,<br>ARTHUR J. TESSIMOND, JR.,<br>PHILLIP M. THOMPSON,<br>JEFF WOODS,<br>BRIAN COYLE, and<br>DOES 1-5<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-11593-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF, MELANIE
FEUERSTEIN'S COMPLAINT, OR, IN THE ALTERNATIVE, TO HOLD
PLAINTIFF IN CONTEMPT AND PRECLUDE THE PLAINTIFF FROM
ENGAGING IN ANY FURTHER DISCOVERY UNTIL ALL DISCLOSURES AND
MATERIALS ARE PROVIDED TO THE DEFENDANTS, FOR FAILURE OF THE
PLAINTIFF
TO PROVIDE DISCOVERY**

The defendants hereby move for a court order dismissing
plaintiff, Melanie Feuerstein's complaint in its entirety for
failing to disclose and/or provide information and/or
materials in violation of her obligation to make disclosures
pursuant to Local Rule 26.2(A), Federal Rule of Civil
Procedure 26(a)(1) and this court's order of January 5, 2005.

The reasons in support of this motion are as follows:

1.    Defendant's Local Rule 26.2 (A) disclosure was served on
December 23, 2004. (**Exhibit A**).

2.    Plaintiff's Local Rule 26.2 (A) disclosure was served on
December 27, 2004.  (**Exhibit B**).

3.    Plaintiff's December 27, 2004 Local Rule 26.2 (A)
disclosure was supposed to comply with Fed. R. Civ. P. 26

(a)(1)(C), which required the plaintiff to make available for inspection and copying, "the documents or other evidentiary material", on which plaintiff's "computation of any category of damages claimed" is based, "including materials bearing on the nature and extent of injuries suffered".

4.   Plaintiff's damages claims, as set forth in the allegations of the complaint, include "severe emotional distress" and "mental anguish" (See, Complaint, page 18, ¶33) and "severe emotional distress… including headaches, weeping, depression, anxiety, inability to concentrate, and other harm" (See, Complaint, page 23, ¶ 49).

5.   Plaintiff's complaint also references that "On July 14, 2003, Plaintiff began bleeding; she suffered a miscarriage and had related surgery", and that an employee of the defendant, Zwicker & Associates, P.C. was informed "of Plaintiff's miscarriage and surgical recuperation" and this was referred to as "the results of their harassment". See, Complaint, page 14, ¶ 29-w.

6.   In that portion of plaintiff's December 27, 2004 Local Rule 26.2(A) disclosure, where she is supposed to comply with Fed. R. Civ. P. 26(a)(1)(C), it states, in the first sentence: "Damages Claimed: Plaintiff has sustained severe emotional distress and mental anguish as a result of defendants' unlawful conduct…".   Nowhere in the plaintiff's Local Rule 26.2 (A) disclosure does the plaintiff identify, nor has plaintiff ever identified or provided, any documents, evidentiary material, or "materials bearing on the nature and extent of injuries suffered".

7. Plaintiff's complaint also contains allegations to the effect that the defendants purposefully sent letters to her at an address which defendants knew she no longer resided, and commenced a lawsuit against the plaintiff in a state court in the wrong county, despite knowing that the plaintiff's address was in a county other than the county in which the lawsuit was initiated. (See, Complaint, page 11, ¶ 29-l; page 15, ¶29-y & ¶ 29-z; page 22, ¶ 44).

8.   At the January 5, 2005 Rule 16 scheduling conference, the parties discussed their Rule 26 Joint Statement with the court, and the court inquired of the attorneys for the parties as to specific documents they sought to obtain.   The defendants advised the court that, at that time, they sought the following specific records identified on the Rule 26 Joint Statement, to be obtained via recordkeeper depositions, the relevancy of which was based on the allegations of the complaint:

a.    records from plaintiff's employers.
b.    records from plaintiff's medical and mental health providers.
c.    records from various residential service companies.
d.    records from plaintiff's banking and investment companies.
e.    records providing forms of credit to plaintiff, or companies acting on behalf of such creditors.
f.    records from the United States Postal Service.
g.    records from plaintiff's law school (Boston University).
h.    records from plaintiff's creditor (Massachusetts Educational Financing Authority).

(**Exhibit C**)

The court specifically approved defendants' intention to obtain these records, and the court specifically incorporated that into the court's order of January 6, 2005, which stated, in pertinent part:  "The parties may depose the record keepers indicated in their Joint Statement."  (**Exhibit D**).  The court also ordered that "all additional formal discovery is suspended".  (**Exhibit D**).

9.    Also at the Rule 16 scheduling conference, at the court's suggestion, the parties conferred and reported back to the court that they had agreed to work cooperatively and voluntarily to exchange the information and documents sought by each party to enable them to discuss with the court the possibility of an out-of-court resolution to the lawsuit.  To this end, the parties asked the court to schedule a conference for February 28, 2005, by which time the parties anticipated that an initial set of documents would be exchanged, and the parties would be able to discuss the status of the case with the court based on the initial exchange of information.

10.   In January, 2005, the plaintiff informally requested that the defendant provide copies of certain documents, and the defendant provided copies of the documents it had in February, 2005.  (**Exhibits E & F**).

11.   By mid-February, 2005, despite the defendants' compliance with the agreement to informally provide information and documents, the plaintiff did not disclose to the defendants the names, addresses, or any other information for any of the following recordkeepers specifically identified by the defendants in the Joint Statement presented to the court and discussed with the court which, by agreement, as well as by the court order, the defendant was entitled to have so that the recordkeeper deposition subpoenas could be served:

a.   Ms. Feuerstein's present and former employers.
b.   Ms. Feuerstein's medical and mental health
     providers.
c.   Utility companies, telephone companies and other
     companies providing services to Ms. Feuerstein at a
     residential address.
d.   Ms. Feuerstein's banking and investment companies.
e.   Ms. Feuerstein's credit card companies and
     companies providing other forms of credit and
     companies acting on behalf of such creditors.

Consequently, as a reminder, counsel for the defendant sent a
letter dated February 16, 2005 to plaintiff's counsel,
requesting that the names, addresses and information needed to
enable the defendants to serve the recordkeeper subpoenas be
provided without further delay, so that the recordkeeper
deposition subpoenas could be served.  (**Exhibit G**).

12.   By a letter reply dated February 18, 2005 to defense
counsel's February 16, 2005 letter, plaintiff's counsel has
taken the position that, despite the parties' agreement, upon
which the defendants have already relied in providing numerous
documents and information to the plaintiff, and despite this
court's January 6, 2005 order that the defendants may depose
the recordkeepers as set forth in the Rule 26 Joint Statement,
the plaintiff has unilaterally decided that any documents
sought by way of the recordkeeper depositions are irrelevant,
and so the plaintiff need not provide the names and addresses
which would enable the defendants to serve the subpoenas.
(**Exhibit H**).

13.   The result of this unfair conduct on the part of the
plaintiff, which may perhaps be characterized as some variant
of "tactical trickery", has been to place the defendants at an
unfair disadvantage, having provided a significant amount of
information and documentation to the plaintiff, and getting
almost nothing in return.

14.   In order to distract the court's attention away from this
unfair conduct on the plaintiff's part, the plaintiff has
chosen to file two "motions for contempt", accusing one of the
defendants of failing to disclose documents, in an effort to
make it appear as if the defendant, and not the plaintiff, has
failed to abide by the parties' agreement and the court's
order.   These "motions for contempt", and defendants'
opposition thereto, are currently pending with the court.

15.   Further, having now gained the unfair advantage by having
been able to obtain "one-way" document discovery through her
non-compliance with the parties' agreement and her obstruction

of the court's order regarding the recordkeeper depositions sought by the defendant, the plaintiff has unilaterally decided to ignore that portion of the court's January 6, 2005 order which suspends all additional formal discovery, and has proceeded to serve formal deposition notices.  (**Exhibit I**).

**WHEREFORE**, as the plaintiff has failed to make the discovery disclosure of information and/or materials, and for the further reasons as set forth above, the defendants move that the court order that:

    a.   Plaintiff's complaint is dismissed.

In the alternative, the defendants move for a court order that:

    b.   Plaintiff is to be held in contempt, and plaintiff may not seek relief from the current court order in effect, (dated January 6, 2005) suspending all formal discovery, and may not attempt to engage in any further discovery unless and until plaintiff provides the defendants with full disclosure of all information and documents pertaining to, concerning, relating to, and/or supportive of, plaintiff's claims as set forth in the allegations of her complaint and the defendants have received all such materials, including the various materials sought by recordkeeper deposition, at which time the parties may move for relief on the court's current stay on additional formal discovery; and/or

    c.   Such alternative relief as will remove the unfair advantage the plaintiff has obtained through the conduct engaged in to date, as set forth above; and/or

    d.   Sanctions to be determined by the court, which may include reasonable counsel fees; elimination of, and/or limitations on, plaintiff's liability claims; elimination of, and/or limitations on, plaintiff's damages claims; others as may be determined by the court.

Respectfully submitted,

_____
Richard J. Poliferno
Attorney for the Defendants
Long & Houlden
100 Summer Street, 11 FL
Boston, MA 02110
(617)439-4777
BBO# 402120

Pursuant to Local Rule 7.1 (A) (2), counsel certifies that this motion is filed after only an attempt to resolve or narrow the issue has failed.

I hereby certify that a true copy of the above document was served upon each attorney of record by mail on March 21, 2005.

_____