UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
MELANIE JOI FEUERSTEIN,           )
On behalf of herself and          )
others similarly situated,        )
                                  )
        Plaintiff,                )
                                  )
v.                                ) Civil Action No. 04-11593-JLT
                                  )
ZWICKER & ASSOCIATES, P.C.,       )
PAUL W. ZWICKER,                  )
ROBERT W. THUOTTE,                )
ARTHUR J. TESSIMOND, JR.,         )
PHILLIP M. THOMPSON,              )
JEFF WOODS,                       )
BRIAN COYLE, and                  )
DOES 1-5                          )
                                  )
        Defendants                )
```

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
SECOND MOTION FOR CONTEMPT**

The defendant, Zwicker & Associates, P.C., opposes the plaintiff's motion entitled: "Plaintiff's Second Motion for Contempt Due To Failure of Zwicker & Associates, P.C. To Make Required Disclosures" on the grounds that, contrary to the plaintiff's assertions, the defendant has not failed to make required disclosures. Further reasons for this opposition are set forth below:

1. Defendant's Local Rule 26.2(A) disclosure was served on December 23, 2004. (**Exhibit A**).

2. At the January 5, 2005 Rule 16 scheduling conference, the parties discussed their Rule 26 Joint Statement with the court, and, at the court's suggestion, the parties conferred and reported back to the court that they had agreed to work cooperatively and voluntarily to exchange the information and documents sought by each party to enable them to discuss with the court the

possibility of an out-of-court resolution to the matter. To this end, the parties asked the court to schedule a conference for February 28, 2005, by which time the parties anticipated that an initial set of documents would be exchanged, and the parties would be able to discuss the status of the case with the court based on the initial exchange of documents.

3. As a result of the January 5, 2005 scheduling conference, the court ordered that the parties were to comply with the court's Rule 26 discovery order; the parties were permitted to have the recordkeeper depositions as set forth in the Joint Statement; all formal discovery was otherwise suspended. (**Exhibit B**). As requested by the parties, the court scheduled a status conference for February 28, 2005.

4. In January, 2005, the plaintiff informally requested that the defendant provide copies of certain documents, and the defendant provided copies of the documents it had in February, 2005. (**Exhibits C & D**).

5. Plaintiff has now made a new informal request, seeking "net worth" documentation. This request is presumably based on the language appearing in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692k(a)(2)(B), which pertains to damage amounts a court may potentially award, assuming that civil liability has been proven, and assuming that the court has already certified a class, in the case of a class action. In the instant case, there has been no class certification. The defendants' annual audited Financial Statements for year ending December 31, 2004 are in the process of being completed by an outside accounting firm and have not yet been issued. In the meantime, Zwicker & Associates, P.C. has provided, in writing, an approximation for 1% of its net worth, and has offered, in writing, to provide Feuerstein with an affidavit signed by Paul Zwicker, the principal of the firm and a member in good standing of the Bar of the Commonwealth, setting forth the net worth of Zwicker & Associates, P.C. as of December 31, 2004, subject to the execution of an appropriate confidentiality agreement to be entered as an order by the Court. A copy of the proposed confidentiality agreement which already has

     been forwarded to Feuerstein's counsel is attached hereto as **Exhibit E**.

WHEREFORE, as the defendant has not failed to make disclosures, the plaintiff's motion for contempt is baseless and ought to be denied.

                                          Respectfully submitted,

                                          Richard J. Poliferno
                                          Attorney for the Defendants
                                          Long & Houlden
                                          100 Summer Street, 11 FL
                                          Boston, MA 02110
                                          (617)439-4777
                                          BBO# 402120

I hereby certify that a true copy of the above document was served upon each attorney of record by mail on March 21, 2005.