## CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1. **Non-Disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER IN FEUERSTEIN v. ZWICKER & ASSOCIATES, P.C.," to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7). The parties shall in good faith designate as "confidential" only those documents that contain "a trade secret or other confidential research, development, or commercial information," pursuant to Fed. R. Civ. P. 26(c)(7). For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to

the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. To the extent feasible, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the attorneys, secretaries, legal assistants, and employees of such counsel in the course and scope of such persons' employment by such counsel. Each such person shall sign a form acknowledging consent to be bound by this Order and to submit to the personal jurisdiction of this Court. Provided that each such person shall sign for receipt of a copy of this order; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; to the parties to this action; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

   (a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

   (b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing,

filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made under sub-sections (a) or (b) has signed a form containing:

   (1)   a recital that the signatory has read and understands this order;

   (2)   a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

   (3)   a statement that the signatory consents to the exercise of personal jurisdiction by this court.

Counsel making said disclosures shall retain in their files signed forms from each individual to whom disclosure of confidential documents is made.

(c) Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is believed to be a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents

to be disclosed, and stating the purposes of such disclosure. Examples of presumptive competitors of Zwicker & Associates, P.C. may include, but are not limited to, any law firm or agency which seeks to collect debts, their executives or former executives, and persons known by Plaintiffs' attorneys to be consultants for such law firms and agencies. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not permitted.

3. **Declassification.** A party or a person with legal standing may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. **Confidential Information in Depositions.**

    (a) A deponent may during the deposition be shown and examined about a stamped confidential document. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall

be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b)  Parties (and deponents) may, within ten (10) business days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential-Subject to Protection Pursuant to Court Order." Until expiration of the 10 business-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition transcript, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5.  **Confidential Information at Hearings or Trial.** Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. The parties agree that sufficient notice may be provided through an exhibit list submitted prior to trial. In the case of any hearing prior to trial, any party may seek to use such documents, provided that the documents are submitted under seal. A party seeking to unseal such documents may move to do so and the party claiming confidentiality shall have ten working days to respond to such a

motion or until the court schedules a hearing, whichever is longer. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial or hearing. The parties agree that, to the extent that the Court determines that any evidence at trial be accorded confidential treatment, the jury shall be instructed on appropriate treatment of any confidential information.

6. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing.** All stamped confidential documents shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

8. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents. The parties agree to be bound by the terms of this order and shall abide by the confidentiality provisions thereof.

9. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document. The parties agree that they will use their

best efforts not to unreasonably designate documents with the legend "copying prohibited."

10. **Use.** Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings. However, nothing in this paragraph is intended to restrict any attorney from the practice of law or, (subject to Paragraph 6), compliance with valid legal process.

11. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within one hundred twenty (120) days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than one hundred fifty (150) days after final termination of this litigation.

12. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

13. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped confidential documents.

14. **No Waiver.**

    (a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

    (b) To the extent consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and applicable federal and state case law, the inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

15. Nothing contained in this Confidential Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

                                    Respectfully submitted,

                                    COUNSEL FOR THE PLAINTIFF:

                                    COUNSEL FOR THE DEFENDANT:

Dated:_____           _____

                                    UNITED STATES DISTRICT JUDGE