UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELANIE JOI FEUERSTEIN, | ) | |
| On behalf of herself and others similarly situated, | ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | C.A. Number 04-11593-JLT |
| ZWICKER & ASSOCIATES, P.C., PAUL W. ZWICKER, JEFF WOODS, BRIAN COYLE, ARTHUR J. TESSIMOND, JR., PHILLIP M. THOMPSON, ROBERT W. THUOTTE, and DOES 1 – 5 | ) ) ) ) ) ) ) ) | |

**PLAINTIFF'S REPLY TO OPPOSITION TO SECOND MOTION FOR CONTEMPT**

Plaintiff hereby replies to defendant Zwicker & Associates, P.C.'s Opposition to her second motion for contempt, and states as follows:

1. At the January 5, 2005 status conference, defendant's counsel misrepresented its interest in attempting to resolve this litigation without resort to formal discovery, as shown by the following facts. The day following the conference, plaintiff's counsel faxed and sent a letter to defendants' counsel (Exhibit C to Defendant's Opposition) suggesting that all documents be exchanged and all Keeper depositions be at least scheduled by February 1 so as to allow sufficient time for review and follow-up prior to the next conference on February 28 (defendants' counsel was aware that plaintiff's counsel would be out of town during the week

preceding the conference, because this was stated in open Court during the January 5 conference). In said letter, plaintiff's counsel also set forth a description of certain documents he wished to obtain as soon as possible, most of which had already been identified by defendants in their Rule 26(a) disclosures but not yet produced. On January 19, not having had any response, plaintiff's counsel again faxed and sent a letter to defendants' counsel indicating that a motion to compel might be required if the documents were not produced forthwith. On January 24, defendants' counsel responded to said letter by stating only that the documents would be produced, or that an opportunity to inspect them would be provided, "in advance of the February 28, 2005 court status conference." Both counsel then had a phone conference on January 28, 2005. During that conference, plaintiff's counsel again stressed the importance of exchanging all documents and scheduling Keeper depositions as soon as possible. Defendants' counsel assured plaintiff's counsel that this would all be accomplished in sufficient time to be able to have meaningful settlement discussions prior to February 28. Contrary to these assurances, however, no documents at all were received from defendants' counsel until February 16, two days before plaintiff's counsel was due to leave on vacation. Moreover, the production was incomplete (thus precipitating plaintiff's first motion for contempt, currently before the Court), and no Keeper depositions had yet been scheduled. Finally, at approximately 3:30 p.m. on February 16, defendants' counsel faxed a letter to plaintiff's counsel identifying for the first time the Keeper depositions he wished to take. Moreover, this list – which included

proposed deponents such as plaintiff's "utility companies," "banking and investment companies," and "credit card companies" - was obviously not designed to gather information which might be helpful to settlement negotiations, but instead simply to further harass the plaintiff. Even though he was at that point on his way out of town, plaintiff's counsel wrote back to defendants' counsel pointing out the absurdity (and inherent bad faith) of conducting such depositions. In fact, none of the challenged depositions have been noticed to date. Moreover, the only conceivably relevant depositions were not noticed by defendants until February 23, five days prior to the scheduled status conference, and not scheduled to occur until March 4, well after the status conference. The above conduct by defendants' counsel indicated clearly that defendants were not sincerely interested in exploring settlement, and that their primary strategy was to delay and obstruct meaningful discovery.

2. Consistent with this conclusion, at no time prior to February 28 did defendants respond, formally or informally, to plaintiff's settlement proposal dated December 22, 2004, or indeed give any indication that they were interested in discussing same. Therefore, on March 1, plaintiff's counsel faxed and mailed a letter to defendant's counsel reminding him that plaintiff was entitled to, and defendant should already have produced, information relative to defendant's net worth as set forth in 15 U.S.C. 1692k(a)(2)(B). Exhibit A. When plaintiff received no response by March 9, the motion for contempt was filed. Subsequently, in a letter dated March 14, 2005, defendant Thuotte wrote *directly* to plaintiff's counsel offering to provide only a "net worth affidavit." Exhibit B. Plaintiff's

counsel responded immediately to defendant's counsel, stating that an affidavit alone was insufficient and asking that defendant Thuotte not contact counsel directly.  Exhibit C.  On March 18, without any reference to (or respect for) counsel's request, defendant Thuotte again contacted plaintiff's counsel *directly* by faxing him a letter setting forth a net worth estimate.  Exhibit D.  At no time during these events over the course of nearly 3 weeks did defendant or defendant's counsel indicate that any actual financial documents bearing on the net worth issue would be provided to plaintiff.  Instead, defendant – through its own evasive tactics – forced plaintiff to move for contempt.  Only now does defendant state for the first time in its Opposition that the net worth affidavit was being offered "in the meantime" because "[t]he defendants' annual audited Financial Statements for year ending December 31, 2004 are in the process of being completed by an outside accounting firm and have not yet been issued." Opposition, ¶5.  Had defendant agreed voluntarily to produce meaningful documents – even if they were not yet available – the motion could likely have been avoided.

 A party should not be permitted, without cost, to evade and delay its disclosure obligations until a motion for contempt is filed.  Accordingly, plaintiff requests that defendant  Zwicker & Associates, P.C.  be found in contempt and that she be awarded appropriate relief as requested in her motion.

/s/ Kenneth D. Quat
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848