

**ZWICKER & ASSOCIATES, P.C.**

ATTORNEYS AT LAW
800 FEDERAL STREET
ANDOVER, MASSACHUSETTS 01810-1041
Tel. (800) 370-2251 / (978) 686-2255
Fax (978) 686-3538

Paul W. Zwicker
MA Bar

Robert W. Thuotte
MA Bar

Amy Edith Britt
CA Bar

Andrew J. Dick
NY & FL Bars

Phillip M. Thompson
MA Bar

Barbara A. Carnevale
MA Bar

Mireille H. Vartanian
MA Bar

Kevin A. Gordon
CA Bar

Ron Z. Opher*
NJ & PA Bars

Dwight Baylor
AZ Bar

Mitchell A. Meyers*
FL & NC Bars

Randall Pratt*
ME & NH Bars

Francesco Fabiano*
NY Bar

Robert G. Markoff*
IL Bar

Temple B. Ingram, Jr.
TX & NM Bars

Gerald F. Dumas
OK Bar

Irvin Borenstein
CO & NY Bars

Sanford J. Pollack
NE & MO Bars

Michael R. Stillman*
MI Bar

Jeffrey M. Wilson*
ID Bar

Louis A. Vlasaty*
MO & IL Bars

* Of Counsel

March 14, 2005

**BY FACSIMILE: 978-371-2296**

Kenneth D. Quat, Esq.
9 Damonmill Square
Suite 4A-4
Concord, MA 01742

Re: Melanie Joi Feuerstein, Esq., v. Zwicker & Associates, P.C., et al., USDC, D. Mass, C.A. No. 04-11593-LT

Dear Mr. Quat:

On March 10, 2005, this office received a copy of your March 1, 2005 letter stating, *inter alia*, your intention-- if we do not timely provide information regarding this firm's net worth--to file a second motion for contempt or ask the Court to rule that any class to be certified under the FDCPA may recover up to $500,000 in statutory damages.

We did not receive a copy of your March 1 letter before March 10 through an apparent oversight by our counsel. I also note that we did not receive your March 1 letter until after we had received your second motion for contempt. I expect that our counsel, who I believe has been out of the office on other cases, will confirm the accuracy of the above statements shortly if you believe that confirmation is necessary.

It is our position that you are not entitled to net worth information at this stage of the litigation. At the same time, we do not object to providing you with a net worth affidavit upon the parties' execution of an appropriate confidentiality agreement which is entered as an Order of the Court.

If the above proposal is acceptable to you, we will be happy to work expeditiously and cooperatively with you to finalize a mutually acceptable confidentiality agreement which we assume can be entered as an Order immediately thereafter. To demonstrate our intention, I am attaching a draft confidentiality agreement for your review. Further, if you are willing to provide us with a letter stating that you will keep confidential the contents of our net worth affidavit pending the Court's entry of a Confidentiality Order, we will provide you with our net worth affidavit within 24 hours of our receipt of your letter.

Based on the above, we request that you withdraw your second motion for contempt. If you decline to withdraw the motion, I trust that you will file a copy of this letter with the Court so that the Court will be aware of it at such time as the Court considers your motion.

Kenneth D. Quat, Esq.
March 14, 2005
Page 2

    In closing, I authorize you to respond to this letter directly to me, of course with a copy to Attorney Poliferno. If you do not wish to respond directly to me, I request that you respond promptly by letter to Attorney Poliferno.

                Very truly yours,

                Robert W. Thuotte
                Vice President/General Counsel


encl. (Draft Confidentiality Agreement)

cc (w/encl.):   Richard Poliferno, Esq. (by fax)