**ZWICKER & ASSOCIATES, P.C.**

ATTORNEYS AT LAW
800 FEDERAL STREET
ANDOVER, MASSACHUSETTS 01810-1041
Tel. (800) 370-2251 / (978) 686-2255
Fax (978) 686-3538

Paul W. Zwicker
*MA Bar*

Robert W. Thuotte
*MA Bar*

Jocelyn A. Thomsen
*MA & NH Bars*

Amy Edith Britt
*CA Bar*

Andrew J. Dick
*NY & FL Bars*

Phillip M. Thompson
*MA Bar*

Kevin A. Gordon
*CA Bar*

Ron Z. Opher*
*NJ & PA Bars*

Michael F. Braun
*AL & GA Bars*

Mitchell A. Meyers*
*FL & NC Bars*

Paul M. Weich
*AZ Bar*

Randall Pratt*
*ME & NH Bars*

Francesco Fabiano*
*NY Bar*

Robert G. Markoff*
*IL Bar*

Stephen E. Kaplan
*TX & NY Bars*

Riecke Baumann
*TX Bar*

Gerald F. Dumas
*OK Bar*

Irvin Borenstein
*CO & NY Bars*

Sanford J. Pollack
*NE & MO Bars*

Michael R. Stillman*
*MI Bar*

Jeffrey M. Wilson*
*ID Bar*

Louis A. Vlasaty*
*MO & IL Bars*

\* *Of Counsel*

May 24, 2004

**BY FEDERAL EXPRESS
NEXT DAY DELIVERY
BY FIRST CLASS MAIL
BY FACSIMILE: 978-371-2296**

Kenneth D. Quat, Esq.
9 Damonmill Square
Suite 4A-4
Concord, MA  01742

Re:  Demand for settlement pursuant to G.L. c. 93A on behalf of your client, Melanie J. Feuerstein, Esq.

Dear Mr. Quat:

As an Officer of the Court, I represent the following to you:

Enclosed is the original response to your demand letter which this office prepared and I signed on May 19, 2004 just before I left to catch a plane to travel to another state on business.

Upon returning to this office today, I learned that apparently, the response letter was not sent out to you on May 19 as I had requested. That is our error, for which I apologize. Should the slight delay in our forwarding our response to you ever become an issue, I will provide an affidavit if the Court decides that one is necessary.

Enclosed in the Federal Express envelope is the original letter signed by me on May 19. The letter is in exactly the same form as it was on the 19th when I signed it. A copy of the letter is enclosed in the first class mail envelope.

Again, I apologize for our error.

Very truly yours,

Robert W. Thuotte
Vice President/General Counsel

encl.: May 19, 2004 Response Letter

**ZWICKER & ASSOCIATES, P.C.**

ATTORNEYS AT LAW
800 FEDERAL STREET
ANDOVER, MASSACHUSETTS 01810-1041
Tel. (800) 370-2251 / (978) 686-2255
Fax (978) 686-3538

Paul W. Zwicker
*MA Bar*

Robert W. Thuotte
*MA Bar*

Jocelyn A. Thomsen
*MA & NH Bars*

Amy Edith Britt
*CA Bar*

Andrew J. Dick
*NY & FL Bars*

Phillip M. Thompson
*MA Bar*

Kevin A. Gordon
*CA Bar*

Ron Z. Opher\*
*NJ & PA Bars*

Michael F. Braun
*AL & GA Bars*

Mitchell A. Meyers\*
*FL & NC Bars*

Paul M. Weich
*AZ Bar*

Randall Pratt\*
*ME & NH Bars*

Francesco Fabiano\*
*NY Bar*

Robert G. Markoff\*
*IL Bar*

Stephen E. Kaplan
*TX & NY Bars*

Riecke Baumann
*TX Bar*

Gerald F. Dumas
*OK Bar*

Irvin Borenstein
*CO & NY Bars*

Sanford J. Pollack
*NE & MO Bars*

Michael R. Stillman\*
*MI Bar*

Jeffrey M. Wilson\*
*ID Bar*

Louis A. Vlasaty\*
*MO & IL Bars*

\* *Of Counsel*

May 19, 2004

**BY FEDERAL EXPRESS**
**NEXT DAY DELIVERY**
**BY FIRST CLASS MAIL**
Kenneth D. Quat, Esq.
9 Damonmill Square
Suite 4A-4
Concord, MA 01742

    Re:    Demand for settlement pursuant to G.L. c. 93A on behalf of your client, Melanie J. Feuerstein, Esq.

Dear Mr. Quat:

    By this letter, Zwicker & Associates, P.C. will respond to your G.L. Chapter 93A demand letter. Before addressing specific allegations set forth in your letter, I note the following:

    We are providing this response after conducting a substantial investigation, directed by an attorney of this firm. The actions which we have taken have included interviewing personnel of this firm (present and former) whose alleged conduct is referenced in your letter, obtaining and reviewing historical records regarding Ms. Feuerstein's accounts and the debts which we believe she owes, and reviewing the applicable law including state and federal statutes, regulations and case law.

    Our investigation is continuing, but in order to comply with the statutory deadline for responding to your letter, we are providing this response at this time. In the event that our subsequent investigation brings to our attention facts which cause us to materially alter our assessment of your client's case, I expect that we will provide you with a supplemental response.

    In this letter, we do not endeavor to reply to every single allegation contained in the 31 paragraphs of factual allegations which you have presented in your nine-page, single-spaced demand letter. To the extent that you believe upon your review of this letter that we have not responded to a particular allegation, you should assume that we either deny the allegation or have not had sufficient opportunity to investigate the allegation so as to form a specific belief as to whether it is credible or not. In that regard, you have rejected, as is your prerogative, our request for a brief extension of time in order to conduct a more thorough investigation and respond more completely.

Kenneth D. Quat, Esq.
May 19, 2004
Page 2

I also note that nothing in this response should be interpreted as waiving the protections of the attorney-client privilege, the work product rule, the protections set forth under the Rules of Civil Procedure regarding materials prepared in litigation or any of the other privileges and protections from disclosure which as you know are provided to all parties.

Finally, although you have presented extensive allegations in the form of multiple-level hearsay statements allegedly originating with Mr. Schwank, we understand that you do not represent him. Thus, our focus in responding to the allegations regarding the supposed conduct of persons in this firm is directed to the dealings between this firm's employees and Ms. Feuerstein only. To the extent that you assert that we are somehow obligated to respond to allegations made regarding Mr. Schwank, you should assume that we deny those allegations or have not had sufficient opportunity to investigate them. In any event, it is our position that we are not obligated to respond to them.

As regards specific allegations in your letter, we respond as follows:

We deny that this office engaged in a "persistent and continuing course of conduct....designed to harass, abuse and intimidate Ms. Feuerstein, and deprive her of her statutory and common-law rights." Rather, it is our position that employees of this firm made appropriate efforts to collect significant debts which, they reasonably believed, your client owed (and continues to owe) to a client of this firm.

As further regards your allegations as to supposed efforts to harass, abuse and intimidate your client, who of course is a practicing attorney, she appears to have aggressively asserted her position in all of her communications with this office. That position apparently has been, from the outset, a refusal to discuss how she might resolve the indebtedness which we say she owes. I note my understanding that your client is an attorney at a firm whose specialties include representing debtors in disputes with credit issuers and credit bureaus. Plainly, the assertion that an attorney such as herself would be "intimidated" or "abused" by the personnel of a collections law firm representing the interests of a credit issuer is incredible, and will be recognized as such by any fact finder.

I also note that your letter suggests a lack of awareness on your part of your client's credit history. Our collections personnel appropriately reviewed the information in Ms. Feuerstein's credit report as part of their effort to collect the funds she owes, and they considered that information in assessing the manner in which she responded to their contacts.

Kenneth D. Quat, Esq.
May 19, 2004
Page 3

      We consider the information in Ms. Feuerstein's credit report to be highly relevant to the issues raised in your letter and to her overall credibility. I would suggest that it would behoove you to obtain a copy of her credit report and to review it carefully before you make any decision to file a lawsuit on Ms. Feuerstein's behalf. Frankly, I am quite surprised that someone in Ms. Feuerstein's position would engage counsel to threaten litigation relative to credit issues. More importantly, you should be aware that, if litigation is initiated on behalf of Ms. Feuerstein, we will bring to the Court's attention, by means of appropriate filings, our position that before filing suit, you failed to conduct an appropriate inquiry regarding her allegations.

      As regards other allegations set forth in your letter, we respond as follows:

      We deny that any collector or collection manager of this firm represented to your client that he/she is an attorney. We also deny that any of our collectors or managers "screamed" or "yelled" at Ms. Feuerstein, used obscenities in speaking with her or threatened to have her arrested.

      As regards the timing and frequency of the calls made in an effort to collect the debts in question, our position is that the calls were made in accordance with applicable law. As regards the letters sent out regarding your client's indebtedness, it is our position that the balances set forth in the letters were accurate and that the content of the letters was otherwise appropriate. Further, it is our position that before each letter was sent, an appropriate review of the account was conducted by an attorney of the firm.

      As regards the issue whether this firm provided your client with documentation referenced in your letter, to my reading your letter does not contend that Ms. Feuerstein made any such request in writing. Thus, if it is the case that this office did not provide her with such documentation, it is our position that our not doing so was consistent with applicable law.

      Your letter repeatedly asserts that this office intentionally filed suit in a county in which your client did not reside. We believe that it is readily apparent that a law firm seeking to collect debts would sue in the county in which, to the firm's belief, the debtor did reside. At any rate, it is our position that this firm had a good faith, reasonable basis for filing suit in the county in which it did file. Needless to say, we also dispute your assertion that the lawsuit filed by this firm was "specious" or that the allegations presented were "false."

Kenneth D. Quat, Esq.
May 19, 2004
Page 4

Finally, as regards the allegation that the conduct of employees of this firm caused harm and damages to your client, we deny that personnel of this firm caused any harm or damages to her.

As reflected in the above response, we believe that your client's allegations are without merit. Further, and as referenced in part above, we believe that significant portions of the pertinent factual background which are not reflected in your letter, and which will become part of the record in the event that litigation is initiated, will establish that your client's motives in making this demand and filing a lawsuit are improper.

Finally, if it were to be determined that any employee of this firm violated the law, it would be our position that any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

Notwithstanding our position, we recognize that all litigation has a cost, and that if this dispute proceeds to litigation, this firm will be obliged to expend funds up to the amount of the deductible under our insurance policy. On that basis, and while denying all liability, we offer $2,500.00 to settle all of your client's claims against this firm.

Very truly yours,

Robert W. Thuotte
Vice President/General Counsel