UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELANIE JOI FEUERSTEIN, )<br>On behalf of herself and others similarly )<br>situated, )<br>                Plaintiffs )<br>)<br>v. )<br>)<br>ZWICKER & ASSOCIATES, P.C., )<br>PAUL W. ZWICKER, )<br>JEFF WIDRONIK, a/k/a "Jeff Woods, )<br>BRIAN COYLE, )<br>ARTHUR J. TESSIMOND, JR., )<br>PHILLIP M. THOMPSON, and )<br>DOES 1 – 5 ) | C.A. Number 04-11593-JLT |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT  (Unopposed)**

Plaintiff hereby moves this Honorable Court pursuant to Fed.R.Civ.P. 15(a) for leave to file a Second Amended Complaint.

The primary purpose for filing the Second Amended Complaint is to clarify and consolidate plaintiff's class action claims.  In view of information received relative to defendant's practices, and upon further analysis, it is counsel's judgment that the class claims are better defined according to the nature of the alleged violations, i.e., not according to whether a particular class member is a "MEFA" or "non-MEFA" debtor, and that the nature of the unlawful assessment claims should be clarified.   Thus, in the proposed second amended complaint, Counts VI and VII assert federal and state law class claims alleging that members were sent collection letters which unlawfully failed to

disclose attorney's fees, and Counts VIII and IX assert federal and state law class claims alleging that the undisclosed attorney's fees were unlawfully imposed.

A true copy of the proposed Second Amended Complaint (less exhibits) is appended hereto.

Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The rule evinces a "'liberal' amendment policy" where the focus is "mostly on the bad faith of the moving party and the prejudice to the opposing party." *O'Connell v. Hyatt Hotels of Puerto Rico,* 357 F.3d 152, 154-155 (1st Cir. 2004)(citations omitted). Under this standard, the relief requested by plaintiff is both warranted and appropriate. First, plaintiff has only amended once previously. Second, the requested amendments are sought in good faith primarily to clarify and re-structure the complaint in a manner which will permit the most effective and efficient prosecution of certain claims. Third, defendants will not be prejudiced since they were provided with a draft of the proposed complaint prior to answering the First Amended Complaint, defendants have not yet served their Rule 26 disclosures in response to the First Amended Complaint, and no formal discovery (i.e., beyond Keeper depositions) has yet taken place (indeed, formal discovery has been stayed by the Court pending a mediation of this matter which is expected to occur in July, 2005).

## Conclusion

For the above reasons, plaintiff respectfully requests that the instant motion be allowed.

**CERTIFICATION OF NO OPPOSITION PURSUANT TO
LOCAL RULE 7.1(a)(2)**

Plaintiff has previously forwarded this motion (with the proposed second amended complaint) to counsel for defendants, who have indicated they do not oppose same.

>                /s/Kenneth D. Quat
> BBO 408640
> 9 Damonmill Square, Suite 4A-4
> Concord MA 01742
> 978-369-0848

Certificate of Service

I hereby certify that a copy of the foregoing has been served via first class mail, postage prepaid, on the date below to: Robert W. Thuotte, Esq., Zwicker & Assoc., P.C., 800 Federal St., Andover MA 01810.

>                /s/Kenneth D. Quat

Date: 6/14/05