UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELANIE JOI FEUERSTEIN, | ) | |
| On behalf of herself and others similarly | ) | |
| situated, | ) | |
|                Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. Number 04-11593-JLT |
| | ) | |
| ZWICKER & ASSOCIATES, P.C., | ) | |
| PAUL W. ZWICKER, | ) | |
| JEFF WOODS, | ) | |
| BRIAN COYLE, | ) | |
| ARTHUR J. TESSIMOND, JR., | ) | |
| PHILLIP M. THOMPSON, and | ) | |
| DOES 1 – 5 | ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR CONTEMPT DUE TO FAILURE OF ZWICKER & ASSOCIATES, P.C. TO MAKE REQUIRED DISCLOSURES**

Plaintiff hereby moves that this Honorable Court enter an order finding and holding defendant Zwicker & Associates, P.C. in contempt for failing to disclose and provide to plaintiff certain materials within the scope of Local Rule 26.2(A) and Fed.R.Civ.P. 26(a)(1) by deadlines established by the Court.  This motion is filed on an **emergency basis** because the Court's second Rule 26(a) compliance deadline of June 30, 2005 has passed and a long-awaited mediation of this matter is scheduled to occur on July 19, 2005.   At present, because of defendant's misconduct, it is difficult to see how the mediation can be productive, much less successful.  Plaintiff therefore requests that this motion be decided by the Court on an expedited basis, and that defendant be ordered to produce the discoverable materials in question no later than July 15, 2005.

**Summary of the Action**

Plaintiff has asserted individual and class claims arising out of a series of abusive and other unlawful actions committed by defendants in the process of attempting to collect 4 student loans used by plaintiff to attend Boston University Law School. Defendant Zwicker & Associates, P.C. ("Zwicker P.C.") is a collection law firm, and the individual defendants are current and former employees of the firm. Plaintiff has alleged multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a *et seq,* ("FDCPA") and M.G.L. c. 93A, section 2, and has also pled several common law causes of action.

The documents which are the subject of this motion pertain to the class action claims. These claims challenge two collection practices of Zwicker P.C. which appear to be both uniform and unlawful. The first is the content of defendant's standard dunning letter, which aggregates collection costs and legal fees in the total balance due without disclosing or itemizing same. Courts have consistently ruled that such aggregation violates FDCPA's prohibition against misrepresenting the character or amount of the debt. 15 U.S.C. 1692e(2)(A). *See Fields v. Wilber Law Firm,* 383 F.3d 562 (7th Cir. 2004). The second is defendant's practice of assessing attorney's fees against debtors based on a percentage of the debt even though the agreement which created the debt (or state law) does not specifically permit same. This conduct violates FDCPA's prohibition against misrepresenting the compensation which may be lawfully received by a debt collector, 15 U.S.C. §1692e(2)(B), and the prohibition against collecting any amount not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C.

§1692f(1).  *See Kojetin v. C U Recovery, Inc.,* 1999 WL 1847329 (D. Minn.  March 29, 1999), *aff'd.* 212 F.3d 1318 (8th Cir. 2000)(per curiam).

On its website, Zwicker P.C. boasts that it is "one of the largest collection law firms in the nation."

## Argument

### THE SUBJECT DOCUMENTS ARE UNDENIABLY RELEVANT, LONG OVERDUE, AND CRITICAL TO A SUCCESSFUL MEDIATION

For more than 6 months, defendant has failed and refused to produce two categories of documents which are clearly relevant to plaintiff's class claims:

**1.  Tax returns and financial statements of Zwicker P.C.**

Should plaintiff prevail on one or more of the FDCPA class claims, she will be entitled to recover, on behalf of the class, statutory damages equal to 1% of Zwicker P.C.'s net worth or $500,000, whichever is less.  15 U.S.C. §1692k(a)(2)(B).  Even though this action has been pending for over a year, to date plaintiff has still not been furnished with any tax returns, financial statements, or similar documents relative to the net worth issue.  Defendant thus stands in direct contravention of this Court's "Rule 26 Discovery Order" of December 9, 2004, which required that all relevant documents be exchanged by December 27, 2004, and the Court's subsequent discovery order of April 26, 2005, which mandated that all documents relative to the First Amended Complaint be produced by June 30, 2005.

Defendant's failure to furnish these materials was the subject of plaintiff's second motion for contempt, filed with the Court on March 1, 2005.  However, at the status conference held on April 25, 2005, defendant agreed to produce them, so the contempt

motion was deemed moot. Therefore, defendant has now violated two discovery orders and reneged on its oral commitment to counsel and the Court to provide the documents.

Finally, it should be noted that defendant has never indicated that the tax returns and other financial documents are irrelevant, but has simply stated over and over again, in essence: "we're working on it."[1] The result of this obviously disingenuous excuse is that no documents whatsoever – either for the current or any prior fiscal year – have been made available.

**2. Dunning letters sent to debtors and legal fees charged/collected.**

Plaintiff is entitled to receive all documentation pertaining to allegedly unlawful letters sent by Zwicker P.C. to debtors in the defined classes and pertaining to the amounts of allegedly unlawful fees charged to and collected from debtors. *See Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir. 1972).[2]

To date, plaintiff has received only a small fraction of the subject material. On May 2, 2005, defendant sent plaintiff a "spreadsheet" which purportedly set forth information on collection letters sent to Massachusetts residents who were delinquent on student loans obtained from the same agency (MEFA) as plaintiff, as well as the amount

---

[1] For example, in an email dated April 11, 2005, defendant's counsel stated that defendant's audited financial statement "should be prepared in the near future as the time for audit response letters has passed." And, as recently as July 1, counsel stated that it was still defendant's intent to produce financial records but he still "did not have a date certain. . . . "

[2] The basic class definitions are: (i) on the unlawful aggregation claim, all persons who were sent a collection letter by Zwicker P.C. on a consumer debt where the total balance stated included a collection charge without so specifying; (ii) on the unlawful fee claim, all persons who were assessed a percentage-based legal fee by defendant where the underlying agreement did not specifically provide for same. The relevant time period is 4 years prior to the filing of the complaint, corresponding to the G.L. c. 93A statute of limitations.

of collection costs charged and collected on said accounts.[3]  Missing from this production was documentation pertaining to letters sent to non-Massachusetts MEFA debtors and non-MEFA debtors, and it is still missing.

      Defendant has never indicated that plaintiff is not entitled to this material.  To the contrary, some of the subject material had been the subject of plaintiff's first motion for contempt, filed with the Court on March 1, 2005 but deemed moot at the status conference of April 25, 2005, because defendant represented to plaintiff and the Court that the information would be forthcoming.  Moreover, in an email of May 3, 2005, defendant's counsel told plaintiff's counsel – referring specifically to letters sent to non-Massachusetts MEFA debtors and non-MEFA debtors - that "we are working on gathering all documentation relative to your claim and anticipate on doing so prior to the deadline of June 30, 2005."  And, in a second email sent on May 27, 2005, defendant's counsel again represented that "[t]he client has been working on gathering this information and we finalize our internal collection of this information in the coming weeks."[4]  However, it is now crystal-clear that all of defendant's promises and assurances were false and made in bad faith in order to frustrate and obstruct discovery of relevant facts.

---

[3] Prior to providing the spreadsheet, defendants' counsel had indicated that Zwicker P.C. does not retain, either in paper or electronic form, copies of the actual letters.  This contention, as well as the accuracy of the spreadsheet itself, will obviously have to be tested in the course of formal discovery.

[4] The only objection raised by defendant has been to producing information on letters sent to federally-guaranteed student loan debtors, on the ground that collectors are specifically permitted to charge a percentage-based fee for these debts.  However, even if defendant's position on this issue is sound, Zwicker P.C. must nonetheless comply with FDCPA's requirement not to deceptively aggregate the fee in the balance stated in dunning letters.  Production is thus essential as to these accounts as well.

**Conclusion**

Defendant Zwicker P.C. has failed and refused to produce documentation required by Fed.R.Civ.P. 26(a) and has violated this Court's discovery orders of December 9, 2004 and April 26, 2005. Defendant's misconduct reflects a gross disrespect for the Court and plaintiff's counsel, has impeded plaintiff's ability to prepare her case, and has made it far less likely that the case can be resolved in mediation. Moreover, defendant's misconduct comes on the heels of two prior contempt motions which did not go forward because defendant assured plaintiff's counsel and the Court that the material which was the subject of those motions would be forthcoming. Because it has become clear that defendant never intended to comply with its own promises, or to adhere to either the letter or spirit of the Rules of Civil Procedure or this Court's orders, a finding of contempt is warranted.

Accordingly, plaintiff moves that defendant Zwicker & Associates, P.C. be adjudged in contempt and that this Honorable Court:

(a) order Zwicker P.C. to produce all documents described in this motion by July 15, 2005;

(b) order Zwicker P.C. to pay plaintiff's counsel fees and costs incurred in connection with this motion, as well as in connection with attempts to obtain the subject materials prior to filing the motion;

(c) order such further relief as shall be just and proper.

**Certification Pursuant to Local Rules 7.1(A)(2) and 37.1**

      I, Kenneth D. Quat, hereby certify that on July 5, 2005 I sent an email to Attorneys Freitas and Bogaert indicating that unless defendant produced the subject documents (or provided a date certain when they would be produced) by 2:00 p.m. on July 6, the instant motion would be filed. I received an email response from Attorney Freitas at 1:44 p.m. on July 6 indicating, *inter alia,* that he is "unable to respond to [my] request in great detail by 2:00 p.m.," and disputing plaintiff's position on the legality of Zwicker P.C.'s dunning letters sent to federal student loan debtors. Attorney Freitas' email said nothing about producing tax returns and other financial "net worth" information for Zwicker P.C., producing dunning letters sent to non-Massachusetts MEFA debtors, producing dunning letters sent to non-student loan debtors, or producing information about fees charged and collected from non-student loan debtors. I thus responded to Attorney Freitas that I would proceed to file the instant motion.

                                  /s/ Kenneth D. Quat
                                  BBO 408640
                                  9 Damonmill Square, Suite 4A-4
                                  Concord MA 01742
                                  978-369-0848
                                  ken@quatlaw.com

Certificate of Service

I hereby certify that a copy of the foregoing has been served via first class mail, postage prepaid, on the date below to: Robert W. Thuotte, Esq., Zwicker & Assoc., P.C., 800 Federal St., Andover MA 01810.

                                  /s/Kenneth D. Quat

Date: 7/6/05