**Freitas, Mark R.**

| | |
|---|---|
| **From:** | Ken Quat [ken@quatlaw.com] |
| **Sent:** | Wednesday, July 06, 2005 2:55 PM |
| **To:** | Freitas, Mark R. |
| **Cc:** | Bogaert, William |
| **Subject:** | Re: Feuerstein v. Zwicker |

Thank you for at least responding to my email, and I welcome the opportunity to review the sample letter you intend to produce. I'm familiar with the Chuway case and, not only did it favor the plaintiff, but it doesn't address the specific language apparently contained in the letters in question. Moreover, a disagreement between counsel as to whether a particular practice is unlawful is not a reason to withhold otherwise relevant documents.

Aside from the above issue, your response was completely silent on when, or if, you intend to produce letters and other relevant information pertaining to non-Mass. MEFA debtors and non-student loan debtors. It was also silent with respect to producing Zwicker P.C. tax returns and financial statements. I will therefore proceed to file the motion for contempt.

Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
ken@quatlaw.com

> ----- Original Message -----
> **From:** Freitas, Mark R.
> **To:** Ken Quat
> **Cc:** Bogaert, William
> **Sent:** Wednesday, July 06, 2005 1:43 PM
> **Subject:** RE: Feuerstein v. Zwicker
>
> Ken -
>
> I am unable to respond to this request in great detail by 2:00 PM. Unfortunately, my schedule has kept me out of the office most of yesterday and today. I have requested a sample letter from the client to produce to you so that you can see the differences in the language. That should allow us to have a more informed discussion on the differences between these letters and the other letters you seek. For example, the language in these letters does not violate the FDCPA. See e.g., Chuway v. Nat'l Action Fin. Servs., 362 F.3d 944 (7th Cir. 2004). Moreover, the role of the HEA comes into play and I will be able to elaborate on that issue in a more refined manner once I have the opportunity to speak with my client, produce a sample letter, and set forth the legal arguments that support our position. Hopefully, this suggestion is amenable to you. I propose that all of this be completed by Monday, July 11th.
>
> Mark R. Freitas
> Wilson, Elser, Moskowitz, Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> tel: (617) 422-5300 x5403
> fax: (617) 423-6917

7/13/2005

**From:** Ken Quat [mailto:ken@quatlaw.com]
**Sent:** Tuesday, July 05, 2005 9:31 AM
**To:** Freitas, Mark R.
**Cc:** Bogaert, William
**Subject:** Re: Feuerstein v. Zwicker

Attorney Freitas:

I absolutely disagree with your position on the TGSLP and OGSLP letters.  As you should recognize, plaintiff's claims asserted have nothing to do with whether these entities are "permitted to add collection costs into the balance owed."  Rather, the claims are about how such costs are computed, and how (or whether) they are disclosed.  Even if the letters state, as you contend, that the balance "may include collection costs applied by our client," this does not necessarily satisfy FDCPA.  *See Fields v. Wilber Law Firm,* 383 F.3d 562 (debt collectors must "clearly and fairly communicate information about the amount of the debt to debtors.  This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs. . . One simple way to comply with [FDCPA] in this regard would be to itemize the various charges that comprise the total amount of the debt.").  Indeed, at least one court has held similar language violated FDCPA.  *Person v. Stupar Schuster & Cooper,* 136 F.Supp.2d 957.  Finally, if your position is ultimately vindicated, at this stage of the case we are entitled to receive the information on these loans and the letters themselves since they are clearly within the scope of Rule 26(b)(1).  Your refusal to provide them is based on nothing other than a unilateral and self-serving rationale that has no basis in law or fact.  Therefore, unless you indicate by 2:00 p.m. tomorrow, July 6, that these materials will be produced (or you offer a different, far more reasonable basis for not producing them), I intend to file an emergency motion for contempt with the court.

Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
ken@quatlaw.com

> ----- Original Message -----
> **From:** Freitas, Mark R.
> **To:** Ken Quat
> **Cc:** Bogaert, William
> **Sent:** Friday, July 01, 2005 5:17 PM
> **Subject:** RE: Feuerstein v. Zwicker
>
> Dear Ken -
>
> Please accept this correspondence as a follow-up to our earlier telephone conversation.  Unfortunately, I was unable to speak with my client as they, presumably, left early today for the holiday weekend.
>
> I spoke with Bill Bogaert and he did not have a date certain that the financials will be made available for inspection; however, it is our intention to make them available prior to the mediation.  The timeliness of when, however, will have to wait until after the holiday when we have an opportunity to speak with our client regarding the status of this material.  Likewise on the status of the non-Mass MEFA letter spreadsheets and the non-MEFA information.  With respect to the non-MEFA debtors, Zwicker provides services for TGSLP and OGSLP, in collecting on student loans.  Be advised, this information falls outside the class and, as such, will not be produced.  Under federal law, TGLSP and OGSLP are permitted to add collection costs into the balance owed.  Furthermore, those letters specifically state, "the balance....may include collection costs applied by our client as directed by and in accordance with federal regulations." To the extent that you

disagree with this position, feel free to file the necessary motions to resolve this disagreement.

As for other non-MEFA debtors, I have not been able to address the issues we discussed with respect to producing them. In fact, I cannot confirm that Zwicker collects any fees beyond MEFA, TGLSP and OGSLP accounts. Again, I hope to have more information for you on this issue after the holiday.

Clearly, we will be in discussions next week to follow-up on these issues. In the meantime, enjoy the holiday weekend.


Mark R. Freitas
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
tel: (617) 422-5300 x5403
fax: (617) 423-6917


WEMED LLP - CONFIDENTIALITY NOTICE: This electronic
message is intended to be viewed only by the individual or
entity to whom it is addressed. It may contain information
that is privileged, confidential and exempt from
disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly
prohibited without our prior permission. If the reader of
this message is not the intended recipient, or the
employee or agent responsible for delivering the message
to the intended recipient, or if you have received this
communication in error, please notify us immediately by
return e-mail and delete the original message and any
copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz,
Edelman & Dicker LLP (WEMED), please see our website at
www.wemed.com or refer to any WEMED office. Thank you.