UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELANIE JOI FEUERSTEIN, | ) | |
| On behalf of herself and others similarly situated, | ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civil Action 04-11593-JLT |
| ZWICKER & ASSOCIATES, P.C., PAUL W. ZWICKER, JEFF WIDRONIK, a/k/a "Jeff Woods, BRIAN COYLE, ARTHUR J. TESSIMOND, JR., PHILLIP M. THOMPSON, and DOES 1 – 5 | ) ) ) ) ) ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD
AMENDED COMPLAINT**

Plaintiff hereby moves this Honorable Court pursuant to Fed.R.Civ.P. 15(a) for leave to file a Third Amended Complaint.

The sole purpose for filing the Third Amended Complaint is to assert federal and state-law class claims arising out of the use by Zwicker & Associates, P.C. of a standard "form" collection letter containing language which is deceptive on its face with respect to the degree of (and the fact of) attorney involvement in the debtor's account. The law on this issue is well-established: a communication from a debt collector which did not result from a meaningful review of the debtor's account by an attorney, but nonetheless is signed by an attorney, violates the Fair Debt Collection Practices Act, 15 U.S.C. §1692e. *See Clomon v. Jackson,* 988 F.2d 1314 (2nd Cir. 1993); *Boyd v. Wexler,* 275 F.3d 642 (7th

Cir. 2001).   And, in Massachusetts, any conduct which violates a federal consumer protection statute is deemed a *per se* violation of G.L. c. 93A, section 2.   940 C.M.R. 3.16.

Here, all prior versions of plaintiff's complaint have asserted individual causes of action based on the misconduct in question.  The only reason plaintiff did not plead class claims in the earlier complaints is that a purported nationwide class action addressing the identical issue - *Felicia Sparkman v. Zwicker & Associates, P.C.*, Case No. 04CV1143 (NG)(KAM)(E.D.N.Y.) had previously been filed by a consumer-law attorney known to both plaintiff and plaintiff's counsel;  as a matter of professional courtesy,  plaintiff did not wish to file a "copy-cat" claim.   However, on June 30, 2005, the *Sparkman* court entered judgment for plaintiff individually without a motion for certification having been filed.   Since there was no class relief in *Sparkman* (but nonetheless a ruling for plaintiff on the merits), it is appropriate for plaintiff to now seek to amend in order to be able to obtain class relief in the present action.

A true copy of the proposed Third Amended Complaint (less exhibits) is appended hereto.

Leave to amend "shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).   The rule evinces a "'liberal' amendment policy" where the focus is "mostly on the bad faith of the moving party and the prejudice to the opposing party."   *O'Connell v. Hyatt Hotels of Puerto Rico,* 357 F.3d 152, 154-155 (1st Cir. 2004)(citations omitted). Under this standard, the instant motion is clearly proper.   First, plaintiff has only amended twice previously, and neither previous motion to amend was opposed by defendants.   Second, the proposed amendment is sought in good faith based on a

foundation of facts and an individual claim already pleaded.  Third, defendants will not be prejudiced in the slightest since the allegations are well-known to defendants, defendants have already litigated the identical issue in other courts,[1] and no formal discovery  (i.e., beyond keeper depositions) has yet taken place.[2]

## Conclusion

For the above reasons, plaintiff respectfully requests that the instant motion be allowed.

## CERTIFICATION  PURSUANT TO LOCAL RULE 7.1(a)(2)

I, Kenneth D. Quat, hereby certify that on August 2, 2005, I forwarded a copy of this motion and the proposed third amended complaint to defendants' counsel with a request that they inform me of any objections to same.   On August 12, 2005, counsel notified me of several objections.  However, despite conferring by email and telephone over the course of several days, the parties were not able to resolve their differences.

/s/Kenneth D. Quat
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848

---

[1] In addition to the *Sparkman* case, plaintiff is aware of 4 other actions brought against Zwicker P.C. which have made the identical claim:  *Fuentes v. Zwicker & Associates, P.C.,* Case No. 2:03CV469RL (N.D. Ind.); *Lopez v. Zwicker & Associates, P.C., et al.,* Case No. 1:04-CV-02362 (YK); and *Swymer v. The Education Resources Institute, Inc. et al.,* Case No. 00CV10265RWZ (D. Mass.); *Ekinici v. Zwicker & Associates, P.C.,* CV03-4858 (E.D.N.Y.).  According to the docket reports, however, each of these actions appear to have settled on an individual basis prior to any class being certified.

[2] Discovery was stayed by the Court on April 25, 2005 due to the parties' request to engage in mediation. Although the mediation has occurred and did not succeed in resolving the case, the stay remains in effect.

Certificate of Service

I hereby certify that a copy of the foregoing has been served via first class mail, postage prepaid, on the date below to: Robert W. Thuotte, Esq., Zwicker & Assoc., P.C., 800 Federal St., Andover MA 01810.

/s/Kenneth D. Quat

Date: 8/18/05