FILE

Graduate Education Loan
PROMISSORY NOTE

In this Note and the attached Disclosure Statement and Itemization of Amount Financed, the words "I," "me" and "my" mean each and all of those who sign or co-sign it. If more than one person signs this Note, each will be fully liable on the Note. "You," "your" and "yours" mean and refer to Boston University (the "Institution") and any endorsee or assignee who is in possession of the Note, including but not limited to the MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY (the "Authority"), to which it is contemplated this Note will be transferred. The terms **FINANCE CHARGE, Total of Payments, Amount Financed and PREPAID FINANCE CHARGE** refer to the amounts disclosed on the attached **Disclosure Statement and Itemization of Amount Financed.** I understand that the **"FINANCE CHARGE"** and the "**Total of Payments**" disclosed below are estimates since the Disbursement Date (defined below) and my payment habits will determine the total interest I will pay as further explained below.

1. **Promise to Pay.** I promise to pay to your order $15,584.42, (or such lesser amount as is advanced to me or paid on my behalf, plus the Prepaid Finance Charge on the amount so advanced or paid on my behalf) (the "Original Principal Amount") plus deferred interest added to the Original Principal Amount of this Note pursuant to Section 2 below. The maximum amount of this Note, including such deferred interest, will be $19,422.31. I also promise to pay interest on the unpaid principal balance of this Note (calculated as set forth in Section 6 below) at the rate of 7.50% per annum. The unpaid principal balance of this Note shall be said Original Principal Amount, plus any deferred interest added thereto pursuant to Section 2 below, minus any amount applied to principal due but unpaid pursuant to subsection 3(a) below. You may impose and I will pay a fee not in excess of the amount permitted by applicable law with respect to a payment which cannot be collected upon its initial deposit for collection because of insufficient funds or for any other reasons.

2. **Interest and Deferral.** Provided that I maintain at least half time student status at the Institution I may defer payment of principal until six months after my expected graduate date (but in no event later than 12/01/2000 (the "Repayment Commencement Date")). Interest on the unpaid principal balance of this Note will, however, accrue from the Disbursement Date (defined below) until I begin repayment. Payment of interest accruing before the Repayment Commencement Date may be deferred until the Repayment Commencement Date. Any such accrued but unpaid interest will be added to the unpaid principal balance of this Note monthly beginning on the first day of the month following the Disbursement Date.

3. **Definitions. "Disbursement Date"** means the date on which you lend money to me in consideration of the delivery of this Note **and will be the dated date of my loan check or the date the loan funds are electronically transferred to the Institution. "Maturity Date"** means the date that is the first day of the 181st month following the month in which the Disbursement Date occurs.

**THE TERMS OF THIS NOTE ARE CONTAINED ON BOTH SIDES OF THIS DOCUMENT.**

I acknowledge that I have received, read and understood the provisions of this Note, including those set forth on the reverse side of this document. My signature below both evidences such acknowledgment, including acknowledgment that the obligations of all persons signing this Note are joint and several, and constitutes my signature on this Note.

Student Borrower [signature] Date 11/8/97
Melanie J. Feuerstein

Co-Signer (#1) [signature] Date 11/8/97
William M. Schwank

Co-Signer (#2) X Date ____

School Certification
(To be Completed Only by Authorized School Official)

| | |
|---|---|
| Student Name: Melanie J. Feuerstein | Social Security #: 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 |
| Loan Period: 8/25/97 - 5/19/97 | Student Grade Level: G1 |
| Anticipated Graduation Date: 05/31/2000 | Aggregate Borrowing Limit: |
| A. Cost of Attendance for loan period: 36,090 | Current Loans: |
| B. Financial Aid for loan period: 28,500 | Requested Amount: $15,000.00 |
| C. Maximum loan amount (A minus B): 7,590 | Remaining Eligibility: |
| D. Approved Amount: 7,500 (the lesser of C or Requested Amount) | Type of Analysis: |

**CERTIFICATE OF PARTICIPATING INSTITUTION**

- The Student is making satisfactory progress as defined by the Institution.
- The Student, Co-Applicant(s) if any, to the best of the undersigned's knowledge, have not defaulted on an educational loan and have not failed to refund an educational grant required to be refunded.
- The Institution is a degree-granting educational institution within the Commonwealth of Massachusetts authorized by law to provide a program of education beyond high school and has obtained from the United States Internal Revenue Service a determination that the undersigned is an organization exempt from federal income taxation under the Internal Revenue Code of 1986 (Section 501(c)(3) in the case of a private institution) as amended, which determination remains in effect;
- The authorized school official has no knowledge that any event has occurred or that any circumstance exists which, if it had existed at the time of the making of the loan evidenced by this Note, would have made the Borrower ineligible to receive such loan from the Institution in the amount made (the authorized school official's "knowledge" is limited to actual knowledge, as provided in such Operations Manual);
- This Note bears interest at the rate and contains the other terms required for the Authority's purchase of Education Loan Notes as set forth in such Operations Manual;
- The authorized school official has no knowledge of any fact or circumstance, economic or other, which adversely affects the credit of the Borrower or any Co-Signer under this Note or the prospect of timely repayment thereof, except as disclosed in the Borrower's or Co-Signer's Application previously submitted to the Authority's Servicer.

The Institution, by the undersigned duly authorized officer, does hereby for value sell, assign and transfer to the Massachusetts Educational Financing Authority the foregoing Note and all rights in, to and under the loan evidenced by such Note, without recourse to the Institution. The undersigned hereby certifies, effective as of the date set forth below and as of any subsequent date on which this note delivered herewith is purchased by the Massachusetts Educational Financing Authority, that the terms and certifications listed above are true and accurate.

Authorized School Official Signature: [signature] Date: 11/97

Authorized Official Name/Title [handwritten] Loan Signer

[illegible] this Note beginning on [illegible] principal balance (including the deferred interest of this Note) [illegible] interest rate. My installment will be due on the first day of every [illegible]. In any event I will pay this Note in full on or before the Maturity [illegible] instructed by you. I will make each installment payable to the order of the Authority and will send [illegible] Boston, MA [illegible] in time to be received on or before its due date. I understand that I, and not you, [illegible] responsible for [illegible] delays of the postal system. You will apply each payment in the following order [illegible] fees for checks uncollectible because of insufficient funds or otherwise, interest due or unpaid for the assessment period, principal (including deferred interest added to principal pursuant to Section 2 above) due but unpaid, life and /or [illegible] if applicable, and principal not yet due. Within each priority, payments [illegible] will be applied to amounts in the order in which they first became due or payable.

[illegible] **Change in status.** If the Institution determines that I am no longer (for reasons other than graduation) at least a half time student in the program at the Institution at which I am currently enrolled, then you, in your discretion, may require that I begin repayment of this Note six months after the date of such change [illegible] status. In such event, I will submit this Note to you and will sign a rewritten Note which will set forth my new repayment schedule. Such rewritten Note will bear the same rate of interest as this Note.

**5. Important-Read this Information Carefully**

When you receive my signed Note, you are not agreeing to lend me money. If you decide to make a loan to me, you will [illegible] the Institution. I understand that you have the right not to make a loan to me.

**6. Estimated Credit Terms-Right to Prepay in Full or in Part.** I have agreed to repay this loan according to the schedule set forth above. Interest will be assessed on the basis of the average daily outstanding principal balance during the applicable assessment period. Interest will be computed on the basis of a 365 or 366 day year for actual days elapsed. I [illegible] prepay the unpaid principal balance in full as of the first of any month without penalty. If I do so the entire unearned **FINANCE CHARGE** (other than the **PREPAID FINANCE CHARGE**, which has been charged to defray the costs of origination, servicing and administration of the loan evidenced by this Note) will be canceled. I will not receive any refund of the **PREPAID FINANCE CHARGE** or the earned portion of the **FINANCE CHARGE**; provided, however, that no **FINANCE CHARGE** will thus be imposed which is in excess of applicable law. I also may prepay part of the loan at any time without penalty. If I prepay part of the loan I will still be required to make monthly payments in the amounts set forth [illegible] the number of such monthly payments will be reduced, thereby shortening the repayment period of the loan. If I make any such partial prepayment, I will not receive any refund of the **PREPAID FINANCE CHARGE**; provided, however, that no **FINANCE CHARGE** will thus be imposed which is in excess of applicable law. A full or partial prepayment will decrease the total amount of the **FINANCE CHARGE** you have estimated, since interest is being calculated on the basis of the average daily outstanding principal balance. I understand that if I make a scheduled payment after it is due or if I make a scheduled payment prior to its due date, the total amount of the **FINANCE CHARGE** will increase or decrease [illegible] since interest is being calculated on the basis of the average daily outstanding principal balance. I also understand that failure to pay any monthly installment or other payment when it is due will be a default on my part [illegible] that the "Total of Payments" disclosed is estimated since the **FINANCE CHARGE** is calculated on the basis of the average daily outstanding principal balance, which balance will be affected by my repayment habits and on the basis of an assumed Disbursement Date [illegible].

**7. Default and Whole Loan Due.** I will be in default and the whole unpaid principal balance, plus accrued but unpaid interest, if any, then outstanding may become due and payable at once at your option and without notice or demand, if (a) payment of any amount required to be paid by me has not been received by you when due; or (b) I break any of my other promises under this Note (including any set forth under "Terms and Conditions" below); or (c) I fail to submit this Note to be rewritten by the Institution or I fail to sign such rewritten Note as required under subsection 4(b); or (d) any bankruptcy proceeding is begun by or against me or I assign any of my assets for the benefit of my creditors; or (e) I have made any [illegible] the written statements which I have made are misleading in applying for the loan evidenced by this Note; or (f) I withdraw from school within seven months of the Disbursement Date [illegible].

**TERMS AND CONDITIONS** [illegible]

The following terms and conditions shall be applicable to the loan evidenced hereby:

1. Neither the Institution nor any holder of the Note is required to grant any request for a suspension or other modification of the obligation of the Borrower and each Co-Signer to make payments. If any such request if granted, it shall be granted only [illegible] such conditions as may be determined by such Institution or other holder, if any, in its or their discretion as the case may be.
2. The Borrower and each Co-Signer understand that the loan evidenced hereby may eliminate or reduce their ability to obtain other financial [illegible].
3. To the extent permitted by applicable law, any life and disability insurance premiums (except unused premiums or portions thereof) and the **PREPAID FINANCE CHARGE** are non-refundable.
4. If the holder of this Note takes any action [illegible] or attorney to collect any amount owing under this Note, the Borrower or any Co-Signer shall pay all of the holder's costs and expenses, including reasonable attorney's fees, subject to any law limiting the obligation of the Borrower or such Co-Signer to pay such amounts.
5. The Borrower and each Co-Signer agree to notify the Institution and the holder of this Note in writing of any change of name or address. Failure by any of them to do so, or to respond in writing within a reasonable time to written inquiries by the Institution or the holder of this Note or a representative or agent of either of them relating to payment of this Note or observance or performance of any other term or condition of this Note, shall constitute a default under this Note.
6. The proceeds of the loan evidenced by this Note shall not be applied, directly or indirectly, for any purpose other than financing or refinancing the Student Borrower's cost of attendance at the Institution.
7. The acceptance of any delinquent installment(s) shall not operate to extend the time of payment of any amount(s) then remaining unpaid or constitute a waiver of any rights or remedies. No extension of time for the payment of any amount owing under this Note at any time shall alter the liability of the Borrower or any Co-Signer.
8. Presentation, demand, dishonor, protest and all other demands and notices in connection with the delivery, acceptance, performance or collection of this Note are hereby waived. This Note is a sealed instrument. This Note may be negotiated or assigned by the holder without the consent of the Borrower or any Co-Signer, but the obligations of the Borrower and any Co-Signer may not be assigned by the Borrower or any Co-Signer.
9. If any provision hereof is determined to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other provisions of this Note or of this Note as a whole.
10. You are located in Massachusetts. This Note will be entered into in Massachusetts. Your decision on whether to lend me money will be made in Massachusetts. The proceeds of any loan will be entirely or substantially expended at an educational institution in Massachusetts. Consequently, the provisions of this Note will be governed by the law of The Commonwealth of Massachusetts, without regard to conflict of law rules. I agree that any suit I bring against you (or against any subsequent holder of this Note) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which such subsequent holder maintains its) principal place of business.
11. If tuition and other [illegible] charges incurred or refinanced by this loan are refunded in accordance with the policies of the Institution, I agree that such refund will be applied to reduce the outstanding principal balance of the loan evidenced by this Note. The **PREPAID FINANCE CHARGE**, however, is not refundable.
12. I acknowledge that the Authority's loan program is funded in part by a governmental unit and that this Note is [illegible] of the United States [illegible]

4988 5 | 707

MEFA Loan for Graduate Education

# PROMISSORY NOTE

In this Note and the attached Disclosure Statement and Itemization of Amount Financed, the words "I," "me" and "my" mean each and all of those who sign or co-sign it. If more than one person signs this Note, each will be fully liable on the Note. "You," "your" and "yours" mean and refer to Boston University (the "Institution") and any endorsee or assignee who is in possession of the Note, including but not limited to the MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY (the "Authority"), to which it is contemplated this Note will be transferred. The terms **FINANCE CHARGE, Total of Payments, Amount Financed and PREPAID FINANCE CHARGE** refer to the amounts disclosed on the attached **Disclosure Statement** and **Itemization of Amount Financed.** I understand that the "**FINANCE CHARGE**" and the "**Total of Payments**" disclosed below are estimates since the Disbursement Date (defined below) and my payment habits will determine the total interest I will pay as further explained below.

1. **Promise to Pay.** I promise to pay to your order $8,935.05, (or such lesser amount as is advanced to me or paid on my behalf, plus the Prepaid Finance Charge on the amount so advanced or paid on my behalf) (the "Original Principal Amount") plus deferred interest added to the Original Principal Amount of this Note pursuant to Section 2 below. The maximum amount of this Note, including such deferred interest, will be $10,329.73. I also promise to pay interest on the unpaid principal balance of this Note (calculated as set forth in Section 6 below) at the rate of 6.89% per annum. The unpaid principal balance of this Note shall be said Original Principal Amount, plus any deferred interest added thereto pursuant to Section 2 below, minus any amount applied to principal due but unpaid pursuant to subsection 3(a) below. You may impose and I will pay a fee not in excess of the amount permitted by applicable law with respect to a payment which cannot be collected upon its initial deposit for collection because of insufficient funds or for any other reasons.

2. **Interest and Deferral.** Provided that I maintain at least half time student status at the Institution I may defer payment of principal until six months after my expected graduate date (but in no event later than 12/01/2000 (the "Repayment Commencement Date")). Interest on the unpaid principal balance of this Note will, however, accrue from the Disbursement Date (defined below) until I begin repayment. Payment of interest accruing before the Repayment Commencement Date may be deferred until the Repayment Commencement Date. Any such accrued but unpaid interest will be added to the unpaid principal balance of this Note monthly beginning on the first day of the month following the Disbursement Date.

3. **Definitions.** "**Disbursement Date**" means the date on which you lend money to me in consideration of the delivery of this Note and will be the dated date of my loan check or the date the loan funds are electronically transferred to the Institution. "**Maturity Date**" means the date that is the first day of the 204th month following the month in which the Disbursement Date occurs.

**THE TERMS OF THIS NOTE ARE CONTAINED ON BOTH SIDES OF THIS DOCUMENT.**

I acknowledge that I have received, read and understood the provisions of this Note, including those set forth on the reverse side of this document. My signature below both evidences such acknowledgment, including acknowledgment that the obligations of all persons signing this Note are joint and several, and constitutes my signature on this Note.

Student Borrower [signature] Melanie J. Feuerstein — Date 8/14/98

Co-Signer (#1) [signature] William M. Schwank — Date 8/14/98

Co-Signer (#2)__________ Date__________

**School Certification**

**(To be Completed Only by Authorized School Official)**

Student Name: Melanie J. Feuerstein

Social Security #: 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

Loan Period: 08/98-08/99

Student Grade Level: G2

Anticipated Graduation Date: 05/01/2000

Requested Amount: $8,600.00

A. Cost of Attendance for loan period: 37180

B. Financial Aid for loan period: 28500

C. Maximum loan amount (A minus B): 8680

D. Approved Amount: 8600
(the lesser of C or Requested Amount)

**CERTIFICATE OF PARTICIPATING INSTITUTION**

- The Student is making satisfactory progress as defined by the Institution.
- The Student, Co-Applicant(s) if any, to the best of the undersigned's knowledge, have not defaulted on an educational loan and have not failed to refund an educational grant required to be refunded.
- The Institution is a degree-granting educational institution within the Commonwealth of Massachusetts authorized by law to provide a program of education beyond high school and has obtained from the United States Internal Revenue Service a determination that the undersigned is an organization exempt from federal income taxation under the Internal Revenue Code of 1986 (Section 501(c)(3) in the case of a private institution) as amended, which determination remains in effect;
- The authorized school official has no knowledge that any event has occurred or that any circumstance exists which, if it had existed at the time of the making of the loan evidenced by this Note, would have made the Borrower ineligible to receive such loan from the Institution in the amount made (the authorized school official's "knowledge" is limited to actual knowledge, as provided in such Operations Manual);

**4. Repayment.**

(a) Commencement of repayment. I will repay this Note beginning on the Repayment Commencement Date in consecutive monthly installments in U.S. dollars until the Maturity Date (defined above). The amount of my monthly payment will be equal to the amount that would be sufficient to repay in full by the Maturity Date, in substantially equal monthly payments, the unpaid principal balance (including the deferred interest of this Note) as of the Repayment Commencement Date plus interest thereon at the stated interest rate. My installments will be due on the first day of every month starting on the Repayment Commencement Date. In any event I will pay this Note in full on or before the Maturity Date. Unless otherwise instructed by you, I will make each installment payable to the order of the Authority and will send it to P.O. Box 9095, Boston, MA 02205 in time to be received on or before its due date. I understand that I, and not you, will be responsible for errors or delays of the postal system. You will apply each payment in the following order of priority: fees for checks uncollectible because of insufficient funds or otherwise, interest due or unpaid for the assessment period, principal (including deferred interest added to principal pursuant to Section 2 above) due but unpaid, life and /or disability insurance premiums due but unpaid, if applicable, and principal not yet due. Within each priority, payments received will be applied to amounts in the order in which they first became due or payable.

(b) **Change in status.** If the Institution determines that I am no longer (for reasons other than graduation) at least a half-time student in the program at the Institution at which I am currently enrolled, then you, in your discretion, may require that I begin repayment of this Note six months after the date of such change in status. In such event, I will submit this Note to you and will sign a rewritten Note which will evidence my new repayment schedule. Such rewritten Note will bear the same rate of interest as this Note.

**5. Important-Read this Information Carefully**

When you receive my signed Note, you are not agreeing to lend me money. If you decide to make a loan to me, you will mail a loan check or electronically transfer the loan funds to the Institution. I understand that you have the right not to make a loan to me.

**6. Estimated Credit Terms; Right to Prepay in Full or in Part.** I have agreed to repay this loan according to the schedule set forth above. Interest will be assessed on the basis of the average daily outstanding principal balance during the applicable assessment period. Interest will be computed on the basis of a 365 or 366 day year for actual days elapsed. I may prepay the unpaid principal balance in full as of the first of any month without penalty. If I do so the entire unearned **FINANCE CHARGE** (other than the **PREPAID FINANCE CHARGE**, which has been charged to defray the costs of origination, servicing and administration of the loan evidenced by this Note) will be canceled. I will not receive any refund of the **PREPAID FINANCE CHARGE** or the earned portion of the **FINANCE CHARGE**; provided, however, that no **FINANCE CHARGE** will thus be imposed which is in excess of applicable law. I also may prepay part of the loan at any time without penalty. If I prepay part of the loan I will still be required to make monthly payments in the amounts set forth above, but the number of such monthly payments will be reduced, thereby shortening the repayment period of the loan. If I make any such partial prepayment, I will not receive any refund of the **PREPAID FINANCE CHARGE**; provided, however, that no **FINANCE CHARGE** will thus be imposed which is in excess of applicable law. A full or partial prepayment will decrease the total amount of the **FINANCE CHARGE** you have estimated, since interest is being calculated on the basis of the average daily outstanding principal balance. I understand that if I make a scheduled payment after it is due or if I make a scheduled payment prior to its due date, the total amount of the **FINANCE CHARGE** will increase or decrease accordingly since interest is being calculated on the basis of the average daily outstanding principal balance. I also understand that failure to pay any monthly installment or other payment when it is due will be a default on my part as stated below. I also understand that the "**Total of Payments**" disclosed is estimated since the **FINANCE CHARGE** is calculated on the basis of the average daily outstanding principal balance, which balance will be affected by my repayment habits, and on the basis of an assumed Disbursement Date.

**7. Default and Whole Loan Due.** I will be in default and the whole unpaid principal balance, plus accrued but unpaid interest, if any, then outstanding may become due and payable at once at your option and without notice or demand, if (a) payment of any amount required to be paid by me has not been received by you when due; or (b) I break any of my other promises under this Note, including any set forth under "Terms and Conditions" below; or (c) I fail to submit this Note to be rewritten by the Institution or I fail to sign such rewritten Note as required under subsection 3(b); or (d) any bankruptcy proceeding is begun by or against me or I assign any of my assets for the benefit of my creditors; or (e) I have made any false written statement, or omitted to state a fact necessary to make the written statements which I have made not misleading in applying for the loan evidenced by this Note; or (f) I withdraw from school within seven months of the Disbursement Date; or (g) I die.

**TERMS AND CONDITIONS**

The following terms and conditions shall be applicable to the loan evidenced hereby:

1. Neither the Institution nor any holder of the Note is required to grant any request for a suspension or other modification of the obligation of the Borrower and each Co-Signer to make payments. If any such request if granted, it shall be granted only upon such conditions as may be determined by such Institution or other holder, if any, in its or their discretion as the case may be.
2. The Borrower and each Co-Signer understand that the loan evidenced hereby may eliminate or reduce their ability to obtain other financial assistance for educational or other purposes.
3. To the extent permitted by applicable law, any life and disability insurance premiums (except unused premiums or portions thereof) and the **PREPAID FINANCE CHARGE** are non-refundable.
4. If the holder of this Note hires a collection agency or attorney to collect any amount owing under this Note, the Borrower or any Co-Signer shall pay all of the holder's costs and expenses, including reasonable attorney's fees, subject to any law limiting the obligation of the Borrower or such Co-Signer to pay such amounts.
5. The Borrower and each Co-Signer agree to notify the Institution and the holder of this Note in writing of any change of name or address. Failure by any of them to do so, or to respond in writing within a reasonable time to written inquiries by the Institution or the holder of this Note or a representative or agent of either of them relating to payment of this Note or observance or performance of any other term or condition of this Note, shall constitute a default under this Note.
6. The proceeds of the loan evidenced by this Note shall not be applied, directly or indirectly, for any purpose other than financing or refinancing the Student Borrower's cost of attendance at the Institution.
7. The acceptance of any delinquent installment(s) shall not operate to extend the time of payment of any amount(s) then remaining unpaid or constitute a waiver of any rights or remedies. No extension of time for the payment of any amount owing under this Note or any time shall alter the liability of the Borrower or any Co-Signer.
8. Presentment, demand, dishonor, protest and all other demands and notices in connection with the delivery, acceptance, performance or collection of this Note are hereby waived. This Note is a sealed instrument. This Note may be

52344 / 2271

MEFA Loan for Graduate Education
PROMISSORY NOTE

n this Note and the attached Disclosure Statement and **Itemization of Amount Financed**, the words "I," "me" and "my" mean each and all of those who sign or co-sign it. If more than one person signs this Note, each will be fully liable on the Note. "You," "your" and "yours" mean and refer to **Boston University** the "Institution") and any endorsee or assignee who is in possession of the Note, including but not limited to the MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY (the "Authority"), to which it is contemplated this Note will be transferred. The terms **FINANCE CHARGE, Total of Payments, Amount Financed** and **PREPAID FINANCE CHARGE** refer to the amounts disclosed on the attached **Disclosure Statement** and **Itemization of Amount Financed**. I understand that the "**FINANCE CHARGE**" and the "**Total of Payments**" disclosed below are estimates since the Disbursement Date (defined below) and my payment habits will determine the total interest I will pay as further explained below.

**1. Promise to Pay.** I promise to pay to your order **$15,584.42**, (or such lesser amount as is advanced to me or paid on my behalf, plus the Prepaid Finance Charge on the amount so advanced or paid on my behalf) (the "Original Principal Amount") plus deferred interest added to the Original Principal Amount of this Note pursuant to Section 2 below. The maximum amount of this Note, including such deferred interest, will be **$16,736.92**. I also promise to pay interest on the unpaid principal balance of this Note (calculated as set forth in Section 6 below) at the rate of **6.85%** per annum. The unpaid principal balance of this Note shall be said Original Principal Amount, plus any deferred interest added thereto pursuant to Section 2 below, minus any amount applied to principal due but unpaid pursuant to subsection 3(a) below. You may impose and I will pay a fee not in excess of the amount permitted by applicable law with respect to a payment which cannot be collected upon its initial deposit for collection because of insufficient funds or for any other reasons.

**2. Interest and Deferral.** Provided that I maintain at least half time student status at the Institution I may defer payment of principal until six months after my expected graduate date (but in no event later than **12/01/2000** (the "Repayment Commencement Date")). Interest on the unpaid principal balance of this Note will, however, accrue from the Disbursement Date (defined below) until I begin repayment. Payment of interest accruing before the Repayment Commencement Date may be deferred until the Repayment Commencement Date. Any such accrued but unpaid interest will be added to the unpaid principal balance of this Note monthly beginning on the first day of the month following the Disbursement Date.

**3. Definitions.** "**Disbursement Date**" means the date on which you lend money to me in consideration of the delivery of this Note and will be the dated date of my loan check or the date the loan funds are electronically transferred to the Institution. "**Maturity Date**" means the date that is the first day of the **193rd** month following the month in which the Disbursement Date occurs.

**THE TERMS OF THIS NOTE ARE CONTAINED ON BOTH SIDES OF THIS DOCUMENT.**

I acknowledge that I have received, read and understood the provisions of this Note, including those set forth on the reverse side of this document. My signature below both evidences such acknowledgment, including acknowledgment that the obligations of all persons signing this Note are joint and several, and constitutes my signature on this Note.

Student Borrower [signature] Date 10/5/99
Melanie J. Feuerstein

Co-Signer (#1) [signature] for William Schwank Date 10/5/99
William M. Schwank

Co-Signer (#2)______________________________ Date__________

**School Certification**
(To be Completed Only by Authorized School Official)

Student Name: **Melanie J. Feuerstein**

Social Security #: **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**

Loan Period: **08/99-05/00**

Student Grade Level: G-3

Anticipated Graduation Date: **05/~~01~~ 21/2000**

**Requested Amount: $15,000.00**

A. Cost of Attendance for loan period: 38536

B. Financial Aid for loan period: 28500

C. Maximum loan amount (A minus B): 10036

D. Approved Amount: 10000
(the lesser of C or Requested Amount)

CERTIFICATE OF PARTICIPATING INSTITUTION

- The Student is making satisfactory progress as defined by the Institution.
- The Student, Co-Applicant(s) if any, to the best of the undersigned's knowledge, have not defaulted on an educational loan and have not failed to refund an educational grant required to be refunded.
- The Institution is a degree-granting educational institution within the Commonwealth of Massachusetts authorized by law to provide a program of education beyond high school and has obtained from the United States Internal Revenue Service a determination that the undersigned is an organization exempt from federal income taxation under the Internal Revenue Code of 1986 (Section 501(c)(3)) in the case of a private institution) as amended, which determination remains in effect;
- [illegible] this Note, would have made the Borrower ineligible to receive such loan from the Institution in the amount made (the authorized school official's "knowledge" is limited to actual [illegible] in such Operations Manual).

4. Repayment.

(a) Commencement of repayment. I will repay this Note beginning on the Repayment Commencement Date in consecutive monthly installments in U.S. dollars until the Maturity Date (defined above). The amount of my monthly payment will be equal to the amount that would be sufficient to repay in full by the Maturity Date, in substantially equal monthly payments, the unpaid principal balance (including the deferred interest of this Note) as of the Repayment Commencement Date plus interest thereon at the stated interest rate. My installments will be due on the first day of every month starting on the Repayment Commencement Date. In any event I will pay this Note in full on or before the Maturity Date. Unless otherwise instructed by you, I will make each installment payable to the order of the Authority and will send it to P.O. Box 9095, Boston, MA 02205 in time to be received on or before its due date. I understand that I, and not you, will be responsible for errors or delays of the postal system. You will apply each payment in the following order of priority: fees for checks uncollectible because of insufficient funds or otherwise, interest due or unpaid for the assessment period, principal (including deferred interest added to principal pursuant to Section 2 above) due but unpaid, life and/or disability insurance premiums due but unpaid, if applicable, and principal not yet due. Within each priority, payments received will be applied to amounts in the order in which they first became due or payable.

(b) Change in status. If the Institution determines that I am no longer (for reasons other than graduation) at least a half-time student in the program at the Institution at which I am currently enrolled, then you, in your discretion, may require that I begin repayment of this Note six months after the date of such change in status. In such event, I will submit this Note to you and will sign a rewritten Note which will evidence my new repayment schedule. Such rewritten Note will bear the same rate of interest as this Note.

**5. Important-Read this Information Carefully**

When you receive my signed Note, you are not agreeing to lend me money. If you decide to make a loan to me, you will mail a loan check or electronically transfer the loan funds to the Institution. I understand that you have the right not to make a loan to me.

**6. Estimated Credit Terms-Right to Prepay in Full or in Part.** I have agreed to repay this loan according to the schedule set forth above. Interest will be assessed on the basis of the average daily outstanding principal balance during the applicable assessment period. Interest will be computed on the basis of a 365 or 366 day year for actual days elapsed. I may prepay the unpaid principal balance in full as of the first of any month without penalty. If I do so the entire unearned **FINANCE CHARGE** (other than the **PREPAID FINANCE CHARGE**, which has been charged to defray the costs of origination, servicing and administration of the loan evidenced by this Note) will be canceled. I will not receive any refund of the **PREPAID FINANCE CHARGE** or the earned portion of the **FINANCE CHARGE**; provided, however, that no **FINANCE CHARGE** will thus be imposed which is in excess of applicable law. I also may prepay part of the loan at any time without penalty. If I prepay part of the loan I will still be required to make monthly payments in the amounts set forth above, but the number of such monthly payments will be reduced, thereby shortening the repayment period of the loan. If I make any such partial prepayment, I will not receive any refund of the **PREPAID FINANCE CHARGE**; provided, however, that no **FINANCE CHARGE** will thus be imposed which is in excess of applicable law. A full or partial prepayment will decrease the total amount of the **FINANCE CHARGE** you have estimated, since interest is being calculated on the basis of the average daily outstanding principal balance. I understand that if I make a scheduled payment after it is due or if I make a scheduled payment prior to its due date, the total amount of the **FINANCE CHARGE** will increase or decrease accordingly since interest is being calculated on the basis of the average daily outstanding principal balance. I also understand that failure to pay any monthly installment or other payment when it is due will be a default on my part as stated below. I also understand that the "Total of Payments" disclosed is estimated since the **FINANCE CHARGE** is calculated on the basis of the average daily outstanding principal balance, which balance will be affected by my repayment habits, and on the basis of an assumed Disbursement Date.

**7. Default and Whole Loan Due.** I will be in default and the whole unpaid principal balance, plus accrued but unpaid interest, if any, then outstanding may become due and payable at once at your option and without notice or demand, if (a) payment of any amount required to be paid by me has not been received by you when due; or (b) I break any of my other promises under this Note, including any set forth under "Terms and Conditions" below; or (c) I fail to submit this Note to be rewritten by the Institution or I fail to sign such rewritten Note as required under subsection 3(b); or (d) any bankruptcy proceeding is begun by or against me or I assign any of my assets for the benefit of my creditors; or (e) I have made any false written statement, or omitted to state a fact necessary to make the written statements which I have made not misleading in applying for the loan evidenced by this Note; or (f) I withdraw from school within seven months of the Disbursement Date; or (g) I die.

TERMS AND CONDITIONS

The following terms and conditions shall be applicable to the loan evidenced hereby:

1. Neither the Institution nor any holder of the Note is required to grant any request for a suspension or other modification of the obligations of the Borrower and each Co-Signer to make payments. If any such request if granted, it shall be granted only upon such conditions as may be determined by such Institution or other holder, if any, in its or their discretion as the case may be.
2. The Borrower and each Co-Signer understand that the loan evidenced hereby may eliminate or reduce their ability to obtain other financial assistance for educational or other purposes.
3. To the extent permitted by applicable law, any life and disability insurance premiums (except unused premiums or portions thereof) and the **PREPAID FINANCE CHARGE** are non-refundable.
4. If the holder of this Note hires a collection agency or attorney to collect any amount owing under this Note, the Borrower or any Co-Signer shall pay all of the holder's costs and expenses, including reasonable attorney's fees, subject to any law limiting the obligation of the Borrower or such Co-Signer to pay such amounts.
5. The Borrower and each Co-Signer agree to notify the Institution and the holder of this Note in writing of any change of name or address. Failure by any of them to do so, or to respond in writing within a reasonable time to written inquiries by the Institution or the holder of this Note or a representative or agent of either of them relating to payment of this Note or observance or performance of any other term or condition of this Note, shall constitute a default under this Note.
6. The proceeds of the loan evidenced by this Note shall not be applied, directly or indirectly, for any purpose other than financing or refinancing the Student Borrower's cost of attendance at the Institution.
7. The acceptance of any delinquent installment(s) shall not operate to extend the time of payment of any amount(s) then remaining unpaid or constitute a waiver of any rights or remedies. No extension of time for the payment of any amount owing under this Note at any time shall alter the liability of the Borrower or any Co-Signer.
8. Presentment, demand, dishonor, protest and all other demands and notices in connection with the delivery, acceptance,

**MEFA Loan for Graduate Education**
**PROMISSORY NOTE**

52344/6745

In this Note and the attached Disclosure Statement and Itemization of Amount Financed, the words "I," "me" and "my" mean each and all of those who sign or co-sign it. If more than one person signs this Note, each will be fully liable on the Note. "You," "your" and "yours" mean and refer to Boston University (the "Institution") and any endorsee or assignee who is in possession of the Note, including but not limited to the MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY (the "Authority"), to which it is contemplated this Note will be transferred. The terms **FINANCE CHARGE, Total of Payments, Amount Financed and PREPAID FINANCE CHARGE** refer to the amounts disclosed on the attached **Disclosure Statement** and **Itemization of Amount Financed.** I understand that the **"FINANCE CHARGE"** and the **"Total of Payments"** disclosed below are estimates since the Disbursement Date (defined below) and my payment habits will determine the total interest I will pay as further explained below.

**1. Promise to Pay.** I promise to pay to your order $5,194.81, (or such lesser amount as is advanced to me or paid on my behalf, plus the Prepaid Finance Charge on the amount so advanced or paid on my behalf) (the "Original Principal Amount") plus deferred interest added to the Original Principal Amount of this Note pursuant to Section 2 below. The maximum amount of this Note, including such deferred interest, will be $5,382.45. I also promise to pay interest on the unpaid principal balance of this Note (calculated as set forth in Section 6 below) at the rate of 6.85% per annum. The unpaid principal balance of this Note shall be said Original Principal Amount, plus any deferred interest added thereto pursuant to Section 2 below, minus any amount applied to principal due but unpaid pursuant to subsection 3(a) below. You may impose and I will pay a fee not in excess of the amount permitted by applicable law with respect to a payment which cannot be collected upon its initial deposit for collection because of insufficient funds or for any other reasons.

**2. Interest and Deferral.** Provided that I maintain at least half time student status at the Institution I may defer payment of principal until six months after my expected graduate date (but in no event later than 12/01/2000 (the "Repayment Commencement Date")). Interest on the unpaid principal balance of this Note will, however, accrue from the Disbursement Date (defined below) until I begin repayment. Payment of interest accruing before the Repayment Commencement Date may be deferred until the Repayment Commencement Date. Any such accrued but unpaid interest will be added to the unpaid principal balance of this Note monthly beginning on the first day of the month following the Disbursement Date.

**3. Definitions. "Disbursement Date"** means the date on which you lend money to me in consideration of the delivery of this Note and will be the dated date of my loan check or the date the loan funds are electronically transferred to the Institution. **"Maturity Date"** means the date that is the first day of the 187th month following the month in which the Disbursement Date occurs.

**THE TERMS OF THIS NOTE ARE CONTAINED ON BOTH SIDES OF THIS DOCUMENT.**

I acknowledge that I have received, read and understood the provisions of this Note, including those set forth on the reverse side of this document. My signature below both evidences such acknowledgment, including acknowledgment that the obligations of all persons signing this Note are joint and several, and constitutes my signature on this Note.

Student Borrower [signature] Melanie J. Feuerstein — Date 3/8/00

Co-Signer (#1) [signature] for [signature] William M. Schwank — Date 3/4/00

Co-Signer (#2) POWER OF ATTY ON FILE — Date ______

**School Certification**
**(To be Completed Only by Authorized School Official)**

Student Name: Melanie J. Feuerstein — Social Security #: 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

Loan Period: 08/99-05/00 — Student Grade Level: 08

Anticipated Graduation Date: 05/01/2000 — Requested Amount: $5,000.00

A. Cost of Attendance for loan period: 43936

B. Financial Aid for loan period: 38500

5 437

Note to you and will sign a rewritten Note which will evidence my new repayment schedule. Such rewritten Note will be the same rate of interest as this Note.

5. Important-Read this Information Carefully

When you receive my signed Note, you are not agreeing to lend me money. If you decide to make a loan to me, you will mail a loan check or electronically transfer the loan funds to the Institution. I understand that you have the right not to make a loan to me.

6. Estimated Credit Terms-Right to Prepay in Full or in Part. I have agreed to repay this loan according to the schedule set forth above. Interest will be assessed on the basis of the average daily outstanding principal balance during the applicable assessment period. Interest will be computed on the basis of a 365 or 366 day year for actual days elapsed. I may prepay the unpaid principal balance in full as of the first of any month without penalty. If I do so the entire unearned **FINANCE CHARGE** (other than the **PREPAID FINANCE CHARGE**, which has been charged to defray the costs of origination, servicing and administration of the loan evidenced by this Note) will be canceled. I will not receive any refund of the **PREPAID FINANCE CHARGE** or the earned portion of the **FINANCE CHARGE**; provided, however, that no **FINANCE CHARGE** will thus be imposed which is in excess of applicable law. I also may prepay part of the loan at any time without penalty. If I prepay part of the loan I will still be required to make monthly payments in the amounts set forth above, but the number of such monthly payments will be reduced, thereby shortening the repayment period of the loan. If I make any such partial prepayment, I will not receive any refund of the **PREPAID FINANCE CHARGE**; provided, however, that no **FINANCE CHARGE** will thus be imposed which is in excess of applicable law. A full or partial prepayment will decrease the total amount of the **FINANCE CHARGE** you have estimated, since interest is being calculated on the basis of the average daily outstanding principal balance. I understand that if I make a scheduled payment after it is due or if I make a scheduled payment prior to its due date, the total amount of the **FINANCE CHARGE** will increase or decrease accordingly since interest is being calculated on the basis of the average daily outstanding principal balance. I also understand that failure to pay any monthly installment or other payment when it is due will be a default on my part as stated below. I also understand that the "**Total of Payments**" disclosed is estimated since the **FINANCE CHARGE** is calculated on the basis of the average daily outstanding principal balance, which balance will be affected by my repayment habits, and on the basis of an assumed Disbursement Date.

7. **Default and Whole Loan Due.** I will be in default and the whole unpaid principal balance, plus accrued but unpaid interest, if any, then outstanding may become due and payable at once at your option and without notice or demand, if (a) payment of any amount required to be paid by me has not been received by you when due; or (b) I break any of my other promises under this Note, including any set forth under "Terms and Conditions" below; or (c) I fail to submit this Note to be rewritten by the Institution or I fail to sign such rewritten Note as required under subsection 3(b); or (d) any bankruptcy proceeding is begun by or against me or I assign any of my assets for the benefit of my creditors; or (e) I have made any false written statement, or omitted to state a fact necessary to make the written statements which I have made not misleading in applying for the loan evidenced by this Note; or (f) I withdraw from school within seven months of the Disbursement Date; or (g) I die.

## TERMS AND CONDITIONS

The following terms and conditions shall be applicable to the loan evidenced hereby:

1. Neither the Institution nor any holder of the Note is required to grant any request for a suspension or other modification of the obligation of the Borrower and each Co-Signer to make payments. If any such request if granted, it shall be granted only upon such conditions as may be determined by such Institution or other holder, if any, in its or their discretion as the case may be.
2. The Borrower and each Co-Signer understand that the loan evidenced hereby may eliminate or reduce their ability to obtain other financial assistance for educational or other purposes.
3. To the extent permitted by applicable law, any life and disability insurance premiums (except unused premiums or portions thereof) and the **PREPAID FINANCE CHARGE** are non-refundable.
4. If the holder of this Note hires a collection agency or attorney to collect any amount owing under this Note, the Borrower or any Co-Signer shall pay all of the holder's costs and expenses, including reasonable attorney's fees, subject to any law limiting the obligation of the Borrower or such Co-Signer to pay such amounts.
5. The Borrower and each Co-Signer agree to notify the Institution and the holder of this Note in writing of any change of name or address. Failure by any of them to do so, or to respond in writing within a reasonable time to written inquiries by the Institution or the holder of this Note or a representative or agent of either of them relating to payment of this Note or observance or performance of any other term or condition of this Note, shall constitute a default under this Note.
6. The proceeds of the loan evidenced by this Note shall not be applied, directly or indirectly, for any purpose other than financing or refinancing the Student Borrower's cost of attendance at the Institution.
7. The acceptance of any delinquent installment(s) shall not operate to extend the time of payment of any amount(s) then remaining unpaid or constitute a waiver of any rights or remedies. No extension of time for the payment of any amount owing under this Note at any time shall alter the liability of the Borrower or any Co-Signer.
8. Presentment, demand, dishonor, protest and all other demands and notices in connection with the delivery, acceptance, performance or collection of this Note are hereby waived. This Note is a sealed instrument. This Note may be negotiated or assigned by the holder without the consent of the Borrower or any Co-Signer, but the obligations of the Borrower and any Co-Signer may not be assigned by the Borrower or any Co-Signer.
9. If any provision hereof is determined to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other provisions of this Note or of this Note as a whole.
10. You are located in Massachusetts. This Note will be entered into in Massachusetts. Your decision on whether to lend me money will be made in Massachusetts. The proceeds of my loan will be entirely or substantially expended at an educational institution in Massachusetts. Consequently, the provisions of this Note will be governed by the law of The Commonwealth of Massachusetts, without regard to conflict of law rules. I agree that any suit I bring against you (or against any subsequent holder of this Note) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which such subsequent holder maintains its) principal place of business.
11. If tuition and other institutional charges financed or refinanced by this loan are refunded in accordance with the policies of the Institution, I agree that such refund will be applied to reduce the outstanding principal balance of the loan evidenced by this Note. The **PREPAID FINANCE CHARGE**, however, is not refundable.
12. I acknowledge that the Authority's loan program is funded in part by a governmental unit and that this Note is, therefore, subject to the limits on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code.