## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELANIE JOI FEUERSTEIN, ) | |
| On behalf of herself and others similarly ) | |
| situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11593-JLT |
| ) | |
| ZWICKER & ASSOCIATES, P.C., ) | |
| PAUL W. ZWICKER, ) | |
| JEFF WIDRONIK a/k/a "Jeff Woods" ) | |
| BRIAN COYLE, ) | |
| ARTHUR J. TESSIMOND, JR., ) | |
| PHILLIP M. THOMPSON, and ) | |
| DOES 1-5 ) | |
| Defendants ) | |

## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

The Answering Defendants, Zwicker & Associates, P.C., Paul W. Zwicker, Jeff Widronik, Brian Coyle, Arthur J. Tessimond, Jr., and Phillip M. Thompson, ("Answering Defendants"), respond, paragraph by paragraph, as follows to the Third Amended Complaint filed by the plaintiff, Melanie Joi Feuerstein ("Feuerstein"):

### Introduction

1.      The allegations contained in Paragraph 1 consist merely of opinion or representations of law, and, consequently, do not pertain to the answering defendants, and accordingly, no response is required.   To the extent the allegations contained in Paragraph 1 are construed to be allegations of fact, they are denied.

### Jurisdiction and Venue

44570.1

2.      The answering defendants admit the allegations contained in this paragraph.

3.      The answering defendants admit the allegations contained in this paragraph.

## Parties

4.      The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.      The answering defendants admit the allegations contained in this paragraph.

6.      Denied as stated.  It is admitted only that a significant portion of the business of Zwicker & Associates, P.C. ("ZAPC") involved and involves the collection of consumer debts using the mails, telephone and legal process.  The answering defendants deny all remaining allegations contained in this paragraph.

7.      The answering defendants admit the allegations contained in this paragraph.

8.      The answering defendants admit the allegations contained in this paragraph.

9.      The answering defendants admit the allegations contained in this paragraph.

10.      The answering defendants admit the allegations contained in this paragraph.

11.      The answering defendants admit the allegations contained in this paragraph.

44570.1

12.     The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### Factual Allegations

13.     The answering defendants admit the allegations contained in this paragraph.

14.     The answering defendants admit the allegations contained in this paragraph.

15.     The answering defendants admit the allegations contained in this paragraph.

16.     The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     The answering defendants admit the allegations contained in this paragraph.

18.     The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.     The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.     The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.     The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and its subparagraphs.

25. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. The answering defendants deny the allegations in this paragraph.

a. Denied as stated. It is admitted only that in late December, 2002, Woods left a voicemail message requesting that Feuerstein call him back and leaving a callback number. The answering defendants further admit that in his message, Woods did not state the purpose of his call. The answering defendants deny all remaining allegations contained in this subparagraph.

b. The answering defendants deny the allegations contained in this subparagraph.

c. The answering defendants deny the allegations contained in this subparagraph.

44570.1

d.    The answering defendants deny the allegations contained in this subparagraph.

e.    The answering defendants deny the allegations contained in this subparagraph.

f.    The answering defendants deny the allegations contained in this subparagraph.

g.    Denied as stated.  It is admitted only that in February 2003, ZAPC sent a demand letter to Schwank, whose name is signed as co-maker on the promissory notes signed by Feuerstein.  The answering defendants deny all remaining allegations contained in this subparagraph.

h.    Denied as stated.  It is admitted only that Woods attempted to contact Feuerstein by telephone on or about February 12, 2003.   The answering defendants deny all remaining allegations contained in this subparagraph.

i.    The answering defendants deny the allegations contained in this subparagraph.

j.    Denied as stated.  It is admitted only that on or about February 13, 2003, Coyle attempted to contact Feuerstein by telephone.  The answering defendants deny all remaining allegations contained in this subparagraph.

k.    The answering defendants deny the allegations contained in this subparagraph.

l.    Denied as stated.  It is admitted only that on or about February 22, 2003, ZAPC sent to Feuerstein four demand letters copies of which are attached to the Third Amended Complaint as Exhibit B and that those letters contained the facsimile

5

signature of Tessimond, an attorney then employed by ZAPC.  The answering defendants deny all remaining allegations and deny all inconsistent allegations contained in this subparagraph.

        m.      Denied as stated.  It is admitted only that ZAPC's computer system would have been utilized in part of the process involved in sending the four letters to Feuerstein.  The answering defendants deny all remaining allegations contained in this subparagraph.

        n.      The answering defendants deny the allegations contained in this paragraph.

        o.      Denied as stated.  It is admitted only that on March 20, 2003, Woods called Schwank's place of employment.  The answering defendants deny all remaining allegations contained in this subparagraph.

        p.      Denied as stated.  It is admitted only that on March 25, 2003, Woods spoke with Michael DeZorett ("DeZorett"), who identified himself as Schwank's attorney.  The answering defendants also admit that Woods faxed documents to DeZorett.  The answering defendants deny all remaining allegations contained in this subparagraph.

        q.      Denied as stated.  It is admitted only that on or about March 26, 2003, ZAPC sent to Feuerstein four demand letters copies of which are attached to the Third Amended Complaint as Exhibit C and that those letters contained the facsimile signature of Tessimond, an attorney then employed by  ZAPC.  The answering defendants deny all remaining allegations and deny all inconsistent allegations contained in this subparagraph.

44570.1

r.    The answering defendants deny the allegations contained in this subparagraph.

s.    The answering defendants deny the allegations contained in this subparagraph.

t.    The answering defendants deny the allegations contained in this subparagraph.

u.    The answering defendants deny the allegations contained in this subparagraph.

v.    The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and third sentence of this subparagraph.  The answering defendants deny all remaining allegations contained in this subparagraph.

w.    The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this subparagraph.  The answering defendants deny all remaining allegations contained in this subparagraph.

x.    Denied as stated.  It is admitted only that on or about July 16, 2003, ZAPC sent to Feuerstein demand letters copies of which are attached to the Third Amended Complaint as Exhibit D and that those letters contained the facsimile signature of Tessimond, an attorney then employed by ZAPC.  The answering defendants deny all remaining allegations and deny all inconsistent allegations contained in this subparagraph.

y.    Denied as stated.  It is admitted only that in October, 2003, ZAPC filed a lawsuit on behalf of MEFA against Feuerstein in the Middlesex Superior Court, the Complaint in that case alleging that Feuerstein was delinquent on her MEFA loans and had defaulted on the four promissory notes copies of which are attached as an exhibit to the Third Amended Complaint.   The answering defendants deny all remaining allegations and deny all inconsistent allegations contained in this subparagraph.

z.    Denied as stated.  It is admitted only that ZAPC filed the lawsuit in Middlesex County.  The answering defendants deny all remaining allegations contained in this subparagraph.

aa.    The answering defendants deny the allegations contained in this subparagraph.

bb.    Denied as stated.  It is admitted only that on or about November 4, 2003, Barry Smith ("Smith") called Feuerstein and spoke with her.  The answering defendants deny all remaining allegations contained in this subparagraph.

cc.    The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding the manner in which Feuerstein obtained a copy the Complaint which ZAPC filed against her on behalf of MEFA.  The answering defendants admit the allegations contained in the second sentence of this subparagraph.

dd.    Denied as stated.  It is admitted only that on or about March 1, 2004, ZAPC sent to Feuerstein four demand letters copies of which are attached to the Third Amended Complaint as Exhibit E and that those letters contained the facsimile signature of Phillip M. Thompson ("Thompson"), an attorney employed by ZAPC.  The

answering defendants deny all remaining allegations and deny all inconsistent allegations contained in this subparagraph.

ee.    Denied as stated.  It is admitted only to the allegations contained in the first two sentences of this subparagraph.   The answering defendants deny the remaining allegations contained in this subparagraph.

ff.    The answering defendants admit that a copy the G.L. c. 93A demand letter received by ZAPC on April 21, 2004 is attached to the Third Amended Complaint as Exhibit G.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of this subparagraph.

30.    Denied as stated.  It is admitted only that some payments have been made. The answering defendants deny all remaining allegations contained in this paragraph.

31.    Denied as stated.  It is admitted only that ZAPC was informed, on at least one occasion, that Feuerstein disputed that she was in default of the promissory notes. The answering defendants deny all remaining allegations contained in this paragraph.

32.    The answering defendants deny the allegations contained in this paragraph.

33.    The answering defendants deny the allegations contained in this paragraph.

34.    The answering defendants deny the allegations contained in this paragraph.

## Individual Claims for Relief

### Count I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

35.    The answering defendants incorporate by reference their responses to paragraphs 1-34 as if expressly restated herein.

36.    The answering defendants admit the allegations contained in this paragraph.

37.    The answering defendants admit the allegations contained in this paragraph.

38.    The answering defendants deny the allegation in this paragraph insofar as it states that every one of the answering defendants was a debt collector and demands proof thereof at the trial of this matter.

39.    The answering defendants deny the allegations contained in this paragraph and in each of its subparagraphs (a)-(n).  The answering defendants further deny that Feuerstein is entitled to judgment in her favor or any other relief.

### Count II

### INVASION OF PRIVACY (G.L. c. 214, § 1B)

40.    The answering defendants incorporate by reference their responses to paragraphs 1-39 as if expressly restated herein.

41.    The answering defendants deny the allegations contained in this paragraph.  The answering defendants further deny that Feuerstein is entitled to judgment in her favor or any other relief.

### Count III

### ABUSE OF PROCESS

42.     The answering defendants incorporate by reference their responses to paragraphs 1-41 as if expressly restated herein.

43.     The answering defendants deny the allegations contained in this paragraph.

44.     The answering defendants deny the allegations contained in this paragraph.  The answering defendants further deny that Feuerstein is entitled to judgment in her favor or any other relief.

## Count IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.     The answering defendants incorporate by reference their responses to paragraphs 1-44 as if expressly restated herein.

46.     The answering defendants deny the allegations contained in this paragraph.

47.     The answering defendants deny the allegations contained in this paragraph.

48.     The answering defendants deny the allegations contained in this paragraph.  The answering defendants further deny that Feuerstein is entitled to judgment in her favor or any other relief.

## Count V

### VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, G.L. c. 93A, § 2

49.     The answering defendants incorporate by reference their responses to paragraphs 1-48 as if expressly restated herein.

11

50.    Denied as stated.  It is admitted only that ZAPC was and is engaged in trade or commerce.  The answering defendants deny all remaining allegations contained in this paragraph.

51.    The answering defendants deny the allegations contained in this paragraph and in its subparagraphs (a)-(e).

52.    The answering defendants deny the allegations contained in this paragraph.

53.    Denied as stated.  It is admitted only that on April 21, 2004, ZAPC received a G.L. c. 93A demand letter and that a copy of that letter is attached to the Third Amended Complaint as Exhibit G.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in the last sentence of this paragraph.  The answering defendants deny all remaining allegations contained in this paragraph.

54.    The answering defendants admit that a true copy of ZAPC's response to the plaintiff's attorney's demand letter is attached to the Third Amended Complaint as Exhibit I.  The answering defendants deny that the settlement offer set forth in ZAPC's response letter was unreasonable.  Further answering, the answering defendants state that the response letter was fully prepared so as to be timely sent to the plaintiff's attorney, but that through a clerical error at ZAPC, the response letter was not sent out on time, and that this error was explained to the plaintiff's attorney in writing in a May 24, 2004 letter at the time.  (See p.1 of Exhibit I attached to Third Amended Complaint).

44570.1

55.    The answering defendants deny the allegations contained in this paragraph. The answering defendants further deny that Feuerstein is entitled to judgment in her favor or any other relief.

**Class Action Claims**

**Count VI**

**VIOLATION OF THE FDCPA – UNLAWFUL NON-DISCLOSURE OF ATTORNEY'S FEES**

56.    The answering defendants incorporate by reference their responses to paragraphs 1-55 as if expressly restated herein.

57.    The answering defendants deny that the plaintiff is entitled to bring any action on behalf of any other persons and the answering defendants deny all remaining allegations contained in this paragraph.

58.    The answering defendants deny the allegations contained in this paragraph.

59.    The answering defendants deny the allegations contained in this paragraph.

60.    The answering defendants deny the allegations contained in this paragraph.

61.    The answering defendants deny the allegations contained in this paragraph.

62.    The answering defendants deny the allegations contained in this paragraph.

63.    The answering defendants deny the allegations contained in this paragraph.

44570.1

64.     Answering defendants are advised by counsel and therefore aver that the allegations contained in the Paragraph 64 of the Third Amended Complaint do not require a response, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial.  To the extent the allegations contained in this paragraph are construed to be allegations of fact pertaining to the answering defendants, they are denied.

### Count VII

### <u>VIOLATIONS OF MASSACHUSETTS CONSUMER PROTECTION ACT – NON-DISCLOSURE OF ATTORNEYS' FEES</u>

65.     The answering defendants incorporate by reference their responses to paragraphs 1-64 as if expressly restated herein.

66.     The answering defendants deny that the plaintiff is entitled to bring any action on behalf of any other persons and the answering defendants deny all remaining allegations contained in this paragraph.

67.     The answering defendants deny the allegations contained in this paragraph.

68.     The answering defendants deny the allegations contained in this paragraph.

69.     Denied as stated.  It is admitted only that on April 21, 2004, ZAPC received a purported G.L. c. 93A demand letter and that a copy of that letter is attached to the Third Amended Complaint as Exhibit G.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in the last sentence of this paragraph.  The answering defendants deny all remaining allegations contained in this paragraph.

44570.1

70.    The answering defendants admit that a true copy of ZAPC's response to the plaintiff's attorney's demand letter is attached to the Third Amended Complaint as Exhibit I. The answering defendants deny that the settlement offer set forth in ZAPC's response letter was unreasonable. Further answering, the answering defendants state that the response letter was fully prepared so as to be timely sent to the plaintiff's attorney, but that through an error at ZAPC, the response letter was not sent out on time, and that this error was explained to the plaintiff's attorney in writing at the time. (See p.1 of Exhibit I attached to Third Amended Complaint).

71.    The answering defendants deny the allegations contained in this paragraph.

72.    The answering defendants deny the allegations contained in this paragraph.

73.    The answering defendants deny the allegations contained in this paragraph.

74.    The answering defendants deny the allegations contained in this paragraph.

75.    The answering defendants deny the allegations contained in this paragraph.

76.    The answering defendants deny the allegations contained in this paragraph.

77.    Answering defendants are advised by counsel and therefore aver that the allegations contained in the Paragraph 77 of the Third Amended Complaint do not require a response, and accordingly, these allegations are neither admitted nor denied and

15

proof is demanded at the time of trial. To the extent the allegations contained in this paragraph are construed to be allegations of fact pertaining to the answering defendants, they are denied.

**Count VIII**

**VIOLATIONS OF FDCPA –UNLAWFULLY ASSESSING AND ATTEMPTING TO COLLECT ATTORNEY'S FEES**

78.    The answering defendants incorporate by reference their responses to paragraphs 1-77 as if expressly restated herein.

79.    The answering defendants deny that the plaintiff is entitled to bring any action on behalf of any other persons and the answering defendants deny all remaining allegations contained in this paragraph.

80.    The answering defendants deny the allegations contained in this paragraph.

81.    Denied as stated. It is admitted only that they have standard billing practices with respect to collection activity. The answering defendants deny all remaining allegations contained in this paragraph. Furthermore, the answering defendants deny that any valid "class" exists and deny that the plaintiff is entitled to proceed in this case on a class action basis.

82.    Denied as stated. It is admitted only that ZAPC sent collection letters to consumers. The answering defendants deny all remaining allegations contained in this paragraph.

83.    The answering defendants deny the allegations contained in this paragraph.

16

84.     The answering defendants deny the allegations contained in this paragraph.

85.     The answering defendants deny the allegations contained in this paragraph.

86.     Answering defendants are advised by counsel and therefore aver that the allegations contained in the Paragraph 86 of the Third Amended Complaint do not require a response, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial.  To the extent the allegations contained in this paragraph are construed to be allegations of fact pertaining to the answering defendants, they are denied.

**Count IX**

**VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT –
UNLAWFUL ASSESSMENT OF ATTORNEY'S FEE (ALL DEBTORS)**

87.     The answering defendants incorporate by reference their responses to paragraphs 1-87 as if expressly restated herein.

88.     The answering defendants deny that the plaintiff is entitled to bring any action on behalf of any other persons and the answering defendants deny all remaining allegations contained in this paragraph.

89.     The answering defendants deny the allegations contained in this paragraph.

90.     The answering defendants deny the allegations contained in this paragraph.

91.     Denied as stated.  It is admitted only that on April 21, 2004, ZAPC received a purported G.L. c. 93A demand letter and that a copy of that letter is attached to

17

the Third Amended Complaint as Exhibit G.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in the last sentence of this paragraph.  The answering defendants deny all remaining allegations contained in this paragraph.

92.     The answering defendants admit that a true copy of ZAPC's response to the plaintiff's attorney's demand letter is attached to the Third Amended Complaint as Exhibit I.  The answering defendants deny that the settlement offer set forth in ZAPC's response letter was unreasonable.  Further answering, the answering defendants state that the response letter was fully prepared so as to be timely sent to the plaintiff's attorney, but that through an error at ZAPC, the response letter was not sent out on time, and that this error was explained to the plaintiff's attorney in writing at the time.  (See p.1 of Exhibit I attached to Third Amended Complaint).

93.     The answering defendants deny the allegations contained in this paragraph.

94.     Denied as stated.  It is admitted only that they have standard billing practices with respect to collection activity. The answering defendants deny all remaining allegations contained in this paragraph.

95.     Denied as stated.  It is admitted only that ZAPC sent collection letters to consumers. The answering defendants deny all remaining allegations contained in this paragraph.

96.     The answering defendants deny the allegations contained in this paragraph.

44570.1

97.     The answering defendants deny the allegations contained in this paragraph.

98.     The answering defendants deny the allegations contained in this paragraph.

99.     Answering defendants are advised by counsel and therefore aver that the allegations contained in the Paragraph 99 of the Third Amended Complaint do not require a response, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial.  To the extent the allegations contained in this paragraph are construed to be allegations of fact pertaining to the answering defendants, they are denied.

### Count X

**<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – DECEPTIVENESS AS TO ATTORNEY INVOLVEMENT IN SENDING DUNNING LETTERS</u>**

100.    The answering defendants incorporate by reference their responses to paragraphs 1-99 as if expressly restated herein.

101.    The answering defendants deny the allegations contained in this paragraph.

102.    Denied as stated.  It is admitted only that the quoted language is contained in the letters referenced.  The answering defendants deny all remaining allegations contained in this paragraph.

103.    The answering defendants deny the allegations contained in this paragraph.

104.    Answering defendants are advised by counsel and therefore aver that the allegations contained in the Paragraph 104 of the Third Amended Complaint do not require a response, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial.  To the extent the allegations contained in this paragraph are construed to be allegations of fact pertaining to the answering defendants, they are denied.

105.    The answering defendants deny the allegations contained in this paragraph.

106.    The answering defendants deny the allegations contained in this paragraph.

107.    The answering defendants deny the allegations contained in this paragraph.

108.    The answering defendants deny the allegations contained in this paragraph.

109.    The answering defendants deny the allegations contained in this paragraph.

110.    Answering defendants are advised by counsel and therefore aver that the allegations contained in the Paragraph 110 of the Third Amended Complaint do not require a response, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial.  To the extent the allegations contained in this paragraph are construed to be allegations of fact pertaining to the answering defendants, they are denied.

**Count XI**

44570.1

### VIOLATIONS OF MASSACHUSETTS CONSUMER PROTECTION ACT – DECEPTIVENESS AS TO DEGREE OF ATTORNEY INVOLVEMENT

111.   The answering defendants incorporate by reference their responses to paragraphs 1-110 as if expressly restated herein.

112.   The answering defendants deny the allegations contained in this paragraph.

113.   The answering defendants deny the allegations contained in this paragraph.

114.   Denied as stated.  It is admitted only that on April 21, 2004, ZAPC received a purported G.L. c. 93A demand letter and that a copy of that letter is attached to the Third Amended Complaint as Exhibit G.  The answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in the last sentence of this paragraph.  The answering defendants deny all remaining allegations contained in this paragraph.

115.   The answering defendants admit that a true copy of ZAPC's response to the plaintiff's attorney's demand letter is attached to the Third Amended Complaint as Exhibit I.  The answering defendants deny that the settlement offer set forth in ZAPC's response letter was unreasonable.  Further answering, the answering defendants state that the response letter was fully prepared so as to be timely sent to the plaintiff's attorney, but that through an error at ZAPC, the response letter was not sent out on time, and that this error was explained to the plaintiff's attorney in writing at the time.  (See p.1 of Exhibit I attached to Third Amended Complaint).

116.   The answering defendants deny the allegations contained in this paragraph.

21

44570.1

117.     Answering defendants are advised by counsel and therefore aver that the allegations contained in the Paragraph 117 of the Third Amended Complaint do not require a response, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial.  To the extent the allegations contained in this paragraph are construed to be allegations of fact pertaining to the answering defendants, they are denied.

118.     The answering defendants deny the allegations contained in this paragraph.

119.     The answering defendants deny the allegations contained in this paragraph.

120.     The answering defendants deny the allegations contained in this paragraph.

121.     The answering defendants deny the allegations contained in this paragraph.

122.     The answering defendants deny the allegations contained in this paragraph.

123.     Answering defendants are advised by counsel and therefore aver that the allegations contained in the Paragraph 110 of the Third Amended Complaint do not require a response, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial.  To the extent the allegations contained in this paragraph are construed to be allegations of fact pertaining to the answering defendants, they are denied.

## DEMAND FOR JURY TRIAL

44570.1

The Answering Defendants, Zwicker & Associates, P.C., Paul W. Zwicker, Jeff Widronik, Brian Coyle, Arthur J. Tessimond, Jr., and Phillip M. Thompson, demand a trial by jury for all of the issues and all of the counts alleged by the Plaintiff, Melanie Joi Feuerstein, in her Third Amended Complaint.

WHEREFORE, the Answering Defendants pray for judgment as follows:

  a)  dismissing each part of the Third Amended Complaint on its merits;

  b)  for their costs, disbursements and attorney fees; and

  c)  for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Third Amended Complaint should be dismissed pursuant to Rule 12(b)(1) insofar as this Court lacks subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Third Amended Complaint should be dismissed pursuant to Rule 12(b)(2) insofar as this Court lacks personal jurisdiction over the answering defendants.

### THIRD AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Third Amended Complaint should be dismissed pursuant to Rule 12(b)(3) insofar as venue is not proper.

### FOURTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Third Amended Complaint should be dismissed against the answering defendants pursuant to Rule 12(b)(4) for insufficiency of process.

### FIFTH AFFIRMATIVE DEFENSE

44570.1

The answering defendants state that the plaintiff's Third Amended Complaint should be dismissed against the answering defendants pursuant to Rule 12(b)(5) insofar as service of process upon the answering defendants was not sufficient.

## SIXTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Third Amended Complaint should be dismissed against the answering defendants pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted on the bases that the statute of limitations period has expired, the conduct alleged does not violate the FDCPA, the plaintiff is not an adequate representative of the interest of any putative class; and/or the putative class is not entitled to relief under Mass. Gen. Laws c. 93A.

## SEVENTH AFFIRMATIVE DEFENSE

The answering defendants state that if the plaintiff sustained damages as alleged in the Third Amended Complaint, such damages were caused by a third person over whom the answering defendants exercised no control, and for whom the answering defendants are and were not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

The answering defendants state that if the plaintiff sustained damages as alleged in the Third Amended Complaint, such damages were caused by the intervening and superseding acts of a third person, which acts the answering defendants did not and reasonably could not foresee.

## NINTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff is estopped from bringing this action.

## TENTH AFFIRMATIVE DEFENSE

The answering defendants state that this action was not commenced within the time required by the applicable statute of limitations, and, therefore, plaintiff's claim should be barred.

## ELEVENTH AFFIRMATIVE DEFENSE

44570.1

The answering defendants state that the plaintiff has waived any right to bring this action, and, therefore, the plaintiff's claim should be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to mitigate her damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The award of statutory damages in this case, if any, is limited to a total of $1,000.

## FOURTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that upon information and belief, if any violations of the FDCPA are found, then, and in that event, the answering defendants are not liable pursuant to 15 U.S.C. § 1692k(c), as such violations were the result of bona fide errors, notwithstanding the maintenance of procedures reasonably adopted to avoid any such errors.

## FIFTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to serve a written demand for relief at least (30) thirty days in advance of filing suit pursuant to M.G.L. ch. 93A, § 9(3), and/or any such written demand for relief that may have been served was insufficient and, as such, the plaintiff is barred from recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff's Third Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted insofar as the plaintiff claims relief pursuant to M.G.L. ch. 93A, where the provisions of that statute have not been satisfied.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that any interactions they may have had with the plaintiff did not constitute an "unreasonable, substantial or serious interference" with the plaintiff's statutory right of privacy.

44570.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff gave consent in fact and/or apparent consent to any alleged actions of the answering defendants thereby barring the plaintiff's action and/or recovery.

## NINETEENTH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to show any physical harm causally related to the allegations in the plaintiff's Third Amended Complaint thereby barring any recovery for intentional infliction of emotional distress.

## TWENTIETH AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to show the required element of intent thereby barring any recovery for intentional infliction of emotional distress.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The answering defendants state that the plaintiff has failed to show the required element that the conduct of said defendants was extreme and outrageous thereby barring any recovery for intentional infliction of emotional distress.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiff is unable to satisfy the requirements necessary to proceed in this case on a class action basis.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Contingent fee agreements are not unreasonable as a matter of law under the FDCPA or the Higher Education Act (HEA).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The acts of the guaranty agency are exempted from the FDCPA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The assessment of attorney's fees, where applicable, is permissible under the agreement entered into by the debtor.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

44570.1

All fees assessed, sought, and/or collected by the defendants were reasonable.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff and the putative class are not entitled to duplicate recovery under multiple theories for one act of conduct.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The answering defendants intend to add and rely upon such other and further defenses as may become apparent during the discovery process in this action, and reserves the right to amend their answer to assert such defenses.

Respectfully Submitted,
ZWICKER & ASSOCIATES, P.C.,
PAUL W. ZWICKER, JEFF
WRODONIK, BRIAN COYLE,
ARTHUR J. TESSIMOND, JR., and
PHILLIP M. THOMPSON
The defendants,


 /s/ Mark R. Freitas
William T. Bogaert, BBO #546321
Mark R. Freitas, BBO #641205
Thomas A. Leghorn, (*pro hac vice*)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

27

## <u>CERTIFICATE OF SERVICE</u>

I, Mark R. Freitas, do hereby certify that I have on this 26th day of September 2005, served a copy of the foregoing on the following:

Kenneth Quat, Esq.
9 Dammonmill Square
Suite 4A-4
Concord, MA  01742

Robert W. Thuotte
Zwicker & Associates
100 Old River Road
Andover, MA 01810


/s/ Mark R. Freitas
Mark R. Freitas

28