# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| EILEEN FEUERSTEIN, Administratrix of the Estate of Melanie Joi Feuerstein, On behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C., PAUL W. ZWICKER, JEFF W WIDRONIK a/k/a "Jeff Woods" BRIAN COYLE, ARTHUR J. TESSIMOND, JR., PHILLIP M. THOMPSON, and DOES 1-5<br><br>    Defendants | Civil Action No. 04-11593-WGY |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

Eileen Feuerstein, in her capacity as Administratrix of the Estate of Melanie Joi Feuerstein ("Plaintiff'), and Zwicker & Associates, P.C. ("Zwicker") respectfully move the Court to enter an order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the class Settlement Agreement filed herewith; and (iii) appointing Kenneth D. Quat as class counsel and Eileen Feuerstein as class representative.

In support of this motion, the parties state as follows:

1. Plaintiff's decedent filed the above captioned lawsuit against the defendant Zwicker and Associates, P.C. ("Zwicker") and certain individuals claiming violations of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Massachusetts Consumer Protection Act, G.L. c. 93A, section 2.  The complaint alleged, *inter alia,* that Zwicker sent her and class members collection letters with respect to debts allegedly owed to the Massachusetts Educational Financing Authority ("MEFA") which failed to disclose attorney's fees and/or collection costs.  Defendant denies that it committed a violation of the FDCPA, state law, or is liable to plaintiff or any class members.

2.      Counsel for the parties have engaged in substantial discovery, formal mediation, and extensive negotiations.  In addition, counsel have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, the parties have entered into the Settlement Agreement.

3.      The terms of the proposed Settlement Agreement are as follows:

a.      Class Certification. The parties agree to the certification of a class for settlement purposes only, consisting of:

   Any individual who was or is alleged to owe a debt to Massachusetts Education Financing Authority ("MEFA") and who in connection with same was sent a letter in substantially the same form as Exhibit 1 to the settlement agreement by Zwicker between July 17, 2000 through the date the Settlement Agreement is preliminarily approved by the Court, and who, prior to litigation being commenced, paid the full amount of the alleged underlying debt (principal and accrued interest) plus all attorney's fees and/or collection

costs alleged to be due, without first receiving any itemization of principal, interest, and/or costs (including attorney's fees, if applicable) before final payment was made.

        The parties have determined that the class, as defined, consists of 45 individuals.

b.      Class Notice.  Zwicker will give, or cause to be given, notice to the class members by a form of U.S. Mail which permits receiving address correction information.

c.      Class Members' Right to Opt Out.  Class members may seek to be excluded from the Settlement Agreement and the lawsuit by opting out of the settlement class within the time period set by this Court. Any member who opts out of the settlement class shall not be bound by the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement.

d.      Relief to the Class. Defendant agrees to pay 85% of the total sum paid by each class member to defendant as attorneys' fees and/or collection costs, which amounts to total restitution to class members of $81,888.98.

e.      Attorneys' Fees and Costs.  Subject to the Court's approval, Zwicker agrees to pay counsel fees and costs to class counsel.  Zwicker will not object to any petition for fees and costs that does not exceed $65,000, and agrees that such amount or lower is reasonable.  Counsel fees and costs were negotiated separately from the relief obtained for the class members, and are in addition to the amounts Zwicker shall pay to the class members.

f.      Further Relief.  Zwicker has agreed to modify its standard collection letters used in connection with MEFA debtors so as to identify and itemize attorney's fees and/or collection costs.  Copies of the revised letters are appended to the Settlement Agreement.

 f. Costs of Notice and Administration. Defendant shall bear the costs of class notice and distribution of settlement funds.

4. For the following reasons, Plaintiff asks the Court to find that the requirements of Rule 23 have been satisfied and certify the class for settlement purposes only.

 a. Rule 23(a)(1) - The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.

  Rule 23(a)(1) requires that "the class [be] so numerous the joinder of all members is impracticable." The standard of impracticability does not mean "impossibility" but only difficulty or inconvenience of joining all members of the class. The issue is not solely the numerical size of the class but whether, as explicitly stated in Rule 23(a)(1), joinder is impracticable. *Hatisberry v. Lee*, 311 U.S. 32, 41 (1941). Thus, numerosity is established by showing that the number of class members, when considered with other factors such as the size of the claims and the geographical dispersion of members, renders joinder "difficult or inconvenient." *Duhaime v. John Hancock Mutual Life Insurance Company*, 177 F.R.D. 54, 62 (D. Mass. 1997), *aff'd.* 183 F.3d 1 (1st Cir. 1999). Here, there are 45 persons in the proposed settlement class. These are sufficient numbers to satisfy the numerosity requirement of Rule 23(a)(1). *See*, e.g., *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969)(10-29 class members); *Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986)(20 class members). The leading class action authority has stated that a class consisting of 40 members "should meet the [numerosity] test on that fact alone." 3 *Newberg on Class Actions (3rd ed.),* p. 3-25.

b.  Rule 23(a)(2) - The Claims Of The Settlement Class Arise From Common Questions Of Law And Fact.

The commonality standard of rule 23(a)(2) "is a 'low hurdle' easily surmounted." *Duhaime*, 177 F.R.D. at 62, quoting *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 185 (N.D. Ill. 1992). Here, all members of the proposed class allege the same fundamental injury arising out of the same form document. Plaintiff's decedent and all class members were sent one or more form collection letters that is alleged to violate certain provisions of the FDCPA. Plaintiff and class members are united by these common issues of fact and law. Where, as here, the class claims all involve "standardized conduct" as well as a "form contract," "the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944,949 (N.D.Ill 1984).

c.  Rule 23(a)(3) – The Claims of the Named Plaintiff Are Typical Of the Claims Of The Settlement Class.

"Typicality" within the meaning of the rule means simply that the claims of the named plaintiff arises from the same type of conduct which gave rise to the class members' claims. *Burstein v Applied Extrusion Technologic, Inc.*, 153 F.R.D. 488, 491 (D. Mass. 1994). Thus, "[t]ypicality is established when there is 'a sufficient relationship . . . between the injury to the named plaintiff and the conduct affecting the class,' and the claims of the named plaintiff and those of the class 'are based on the same legal theory'." Newberg, §3.13, at 376. *See Adair v. Sorenson*, 134 F.R.D.13, 17 (D. Mass. 1991) ("The named plaintiff's claims are typical of the class when the plaintiff's injuries arise from the same event, practice or course of conduct of the defendant as do the injuries which form the basis of the class claim."); *De La Fuente v. Stokley-Van Camp, Inc.,* 713 F.2d

225, 232 (7th Cir. 1993) ("A plaintiffs claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

In the present case, because all claims arise from the same allegedly unlawful aspect of defendant's standard form collection letter, the typicality requirement of Rule 23(a)(3) is satisfied.

d.   Rule 23(a)(4) - Plaintiff Will Fairly And Adequately Protect The Interests Of The Settlement Classes.

Rule 23(a)(4) involves two considerations: (1) whether the plaintiff's attorney is properly qualified and sufficiently experienced to conduct the litigation; and (2) whether the plaintiff has any interests antagonistic to the class. *Adair v. Sorenson*, 134 F.R.D. 13, 17 (D.Mass. 1991). *Accord*, *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). This element is generally characterized as an inquiry into whether the attorney, together with the named plaintiff, will act diligently on behalf of the class. *Duhaime,* 177 F.R.D. at 64.

Here, plaintiff's counsel has substantial experience in consumer and class action litigation and has zealously litigated this matter on behalf of the class. *See* Exhibit A. In addition, plaintiff's decedent – herself an attorney – was thoroughly involved in the conduct of the litigation, and through such involvement demonstrated that she did not have any interests which are antagonistic to the settlement class members. Indeed, the

very facts that this matter has been extensively and aggressively litigated and that the proposed settlement has been achieved constitute ample evidence that this element of Rule 23 has been satisfied. Moreover, it is entirely appropriate for the fiduciary of an estate to serve as class representative. *See,* e.g., *Kaplan v. Pomerantz,* 131 F.R.D. 118, 123-124 (N.D.Ill. 1990); *Shamberg v. Ahlstrom,* 111 F.R.D. 689, 693-694 (D.N.J. 1986). This is especially true where, as here, the case had been settled while Melanie Joi Feuerstein was alive and the duties of her administratrix will be limited to consummating the settlement and overseeing the administration of notice and claims.

e.       The Settlement Class May Be Certified Pursuant to Rule 23(b)(3).

Rule 23(b)(3) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As discussed above, all of the issues of law and fact with regard to liability are identical as to the class members, and only the damages to be recovered by each class member are individualized, but these are easily subject to calculation by applying a standard formula. Under these circumstances, Rule 23(b)(3) is satisfied. The courts have routinely found predominance of common questions where the claims relate to a common course of conduct. *See*. e.g., *Waste Mgt. Holdings, Inc. v. Mowbry,*, 208 F.3d 288, 296 (1st Cir. 2000) (predominance requirement satisfied by "sufficient constellation of common issues [that] bind class members together" and "cannot be reduced to a mechanical, single issue test"); *Duhaime*, 177 F.R.D. at 64 (predominance requirement is "readily met in cases alleging consumer . . . fraud" where claim alleges single course of conduct). Here, where the claims of class members, the circumstances

under which the claims arise, and the method of establishing damages are all identical, predominance is established.

Whether a class action is superior to individual litigation rests on four factors: (i) whether individuals have a strong interest in controlling potentially separate actions; (ii) a class action's effect on competing litigation involving members of the class; (iii) whether resolution of the case in a single forum is desirable; and (iv) the potential difficulties that management of a class action presents. In sum, a class action is the superior method of resolving claims if it will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615. And, it is well-recognized that a class action is the superior method of resolving the controversy where it "allows the plaintiffs to pool claims which would be uneconomical to litigate individually." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985). Here, the claims of more than half the class members are less than $2,000, and no member of the settlement class has previously brought an individual claim of the type at issue here. Moreover, concentrating the class claim in this single forum is beneficial and forecloses the possibility of competing actions. Nor are there any unusual management problems present here. Indeed, when "confronted with a request for settlement only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620. Finally, the rights of class members are fully protected since any class member who wishes to pursue an individual claim may opt out of the settlement.

## Conclusion

A district court should approve a class action settlement if it is fair, adequate and reasonable. *Durrett v. Housing Authority of the City of Providence,* 896 F.2d 600, 604 (1st Cir. 1990); *Duhaime,* 177 F.R.D. at 67. The parties respectfully submit that that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the class members. For the foregoing reasons, the parties respectfully request that the Court enter an order in the form of Exhibit 5 to the Settlement Agreement, which (i) certifies the herein-described class for settlement purposes; (ii) grants preliminary approval of the proposed settlement, (iii) appoints Kenneth D. Quat as class counsel; (iv) appoints Eileen Feuerstein as class representative; (v) directs that notice be provided to class members as set forth in the Settlement Agreement; (vi) sets dates for opt-outs and objections; and (vii) sets a date for the final approval hearing under Fed. R. Civ. P. 23(e)(3).

Respectfully submitted,

/s/Kenneth D. Quat
BBO#408640
9 Dammonmill Square
Suite 4A-4
Concord, MA  01742
(978) 369-0848
ken@quatlaw.com

/s/Mark R. Freitas
BBO# 641205
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300
FreitasM@WEMED.com