# Class Action Settlement Agreement

This Settlement Agreement ("**Agreement**") is entered into between the plaintiff, Eileen Feuerstein, Administratrix of the Estate of Melanie Joi Feuerstein ("**Class Representative**" or "**Plaintiff**") on behalf of herself and the Settlement Class defined below, on the one hand, and the defendant, Zwicker & Associates, P.C., ("**Zwicker**" or "**Defendant**") on the other hand (collectively, the "**Parties**").

1. **RECITALS**

    1.1. On or about July 16, 2004, Class Representative's decedent filed an action against Defendant entitled *Melanie Joi Feuerstein v. Zwicker & Associates, P.C., et al.* in the United States District Court, Eastern District of Massachusetts, Docket Number 04-11593.

    1.2. In the Original Complaint, Plaintiff's decedent, in her individual capacity, alleged certain practices employed by Defendant to collect on an alleged debt violated federal and state debt collection laws, caused her emotional distress, invaded her privacy, and were an abuse of process. It was further alleged that these practices also violated the Massachusetts Consumer Protection Statute.

    1.3. In the Original Complaint, Plaintiff's decedent alleged that she had received letters from Defendant that stated she owed a certain figure that included an amount for attorney's fees that was calculated simply as a percentage of the underlying debt amount. Plaintiff's decedent further alleged that her agreement with the creditor, the Massachusetts Education Financing Authority ("MEFA"), did not allow for such a calculation and, as a result, such an assessment of attorney's fees was in violation of the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C.

51500.13

§ 1692e(2)(B) and § 1692f(1) as well as the Massachusetts Consumer Protection Statute, M.G.L. c. 93A, § 2.  It was also alleged that collection letters sent by defendant did not identify or specify attorney's fees or costs in the amount allegedly due.

1.4. Defendant denied these allegations and claims.  Defendant also asserted various affirmative defenses.

1.5. On or about April 26, 2005, an Amended Complaint was filed to reflect the dismissal of all claims against a certain individual defendant.

1.6. On or about July 7, 2005, a Second Amended Complaint was filed which alleged that the letters, described in Section 1.3, *supra*, violated the FDCPA and the Massachusetts Consumer Protection Statute, were sent to consumer debtors with alleged obligations to creditors other than MEFA.

1.7. Defendant denied these allegations and claims.  Defendant also asserted various affirmative defenses.

1.8. On or about July 19, 2005, August 2, 2005, and June 16, 2006, the Parties engaged in mediation sessions conducted by the Hon. Robert Collings (U.S. Magistrate Judge) at the Federal Courthouse in Boston (the "Mediation") and engaged in additional arms-length negotiations throughout until an agreement in principle was reached during the last mediation session.

1.9. On or about September 13, 2005, a Third Amended Complaint was filed alleging that collection letters sent by Defendant to debtors contained ambiguous and misleading language with respect to the degree of attorney involvement and services performed.  Consequently, it was alleged that such conduct was in violation of the FDCPA,

specifically 15 U.S.C. § 1692e(2) and § 1692e(10), as well as the Massachusetts Consumer Protection Statute, M.G.L. c. 93A, §2.

1.10. Following the filing of the Third Amended Complaint, the parties continued to engage in negotiations as well as formal discovery. On June 16, 2006, following the final mediation session with Hon. Robert Collings, the parties reached a settlement of all claims. A settlement agreement pertaining to the individual claims of plaintiff's decedent was filed with and approved by the Court on that day. Since that time the parties have been engaged in drafting settlement documents pertaining to the class claims.

1.11. On February 8, 2007, Melanie Joi Feuerstein passed away suddenly and unexpectedly.

1.12. On February 28, 2007, Eileen Feuerstein was appointed by the Norfolk Probate Court as Administratrix of the Estate of Melanie Joi Feuerstein (docket no. 07P0612).

1.13. Defendant denies plaintiff's allegations and claims and asserts various affirmative defenses. Furthermore, Defendant denies that this case is properly certifiable as a class action.

1.14. In order to avoid the expense, inconvenience, and interference with business operations associated with the Litigation, Defendant has concluded that it is in its best interest to settle the Litigation according to the terms set forth below. Plaintiff and her attorney have likewise concluded, after due investigation and carefully considering the relevant circumstances, the costs, risks, and uncertain length of continued Litigation and the applicable law, that it would be in the best interest of the Settlement Class to enter into this Settlement Agreement in order to ensure that

51500.13

certain substantial benefits are obtained for the Settlement Class.  Settlement Class Counsel and the Plaintiff additionally consider the settlement set forth herein to be fair, reasonable, adequate, and in the best interest of the Settlement Class.

1.15. The parties and their attorneys stipulate that this Agreement and the settlement embodied herein do not constitute an admission by Defendant that any claim or fact alleged by Plaintiff is true or correct.  Nor do they constitute an admission by Plaintiff that any claim or fact alleged by her is untrue or incorrect, or that any of Defendant's allegations or affirmative defenses have merit.  Defendant expressly denies any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action; therefore, nothing in this Settlement Agreement shall be used to constitute an admission of liability or be used as evidence of liability, and the final judgment shall expressly state that there has been no admission or finding of liability.

1.16. Each of the terms set forth herein was reached as a result of discovery conducted by the parties and arms-length negotiations, including without limitation the Mediation.  It is agreed by and among the undersigned, on behalf of Defendant, Class Representative, and the Settlement Class, that the Litigation be considered settled, compromised and dismissed on the merits and with prejudice, subject to the approval of the Court, on the following terms and conditions:

2. **DEFINED TERMS**

The following shall be defined terms for purposes of this Agreement:

2.1. "Agreement" or "Settlement Agreement" means this Settlement Agreement, including all exhibits attached thereto.

2.2. "Class" or "Settlement Class" means Plaintiff and Class Members.

2.3. "Class Action Settlement" means the resolution of the Litigation pursuant to the terms of this Agreement.

2.4. "Class Benefit" means the benefit that is provided to Class Members that is set forth in Section 4.1 of this Agreement.

2.5. "Class Member" means any individual who was or is alleged to owe a debt to MEFA ("underlying debt") and in connection with same was sent a letter in substantially the same form as in **Exhibit No. 1** by Defendant between July 17, 2000 through the date this Settlement Agreement is preliminarily approved by the Court, and who, prior to litigation being commenced, paid the full amount of the alleged underlying debt (principal and accrued interest) plus all attorney's fees and/or collection costs alleged to be due, without first receiving any itemization of principal, interest, and/or costs (including attorney's fees, if applicable) before final payment was made.

2.6. "Class Representative" and "Plaintiff" means Eileen Feuerstein as Administratrix of the Estate of Melanie Joi Feuerstein.

2.7. "Defendant" means Zwicker & Associates, P.C.

2.8. "Defendant's Counsel" means the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP.

2.9. "Effective Date" means the latest of: (i) the date of final affirmance on an appeal, the expiration of the time for a petition for review, or if review be granted, the date of final affirmance following review pursuant to that grant, (ii) the date of final dismissal of any appeal or the final dismissal of any proceeding on review; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the District Court's judgment approving this Agreement.

51500.13

2.10. "Excluded Class Members" means all persons who timely and validly request exclusion from the Class in compliance with the requirements of the Settlement Notice. It also means any person who, during the class period, has asserted a Released Claim as defined herein against any or all of the defendants and either: (a) settled such claim pursuant to a global release; or (b) has such claim dismissed with prejudice or denied by final judgment.

2.11. "Final Approval" means issuance of judgment granting final approval of this Class Action Settlement.

2.12. "Litigation" means *Eileen Feuerstein, Administratrix of the Estate of Melanie Joi Feuerstein v. Zwicker & Associates, P.C., et al.* in the United States District Court, Eastern District of Massachusetts, Docket Number 04-11593-WGY.

2.13. "MEFA" means the Massachusetts Education Financing Authority, and each of its predecessors, successors, subsidiaries, parent companies, sister companies, divisions, joint ventures, partners, principals, officers, directors, employees, shareholders, stockholders, administrators, receivers, trustees, and assigns. The parties do not intend that the term "MEFA" as used in this paragraph or elsewhere in this Agreement to apply to Key Bank, Key Corp, Key Education Resources, Affiliated Computer Services, Inc. or any of their predecessors, successors, subsidiaries, parent companies, sister companies, divisions, joint ventures, partners, principals, officers, directors, employees shareholders, stockholders, administrators, receivers, trustees, and assigns

2.14. "Notice Date" means the first day that the Defendant initiates delivery of the Settlement Notice as set forth in Section 5.1 of this Agreement, which shall be no

more than 21 days after the preliminary approval date.

2.15. "Parties" means Plaintiff and Defendant, collectively.

2.16. "Preliminary Approval" means the entry of an order by the Court granting preliminary approval to the terms of this agreement and approving the form of the Class Notice.

2.17. "Preliminary Approval Date" means the date upon with the Court issues an order granting Preliminary Approval.

2.18. "Released Claims" means those claims which arise out of, or are based on, the payment by a Class Member, prior to the commencement of litigation on the underlying debt, of all attorneys' fees and/or collection costs alleged to be due to defendant over and above the full amount of the alleged underlying MEFA debt (principal and interest) without first receiving any itemization of said fees and/or costs before final payment was made.

2.19. "Released Parties" means the Parties and the Settlement Class Members as defined herein and all of their past and present officers, directors, agents, servants, sureties, attorneys, employees, parents, associates, controlling or principal shareholders, general or limited partners or partnerships, subsidiaries, divisions, affiliates, insurers, heirs, and all successors or predecessors in interests, and  assigns.

2.20. "Settlement Class" means all Class Members who do not elect to be excluded from the settlement and who receive a Class Benefit.

2.21. "Settlement Class Counsel" or "Class Counsel" or "Plaintiff's Counsel" means Kenneth D. Quat, Esquire and/or Quat Law Offices.

2.22. "Settlement Notice" means the notice attached hereto as **Exhibit No. 2**.

51500.13

2.23. "Zwicker" or "Zwicker & Associates, P.C." means Zwicker & Associates, P.C., and all of their respective present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, parent companies, sister companies, divisions, affiliates, joint ventures, shareholders, heirs, executors, administrators, assigns, administrators, receivers, trustees and attorneys.

3. **CLASS CERTIFICATION**

    3.1. CLASS DEFINITION: For settlement purposes only the Parties stipulate to the certification pursuant to Fed.R.Civ.P. 23(b)(3) of a class under the FDCPA consisting of any individual who was or is alleged to owe a debt to MEFA ("alleged debt") and who was sent a letter from Defendant in substantially the same form as in **Exhibit No. 1** between July 17, 2000 through the date this Settlement Agreement is preliminarily approved by the Court, and who, prior to litigation being commenced on the underlying debt paid the full amount of the alleged underlying debt (principal and accrued interest) plus all attorney's fees and/or collection costs alleged to be due, without first receiving any itemization of principal, interest, and/or costs (including attorney's fees, if applicable) before final payment was made.

    3.2. Defendant agrees to the appointment of plaintiff as class representative and Kenneth D. Quat as Class Counsel.

4. **RELIEF TO THE CLASS MEMBERS**

    4.1. In addition to paying the cost of sending the class notice and administering the settlement, Defendant will provide the following relief:

        4.1.1. Members of the Class (or their estates) who do not opt out shall be refunded 85%

51500.13

        of the collection costs and attorney's fees they paid to Defendant. Since these payments are in the nature of refunds, they are not "income" to class members and IRS 1099 forms shall not be issued with respect to same.

    4.1.2.  All other current MEFA debtors (i.e., those alleged MEFA debtors who prior to the date of preliminary approval did not pay 100% of the attorneys' fees and/or collection costs allegedly due over and above the total amount of principal and accrued interest allegedly due on their MEFA loans) who have previously been sent any written communication from Defendant will be sent a letter on each debt which separately itemizes (and describes) any and all collection costs and/or attorney's fees alleged to be due. A sample of the letters to be sent by Defendant pursuant to this paragraph is attached hereto as **Exhibit No. 3** (letter to debtors whose accounts have not gone into suit) and **Exhibit No. 4** (letter to debtors whose accounts have gone into suit). After Final Judgment is entered in this case, all written communications from Defendant to consumers who are allegedly indebted to MEFA will separately itemize and describe principal, interest, collection costs and/or attorney's fees alleged to be due whenever a specific amount of money is referenced as being owed.

4.2.  The Class Members shall have the right to opt out or object to the proposed settlement in accordance with the provisions of Section 6, below.

4.3.  Within ten (10) business days of the Effective Date, Defendant shall distribute all monies set forth in this Settlement Agreement via certified mail, return receipt requested, and take all other actions required by this Agreement. Any refunds due any

    class members which remain undeliverable after six (6) months' from the Effective Date shall be distributed *pro rata* to all other class members who received payments.

5. **NOTICE**

    5.1. As soon as possible, but not later than ten (10) business days following Preliminary Approval, Defendant will initiate delivery of the Settlement Notice by first-class U.S. mail to the last known address of each Class Member.  The envelope will set forth the following language in capitalized, bold-faced type:  **NOTICE OF CLASS ACTION SETTLEMENT.**  If this initial notice to a Class Member is returned to sender, Defendant will make one attempt at its own expense, within 10 business days, to locate that individual by using the national change of address database or similar resource, and upon receiving updated information will re-send notice to the new address within 5 business days.  Defendant will promptly notify class counsel of all returned/undelivered notices.

    5.2. Defendant shall be responsible for making all arrangements necessary to deliver the Settlement Notice referenced herein.

6. **CLASS MEMBERS' RIGHTS TO EXCLUDE AND OBJECT**

    6.1. Each Class Member has the right to opt out and not be bound by the terms of this Settlement Agreement.

    6.2. Each person who elects to opt out of the Class will no longer be considered a Class Member and will NOT be entitled to receive any benefits from the Settlement Agreement or object to the Settlement Agreement.  Each person who elects to opt out will retain any individual rights he or she may have with respect to the claims asserted in this Litigation.  This Agreement and the settlement embodied herein shall

51500.13

        not constitute an admission nor give rise to a finding that such persons have any rights or claims against defendant.

6.3. Any Class Member who wishes to opt out of the Class must do so in writing by mailing a request for exclusion to Class Counsel at the address noted below. Each such request for exclusion must be delivered or postmarked within 75 days of the date of preliminary approval. The request to opt out must be signed by the person seeking to opt out. Mailings to Class Counsel should be addressed to:

> Kenneth D. Quat, Esq.
> 9 Damonmill Square, Suite 4A-4
> Concord, MA 01742

6.4 Class Counsel will immediately forward to Defendant's Counsel any request for exclusion received pursuant to Section 6.3 of this Agreement. Mailings to Defendant's counsel should be addressed to:

> William T. Bogaert, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker LLP
> 155 Federal Street, 5th Floor
> Boston, MA 02110

6.5 Any Class Member who wishes to object to the settlement must file with the Clerk of Court, within 75 days of preliminary approval, a written objection which contains: (i) a statement of each objection being made; (ii) a detailed description of the facts underlying each objection; (iii) a description of legal authorities for each objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) a list of witnesses the objector wishes to call at the hearing; (vi) a list of any documents or exhibits which the objector wishes to introduce or discuss at the hearing. Copies of all objections and related documents must also be concurrently delivered on both Class Counsel and Defendant's Counsel.

51500.13

7. **RELEASES**

Plaintiff and the Class Members will grant Defendant the following releases:

7.1. Plaintiff hereby remises, releases and forever fully discharges Zwicker & Associates, P.C., and discharges MEFA only for acts, errors or omissions of Zwicker (hereinafter collectively "Released Parties"), of and from all causes of action, suits, claims demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, whatsoever for anything that occurred from the beginning of time up through and including the date the Court gives final approval to this Agreement, in law or in equity, of any kind or nature whatsoever.

7.2. Each Class Member not opting out releases and fully discharges Zwicker & Associates, P.C., and discharges MEFA only for acts, errors or omissions of Zwicker, of and from all causes of action, suits, claims and demands, which arise out of, or are based on, their payment of the full amount of attorneys' fees and/or collection costs alleged to be due to defendant over and above the full amount of the alleged underlying MEFA debt (principal and interest) without first receiving any itemization of said fees and/or costs prior to making their final payment on the account. The final judgment shall contain a similar release for the Class expressly granted by the Court. This release is conditioned upon the approval of this Agreement by the Court and Defendant meeting its obligations herein. **Every class member expressly waives all rights under Section 1542 of the Civil Code of California and any similar law of any state or territory of the United States. Said section reads as follows:**

> **1542. Certain claims not affected by general release. A general release does not extend to claims which the creditor does not know or**

51500.13

> **suspect to exist in his favor at the time of executing the release, which if know by him must have materially affected his settlement with the debtor.**

7.3. This release is in no way intended to release or impair the alleged underlying debts that Defendant sought to collect from the Class, or the Class Members' claims or defenses, if any, except as expressly released herein.

7.4. Defendant's agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class Action. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever. In that event all *status quo ante* rights of Defendant to, among other things, (i) oppose any subsequent efforts by the Plaintiff to certify this action as a class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the Class. The Preliminary Approval Order and the Final Order and Judgment shall so provide, and shall further provide that all findings therein shall be null and void if, for any reason, the Settlement does not secure final approval and become effective.

8. **PAYMENTS OF COSTS AND FEES.**

    8.1. Subject to Court approval, Defendant agrees to pay Class Counsel up to, and will not contest the reasonableness of, $65,000 in attorney's fees and costs.

    8.2. The attorney's fees and costs will be paid within ten (10) business days of the Effective Date unless another time is agreed to by Class Counsel and Defendant's

51500.13

        Counsel.  Said fees and costs will be paid directly to Class Counsel, and shall be reported to federal and state taxing authorities under Counsel's tax identification number.

8.3.    Subject to Court approval, Defendant agrees to pay the class representative $5,000 as an incentive award for services provided and efforts expended which have benefited the class.  Said award shall be paid within ten (10) business days of the Effective Date unless another time is agreed to by the parties.

9. **PROCEDURE FOR CLASS CERTIFICATION AND APPROVAL, SEVERANCE, AND APPOINTMENT OF COUNSEL**

    9.1.    The parties will submit to the Court motions for Preliminary and Final Approval. Class Counsel will submit a motion for an award of attorney's fees consistent with the terms of this Agreement.

    9.2.    The Parties agree to jointly request that the Court enter an order in a form representative of **Exhibit No. 5** (the "Preliminary Approval Order").

    9.3.    Plaintiff, Defendant, Class Counsel, and Defendant's Counsel agree to recommend approval of and to support this Settlement Agreement to the Court and to the Class Members and to undertake all reasonable steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement Agreement.  The Parties shall cooperate, assist and undertake all reasonable actions in order to accomplish the above on a timely basis in accordance with the schedule established by the Court.  Plaintiff and her counsel will take no action inconsistent with support of the settlement embodied in this agreement.

    9.4.    Defendant is entitled to communicate with the Class Members about this Class Action and this Settlement Agreement in the ordinary course of the Defendant's

51500.13

        business.  However, the Defendant will not aid or encourage any objections to this Settlement Agreement (or any of its terms or provisions) nor to final certification of the Settlement Class, nor encourage any Class Members to elect to opt out.

9.5.    Class Counsel shall make every reasonable effort to encourage Class Members to participate and not to opt out.  In order that Class Counsel be able to effectively address questions and concerns about the settlement which may be presented by members of the settlement class, within 14 days of preliminary approval defendant shall provide to class counsel documentation disclosing the identities of each member of the settlement class along with an itemization of attorneys' fees and/or collection costs paid.

9.6.    Upon the Court's final approval of this Agreement and the settlement set forth herein, a judgment in the form attached hereto as **Exhibit No. 6** shall be entered.

9.7.    Plaintiff and Class Counsel expressly represent that:

    a.    they do not represent any absent members of the Class in connection with the alleged debts that defendant has attempted to collect;

    b.    the certification of the classes shall not impair Defendant's right to pursue collection of alleged debts from any of the class members nor require Defendant to communicate with class members through Plaintiff or Class Counsel with respect to such debts.

10. **DENIAL OF WRONGDOING OR LIABILITY**

Defendant denies all liability with respect to this Litigation.  Defendant enters into this Agreement without, in any way, acknowledging or admitting any wrongdoing or liability of any kind.  Neither this Agreement, nor any of its terms or provisions, nor any of the

51500.13

negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in this Litigation. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiff that any of the allegations made by her in this Litigation are not completely true or correct, or that any of the allegations or affirmative defenses raised by Defendants are true or correct.

11. **TERMINATION OF AGREEMENT**

   11.1. Defendant shall have the right to terminate this Agreement with respect to the Settlement Class in the event that 7 or more Class Members elect to opt out of the settlement.

   11.2. If this Agreement is terminated pursuant to Section 11.1, if the Court does not enter the Preliminary Approval Order that is substantially similar to the order attached hereto as **Exhibit No. 5**, if the Court does not enter a Final Approval Order that is substantially similar to **Exhibit No. 6**, or if the Court's Final Approval Order does not become final as a result of an appeal or subsequent proceedings on remand, nothing in this Agreement shall be deemed to prejudice the position of the Parties with respect to the Litigation or otherwise, and neither the existence of this Agreement nor its contents shall be admissible in evidence, referred to for any purpose in the Litigation or in any other litigation or proceeding, or be deemed a presumption, concession or admission by Defendant of any waiver of any affirmative defense, nor of any fault, liability or wrongdoing, or of the existence of a certifiable class. Notwithstanding the foregoing, the Parties retain any and all rights to assert a breach of this Agreement and to use this Agreement in connection with such a claim.

    11.3.    The certification of the Class shall be effective only with respect to this settlement of the Litigation.  In the event that the Agreement is terminated pursuant to its terms or the Effective Date does not occur for any reason, the certification of the Class shall be vacated, and the Litigation shall proceed as though this settlement had not been reached and the Class had never been certified.

12. **STAY OF PROCEEDINGS**

All proceedings in the Litigation, except as necessary to consummate the settlement for which this Agreement provides will be stayed, unless otherwise ordered by the Court.

13. **ADDITIONAL PROVISIONS**

    13.1.    This Agreement contains the entire agreement among the Parties hereto and supersedes any prior agreement or understandings between them.  All terms of this Agreement are contractual and not mere recitals.  The terms are and shall be binding upon each of the Parties hereto, their agents, attorneys, employees, successors, and assigns, and upon all other persons claiming any interest in the subject matter hereto through any of the Parties hereto, including any Class Member.

    13.2.    Plaintiff expressly warrants that she has not relied on any statement, claim, contention, or representation of Defendant or its attorneys, and that she has relied solely upon the advice, statements, opinions, and representations of her own attorney, and upon her own investigation of the matters relevant to this settlement.

    13.3.    This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties.  Amendments and modifications may be made without notice to the Class Members unless the Court requires notice.

    13.4.    This Agreement shall be subject to, governed by, and construed and enforced

51500.13

pursuant to the laws of the Commonwealth of Massachusetts.

13.5. The exhibits to this Agreement are integral parts of the Agreement and Settlement and are hereby incorporated and made a part of this Agreement.

13.6. To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted that asserts the claim being released herein.

13.7. This Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

13.8. This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

13.9. All time periods and dates relating to the approval of this Agreement, attorney's fees and costs and the notification of the classes (but not those relating to the substantive rights of the Parties and Class Members, such as those that are part of the class definition) are subject to approval and change by the Court.

13.10. The undersigned make the following warranties to each other:

13.10.1. Information furnished by any party to any other party in connection with the negotiation of this Agreement is, and shall remain, confidential and shall not be released or divulged to any other person or entity without the furnishing party's express written permission.

51500.13

13.10.2.　　All financial information furnished by Defendant shall be returned to Defendant at the conclusion of the litigation, without retention or duplication of any of such information, except for financial information Defendant designates otherwise. Any financial information regarding Plaintiff that Defendant obtained through discovery shall be returned to Plaintiff at the conclusion of the litigation, without retention or duplication of any of such information.

13.11. No part of this Agreement shall be admissible against the Parties in this or any court, administrative or other proceeding, except for a proceeding to enforce the terms of this Agreement in this Court and except as set forth in Section 13.6.

SO AGREED.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]
[SIGNATURE PAGE SHALL FOLLOW]

51500.13

WITNESS OUR HANDS AND SEALS AS OF THE LATEST DAY AND YEAR WRITTEN BELOW.

        PLAINTIFF

BY: /s/Eileen Feuerstein, as Administratrix of the Estate of Melanie Joi Feuerstein

ZWICKER & ASSOCIATES, P.C.

By: /s/Paul W. Zwicker
    Its President

Approved as to form:

KENNETH D. QUAT, ATTORNEY AT LAW

By: /s/ Kenneth D. Quat
    Attorney for Plaintiff

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/Mark R. Freitas, Esq.
    Attorneys for Defendants Zwicker & Associates, P.C., Paul W. Zwicker, Jeff Widronik, Brian Coyle, Arthur J. Tessimond, Jr., and Phillip M. Thompson

51500.13