UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EILEEN FEUERSTEIN, Administratrix of the Estate of Melanie Joi Feuerstein<br>Plaintiff,<br><br>vs.<br><br>ZWICKER & ASSOCIATES, P.C., PAUL W. ZWICKER, JEFF WIDRONAK a/k/a "Jeff Woods", BRIAN COYLE, ARTHUR J. TESSIMOND, JR., PHILLIP M. THOMPSON, AND DOES 1-5<br>Defendants. | Civil Action No. 04-11593-WGY |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on Plaintiff's motion for preliminary approval of a Class Settlement Agreement ("Agreement") with Defendant, Zwicker & Associates, P.C., and notice to the class, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1.  This Order incorporates by reference the definitions set forth in the Class Action Settlement Agreement ("Agreement") that has been filed with Plaintiff's motion.

2.  The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

3.  The Court certifies a class for actual damages under the FDPCA, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3), consisting of:

> All natural persons who reside in the United States of America: (a) who were sent a letter or letters from Zwicker & Associates, P.C. between July 17, 2000 and the date of this Preliminary Approval Order; regarding a debt allegedly owed to the Massachusetts Educational

1

52426.3
52426.6

Case 1:04-cv-11593-WGY   Document 85-6   Filed 07/23/2007   Page 2 of 4

>       Financing Authority (MEFA) and (b) who, prior to
>       litigation being commenced, paid the full amount of the
>       alleged underlying debt (principal and accrued interest)
>       plus all attorney's fees and/or collection costs alleged to be
>       due, without first receiving any itemization of principal,
>       interest, and/or costs (including attorney's fees, if
>       applicable) before final payment was made.

4. The Court finds that plaintiff and Attorney Kenneth D. Quat have fairly and adequately represented class members. The Court therefore appoints Eileen Feuerstein as Class Representative and Attorney Kenneth D. Quat as Class Counsel.

6. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on  Oct 19 , 2007 at 2:00 A.M./P.M.

7. The Court approves as to form and content the Notice of Class Action and Proposed Settlement (the "Settlement Notice), in the form of Exhibit No. 2 to the Settlement Agreement. The Court finds that this Settlement Notice is written in plain English and in a manner calculated to be readily understandable by Class Members. The Court finds that this Settlement Notice fairly apprises the Class Members (1), of the pendency of the Litigation, (2) of the material terms of the proposed settlement; (3) of the proposed payment of fees and costs to Class counsel; (4) of their right to exclude themselves from the Class and the proposed settlement, (5) that any judgment will bind all Class Members who do not request exclusion, and (6) that any Class Member may object to the settlement.

8. Any person legally entitled to object to the approval of the proposed settlement may appear at the Settlement Hearing and object to the proposed settlement or any part thereof. However, in order to preserve the orderly functioning of the court proceedings and to give fair

notice to Plaintiff and Defendants of any such objections, any Class Member who wishes to object to the settlement must file with the Clerk of Court a written objection which contains: (i) a statement of each objection being made; (ii) a detailed description of the facts underlying each objection; (iii) a description of legal authorities for each objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) a list of witnesses the objector wishes to call at the hearing; (vi) a list of any documents or exhibits which the objector wishes to introduce or discuss at the hearing. Said objection must be filed with the Court on or before __Oct 8, 2007__. Copies of all objections and related documents must also be concurrently delivered on both Class Counsel and Defendant's Counsel by said date.

*Counsel for Plaintiff*

KENNETH D. QUAT
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord, MA 01742

*Counsel for Defendants*

WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
William T. Bogaert, Esq.
Mark R. Freitas, Esq.
155 Federal Street
Boston, MA 02110

10. All requests for exclusion from the Settlement Class must be in writing and delivered by __Oct 8, 2007__ to Class Counsel.

11. No later than three days prior to the Settlement Hearing, counsel for the parties shall file a joint status report on the number of opt-outs.

12. This Order shall be vacated as to the Settlement Class, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order if the Agreement is properly

terminated pursuant to Section 11 thereof or the Effective Date does not occur. In such event, the Litigation shall proceed as though the Settlement Class had never been certified and the Defendant will not be deemed to have consented to certification of any class and will retain all rights to fully object to or oppose any motion for class certification.

13.    Defendant's agreement to the settlement that is hereby preliminarily approved shall not operate as a judicial admission, nor (if final approval is not granted) shall it estop Defendant from opposing both certification and the merits of the case on any grounds, factual, legal, or equitable.

DATE: *July 24, 2007*         ENTER: *William G. Young*
                                       The Honorable William G. Young
                                       United States District Court Judge

52426.6                                  4