UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN FEUERSTEIN,<br>Administratrix of the Estate of<br>Melanie Joi Feuerstein,<br>On behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C.,<br>PAUL W. ZWICKER,<br>JEFF W WIDRONIK a/k/a "Jeff Woods"<br>BRIAN COYLE,<br>ARTHUR J. TESSIMOND, JR.,<br>PHILLIP M. THOMPSON,   and<br>DOES 1-5<br><br>        Defendants | Civil Action No. 04-11593-WGY |

**JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Eileen Feuerstein, in her capacity as Administratrix of the Estate of Melanie Joi Feuerstein ("Plaintiff'), and Zwicker & Associates, P.C. ("Zwicker") respectfully move the Court to enter final judgment: (i) certifying a class for settlement purposes; (ii) approving the class Settlement Agreement; (iii) appointing Kenneth D. Quat as Class Counsel and Eileen Feuerstein as class representative; (iv) awarding the plaintiff a reasonable incentive award for serving as class representative; and (v) awarding the plaintiff reasonable counsel fees and costs.

### I.    Summary of the Case

Plaintiff's decedent filed the instant lawsuit against the defendant Zwicker and Associates, P.C. ("Zwicker") and certain individuals claiming violations of the Fair Debt

97505.2

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Massachusetts Consumer Protection Act, G.L. c. 93A, section 2.  The complaint alleged, *inter alia,* that Zwicker sent her and class members collection letters with respect to debts allegedly owed to the Massachusetts Educational Financing Authority ("MEFA") which failed to disclose attorney's fees and/or collection costs.  Defendant denies that it committed a violation of the FDCPA, state law, or is liable to plaintiff or any class members.

After engaging in substantial discovery, arms-length negotiations, and 3 days of mediation conducted by Magistrate Judge Robert M. Collings, the parties reached a settlement which was preliminarily approved by the Court on July 24, 2007.           .

Notice was provided to all class members pursuant to the terms of the preliminary approval order and settlement agreement.  *See* Declaration of Mark R. Freitas, Esq., filed herewith.  No objections to the settlement or elections to opt out of the settlement were received within the 75-day period for notifying class counsel of same, or indeed at any time.  *See* Declarations of Mark R. Freitas, Esq. and Kenneth D. Quat, Esq., filed herewith.

## II. The Terms of the Settlement Agreement

*Economic Relief*

The settlement will result in the refund to class members of 85% of the total sum paid by each class member to defendant as attorneys' fees and/or collection costs, which amounts to total restitution to class members of $86,784.27.

*Changes in Business Practices*

As part of the settlement, Defendant has agreed to modify its standard collection letters used in connection with MEFA debtors so as to identify and itemize attorney's fees and/or collection costs.  Copies of the revised letters are appended to the Settlement

Agreement. In addition, all current MEFA debtors who are not class members (i.e., those alleged MEFA debtors who prior to the date of preliminary approval did not pay 100% of the attorneys' fees and/or collection costs allegedly due over and above the total amount of principal and accrued interest allegedly due on their MEFA loans) who have previously been sent any written communication by the defendant will be sent a letter on each debt which separately itemizes (and describes) any and all collection costs and/or attorney's fees alleged to be due.

*Notice and Administration*

The form of actual notice was approved by this Court and notice was furnished in accordance with the Settlement Agreement as directed in the Court's Preliminary Approval Order. *See* Freitas Decl. In addition, the notice was posted on class counsel's website immediately upon the settlement receiving preliminary approval.

*Opt Out Opportunity and Right to Object*

Under the Agreement, class members had the right to opt out of the Settlement or object to the Settlement by October 8, 2007. Class members' rights to opt out and object were clearly explained in the court-approved notice. No opt-outs or objections were received by either counsel or the Court.

The release set forth in the Settlement Agreement is narrow and tailored to the specific facts which underlie the class claim. Class members release only claims which relate to or arise out of defendant's non-disclosure of fees and costs as alleged by the plaintiff. Agreement, ¶¶2.18, 7.1.

*Plaintiff's Incentive Award*

Under Section 8.3 of the Agreement, Defendant has agreed to pay Plaintiff an incentive award of up to $5,000 for serving as class representative, subject to court approval. Concurrently herewith, Plaintiff is filing a motion for approval of same, supported by affidavit.

*Attorneys' Fees and Costs*

Pursuant to Section 8.1 of the Agreement, Class Counsel has submitted herewith a motion for approval of attorneys' fees and costs in the amount of $65,000, with supporting Declaration. The requested fees are in an amount substantially below counsel's lodestar. The costs consist of non-extraordinary expenses which are expected and reasonable in cases of this type, in the modest sum of $777.00.

### III. The Proposed Settlement Is Fair And Reasonable

Under Fed. R. Civ. P. 23(e), a class action settlement agreement requires the court's approval. "A district court can approve a class action settlement only if it is fair, adequate and reasonable." *City P'shp. Co. v. Atlantic Acquisition,* 100 F.3d 1041, 1043 (1st Cir. 1996), *quoting Durrett v. Housing Auth. of City of Providence,* 896 F.2d 600, 604 (1st Cir. 1990).

This Court has considered the following list of factors in deciding whether to approve a settlement: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of

reasonableness of the settlement in light of the best possible recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. *In re Lupron Marketing And Sales Practices Litigation,* 228 F.R.D. 75, 93 (D. Mass. 2005) *cited with approval in, In re Relafen Antitrust Litigation,* 231 F.R.D. 52, 72 (D. Mass. 2005).

Taken together, these factors indicate that approval of the settlement is warranted.

1. **The Time And Expense Of Protracted Litigation Makes The Instant Action Appropriate For Settlement**

Settlement promotes the interests of the litigants by saving them the expense of trial of disputed issues and reduces the strain on already overburdened courts. *See Rolland v. Cellucci,* 191 F.R.D. 3, 10 (D. Mass. 2000) (certainty of recovery through settlement, in contrast to the expense, length and uncertainty of litigation, constitutes strong argument in favor of settlement).  Where the litigants are able to achieve compromise, settlement avoids unnecessary public expense and overburdening the courts. *Id.*

Here, where it has been determined that the maximum recovery for the class was only slightly greater than that obtained through settlement, and the defendant has agreed to change the allegedly unlawful practice, resolving the case via a negotiated settlement is appropriate and in the best interests of the class.

2. **There Have Been No Objections or Exclusions.**

A small percentage of objections and exclusions is an important factor in determining that a settlement is fair and reasonable. *Bussie v. Allmerica Financial Corporation,* 50 F.Supp.2d 59, 77 (D. Mass. 1999).  Here, there were no objections or opt outs.

97505.2

The notice approved by this Court and furnished to class members in compliance with the preliminary approval order provided clear, straightforward and sufficiently detailed information to allow class members to determine the potential costs and benefits involved by participating in the settlement. It alerted recipients that they are members of class action settlement, described the lawsuit, disclosed the benefits to the class, explained the rights to opt-out and object and the processes for doing so, and described the scope and implications of the release.  The notice also provided the names and addresses of the attorneys available to answer questions from class members.

### 3. The Parties Were Able To Meaningfully Evaluate The Merits Of The Case And Construct An Appropriate Settlement

A settlement is fair and adequate when the parties have gathered sufficient information regarding claims and defenses such that the parties are able to fully and knowledgeably evaluate the merits of the case. *Duhaime v. John Hancock Mutual Life Insurance Co.,* 177 F.R.D. 54, 67 (D. Mass. 1997).  Here, substantial discovery occurred over a period of approximately 18 months prior to the execution of the Settlement Agreement, and additional information pertaining to the identities and claims of class members was provided during and after settlement negotiations. Both parties had the opportunity to meaningfully evaluate the merits of the case and thus had a solid, informed basis for entering into the Settlement Agreement.  In addition, the plaintiff decedent was a practicing attorney who applied her own legal experience and judgment to the decision whether to enter into the Agreement.

### 4. The Settlement Was Negotiated In Good Faith By All Parties.

"There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented

for court approval." 2 H. Newberg, A. Conte, *Newberg on Class Actions,* § 11.41 (4th ed. 2002). The instant settlement was negotiated at arm's length by knowledgeable counsel through discussions, negotiations, and mediations which occurred at various times over the course of approximately 18 months, and the parties themselves participated fully in the mediation sessions.

5.   **There Were Risks In Continuing to Litigate the Case.**

In reviewing a settlement, a district court's role is not to make decisions on the merits of the case. *Duhaime,* 177 F.R.D. at 68. Rather, the district court must weigh the likelihood of success on the merits against the amount and form of relief offered in the settlement. *Santana v. Collazo,* 714 F. 2d 1172, 1175 (1St Cir. 1983).

Plaintiff and class counsel believe that the class claim would ultimately prove successful if litigated. However, a judgment of liability was by no means certain, as defendant raised a number of affirmative defenses in addition to denying many of plaintiff's factual allegations. In addition, even if a finding of liability were obtained, there is no guarantee that the amount of damages obtained via settlement would have been awarded by the court since, for example, the defendant could have claimed that it was entitled to retain some or all of the fees and costs paid by class members on a quantum meruit or other basis. Therefore, Plaintiff believes that the recovery of 85% of class members' potential damages represents an excellent result, a view apparently shared by class members themselves since none have chosen to object to or opt out of the settlement.

### IV. Plaintiffs' Counsel Believes That The Settlement Is Fair, Reasonable And In The Best Interest Of Class Members

In addition to the factors enumerated above, the opinion of experienced class action counsel is an important consideration. "When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight." *See Rolland,* 191 F.R.D. at 10; *In re Compact Disc Litig.,* 216 F.R.D. at 212 (in determining fairness of settlement proposed by counsel, the court considers the experience and level of competence of class counsel).

Here, the experience of Class Counsel cannot be and has not been questioned. Moreover, as outlined above, the Settlement is the product of substantial, arm's length negotiations conducted by counsel experienced in class action litigation, with specific experience in handling unfair debt collection cases. As discussed above, the proposed Settlement offers the class close to the maximum relief available if the case had been litigated successfully through trial, as well as bringing about changes in Defendant's business practices which will have substantial value going forward. Thus, in counsel's view, the proposed Settlement is fair, reasonable and in the best interest of the Settlement Class.

### V. Conclusion

A settlement of conflicting positions in class action litigation, like the one present here, serves the public interest. *See Rolland,* 191 F.R.D. at 11. For this reason, as well as those set forth above, the parties respectfully request that this Court find the Settlement to be fair, reasonable and adequate, and that the Court enter judgment in the form submitted by the parties. Exhibit A.

Plaintiff, by:

*/s/Kenneth D. Quat*
BBO#408640
Quat Law Offices
9 Dammonmill Square
Suite 4A-4
Concord, MA  01742
(978) 369-0848
ken@quatlaw.com


Defendant, by:

*/s/Mark R. Freitas*
BBO# 641205
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Mark.Freitas@wilsonelser.com

9

97505.2