UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN FEUERSTEIN, )<br>Administratrix of the Estate of )<br>Melanie Joi Feuerstein, )<br>On behalf of herself and others similarly )<br>situated, )<br>)<br>        **Plaintiff,** )<br>)<br>v. )<br>)<br>ZWICKER & ASSOCIATES, P.C., )<br>PAUL W. ZWICKER, )<br>JEFF W WIDRONIK a/k/a "Jeff Woods" )<br>BRIAN COYLE, )<br>ARTHUR J. TESSIMOND, JR., )<br>PHILLIP M. THOMPSON,   and )<br>DOES 1-5 )<br>)<br>        **Defendants** ) | Civil Action No. 04-11593-WGY |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS, AND FOR INCENTIVE AWARD TO PLAINTIFF**

Plaintiff Eileen Feuerstein moves for an award of attorneys' fees and costs pursuant to the Class Action Settlement Agreement preliminarily approved by this Court on July 24, 2007. Plaintiff seeks an award of fees and costs in the total amount of $65,000, all to be paid by defendant separate and apart from the monetary relief to the class. Section 8.1 of the Agreement provides that an award of fees and costs up to $65,000 will be considered reasonable and that defendant will not contest same. Plaintiff further moves for approval of an

1

incentive award to plaintiff for serving as class representative in the amount of $5,000, as provided in Section 8.3 of the Agreement

### A. REQUEST FOR FEES AND COSTS

**1. A Lodestar Analysis Confirms That the Fee Requested is Reasonable**

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The result of that calculation is called the lodestar, and the lodestar is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar analysis is generally considered the appropriate method of determining attorneys' fees in statutory fee cases such as this case because the shifting of fees serves the public policy of encouraging private enforcement of the substantive rights created by Congress. *Manual for Complex Litigation,* §24.13 (3d ed. 1995). This is particularly true in consumer cases, where aggregate recoveries are often smaller or are limited by statute, making such cases unsuitable for contingent-fee or common fund representation.

Here, the lodestar amount for plaintiff's counsel is $136,170, representing 302.6 hours of work at counsel's normal and usual rate of $450/hour. Quat Decl., ¶5. This does not include time which counsel is likely to spend preparing for and attending the final approval hearing, or addressing any questions which may arise afterward. Quat Decl. ¶5. The hourly rate is reasonable in view of counsel's experience and track record in consumer class action cases, and is consistent with that awarded by several courts in approving other class action

settlements handled by class counsel. Quat Decl., ¶4. While the lodestar amount would be appropriate as a minimum award in this case, plaintiff is seeking a lesser amount because a percentage of counsel's time (estimated at no more than 30%) was spent on tasks related to plaintiff's individual claims. Moreover, counsel believes it appropriate to compromise the overall fee in order to insure a fair and reasonable settlement for the class.

Included in the request are out-of-pocket costs of $777.00, which includes the filing fee for the complaint; deposition costs (subpoena and transcript); cost of transcript of settlement hearing; cost for posting settlement documents on counsel's website; and parking fees. Quat Decl., ¶5. The time, rates, and costs are reasonable and should be approved.

### 2. The Fee And Cost Request Is Reasonable In View of the Results Obtained

Courts have repeatedly held that the result obtained is the most significant factor in determining the reasonableness of a fee request. *See,* e.g., *In re Fleet/Norstar Securities Litigation,* 935 F. Supp. 99, 109 (D.R.I. 1996). Here, the settlement has resulted in the recovery of 85% of all monies paid by class members, clearly an excellent result. Moreover, the changes in business practices required by the Settlement, while not economically quantifiable, enhance the value of the settlement and should be considered in determining the reasonableness of the attorneys' fee. Fed. R. Civ. P. 23(h), Note of Advisory Committee ("...it is important to recognize that in some class actions the monetary relief obtained is not the sole determinant of an appropriate attorney fees award"). Finally, it is important to note that there have been no objections by class members to approval of the

Settlement Agreement or to the potential fee award, further demonstrating that the request is reasonable and appropriate.

### 3. **The Case Was Efficiently Litigated And Settled By An Attorney With Substantial Experience In Consumer Class Action Cases**

The experience and integrity of Class Counsel has not been challenged in this case. Plaintiff retained counsel experienced in complex consumer class litigation involving violations of consumer protection laws. *See* Motion for Preliminary Approval, Exhibit A. Class Counsel continued to litigate this case while engaging in settlement negotiations to expedite possible resolution. The time and resources expended were appropriate in light of the result obtained.

### 4. **Proportionality is not Appropriate in Assessing the Fee Request**

Under consumer protection statutes such as the FDCPA, the amount of attorney fees awarded is not required to be proportionate to the amount of damages recovered. This is to encourage private counsel to enforce important consumer rights legislation. As one court has noted:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988). And, with respect to FDCPA cases specifically, the Seventh Circuit Court of Appeals has ruled:

> In order to encourage able counsel to undertake FDCPA cases as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases. . . . Paying counsel in FDCPA cases at rates lower than they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions and therefore misapplies the law.

*Tolentino v. Friedman*, 46 F.3d 645, 652-53 (7th Cir. 1995).

The same principles apply regardless of whether a case is litigated to judgment or settled.

### B. REQUEST FOR INCENTIVE AWARD

"Incentive awards serve an important function in promoting class action settlements, particularly where...the named plaintiffs participated actively in the litigation." *In re Lupron,* 2005 WL 2006833, at *7, *quoting Denney v. Jenkens & Gilchrist,* 2005 WL 388562 at *31 (S.D.N.Y. February 18,2005). Here, the Settlement Agreement provides for payment of an incentive award to plaintiff of up to $5,000, and the Class Notice approved by the Court and provided to class members fully described same. Such an award is more than warranted in the present case. Plaintiff's decedent, Melanie Joi Feuerstein, was thoroughly and consistently involved in the preparation and litigation of this matter until her untimely death in February, 2007; her efforts included reviewing pleadings, responding to discovery requests, planning strategy, and participating in mediation sessions. Moreover, as a practicing attorney Ms. Feuerstein's involvement was of particular benefit to the class and Class Counsel. Throughout the course of these proceedings Ms. Feuerstein remained focused on the interest of class members in obtaining the greatest relief possible under the circumstances, as

well as bringing about changes in defendant's business practices. No class member objected to her appointment as Class Representative or to the proposed incentive award.

The amount of the requested award is consistent with those allowed by this Court for class representatives who had a high level of involvement similar to Ms. Feuerstein's. *See, e.g., Bussie v. Allmerica Financial Corporation,* 1999 WL 342042, *4 (D. Mass. May 19, 1999) (approving $5,000 incentive awards to named plaintiffs); *In re Relafen,* 231 F.R.D. at 82 (approving incentive awards in the amount of $8,000 for each named consumer plaintiff).

## **Conclusion**

For the above reasons, the Court should: (a) approve plaintiff's request for an award of counsel fees and costs in the amount of $65,000; and (b) approve plaintiff's request for an incentive award in the amount of $5,000.

Plaintiff, by:

*/s/Kenneth D. Quat*
BBO#408640
Quat Law Offices
9 Dammonmill Square
Suite 4A-4
Concord, MA  01742
(978) 369-0848
ken@quatlaw.com