UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN FEUERSTEIN,<br>Administratrix of the Estate of<br>Melanie Joi Feuerstein,<br>On behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C.,<br>PAUL W. ZWICKER,<br>JEFF W WIDRONIK a/k/a "Jeff Woods"<br>BRIAN COYLE,<br>ARTHUR J. TESSIMOND, JR.,<br>PHILLIP M. THOMPSON, and<br>DOES 1-5<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-11593-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF KENNETH D. QUAT IN SUPPORT OF PLAINTIFF'S REQUEST FOR AWARD OF ATTORNEY'S FEES AND COSTS**

  I, Kenneth D. Quat, make this declaration in support of plaintiff's request for award of attorneys' fees and costs.

  1. I am an attorney admitted to practice in the Commonwealth of Massachusetts since 1980. I have also been admitted to practice in various other jurisdictions and courts, including the United States District Court for the District of Massachusetts. I maintain my office in Concord, Massachusetts. A summary of my qualifications was filed with the Court as

1

Exhibit A to the motion for preliminary approval, approved by the Court on July 24, 2007. I have been appointed to represent the class in this matter.

2. I participated in every aspect of the litigation and settlement of this case including investigation and legal research; preparation and drafting of pleadings; preparing and drafting of discovery requests; review and analysis of discovery responses; settlement negotiations; and preparation of preliminary and final settlement documentation.

3. My compensation arrangement for the services rendered to the class has been wholly contingent. Moreover, any fees and reimbursement of expenses will be limited to the amount approved by the Court to be paid by defendant.

4. Throughout the course of this litigation I maintained contemporaneous time and expense records. According to said records, I have spent a total of 302.6 hours on this matter to date. In my opinion, all of said time was reasonable and necessary for the effective representation of plaintiff and class members. The total lodestar amount for this time is $136,170 based on my normal and usual rate of $450.00/hour for consumer class action litigation. Fee requests submitted by me in other consumer class actions have been approved at this rate.[1] This amount does not take account of the time I expect to spend preparing for and participating in the final approval hearing, nor any time which may be necessary to respond to questions or issues which arise following the final approval hearing. In my opinion, the lodestar amount is fair and reasonable in view of the time spent, the economic and other benefits obtained, and amounts

---

[1] These include: *Deke et al. v. Cardservice International, Inc.*, No. BC271679 (Los Angeles County Superior Court). *Martin v. Axin Financial Services, Inc.,* et al, No. 03CC04236 (Orange County Cal. Superior Court). *Smith v. Galaxy Mall, Inc., et al.*, No. 03C05871 (Orange County Cal. Superior Court). Furthermore, in each of these cases a multiplier was approved by the Court, resulting in a fee award greater than the lodestar.

charged by and awarded to attorneys of comparable training and experience in comparable litigation.

5. According to said records, out-of-pocket costs in the total amount of $777.00 were incurred in the course of litigating this matter. Included in this sum are the filing fee for the complaint; deposition costs (subpoena and transcript); cost of transcript of settlement hearing; cost for posting settlement documents on counsel's website; and parking fees for attending court hearings and mediation sessions.

Signed under the penalties of perjury this 26th day of October, 2007.

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com