## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN FEUERSTEIN,<br>Administratrix of the Estate of<br>Melanie Joi Feuerstein,<br>On behalf of herself and others similarly<br>situated,<br><br>    Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C.,<br>PAUL W. ZWICKER,<br>JEFF W WIDRONIK a/k/a "Jeff Woods"<br>BRIAN COYLE,<br>ARTHUR J. TESSIMOND, JR.,<br>PHILLIP M. THOMPSON,   and<br>DOES 1-5<br><br>    Defendants | Civil Action No. 04-11593-WGY |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

On October 29, 2007, the Court granted final approval to the Class Settlement Agreement between the parties which provides a financial benefit to class members of $86,784.27 and changes in the challenged business practice of defendant. The Agreement further provides that defendant would pay the fees and costs of class counsel to a maximum of $65,000, and that any such amount would be considered reasonable. Plaintiff moved for an award of attorney's fees and costs in said amount, supported by affidavit, and in accordance with the Agreement defendant did not oppose same. However, at the October 29 fairness

hearing the Court expressed concern that the amount of fees and costs requested seemed disproportionate to the financial benefit obtained for the class.  Plaintiff requested and was granted leave to file this memorandum of law in order to supplement the arguments and authorities set forth in the fee motion.

As shown below, the requested fee – already substantially discounted from the lodestar amount - is more than reasonable in view of the fee-shifting policy of the Fair Debt Collection Practices Act ("FDCPA") and should be approved.[1]

### I. IN VIEW OF THE FEE-SHIFTING POLICY OF THE FDCPA, THE MODEST AMOUNT OF PLAINTIFF'S FEE REQUEST IS REASONABLE AND SHOULD BE APPROVED.

The class certified for settlement purposes is comprised of certain student loan debtors having claims against defendant Zwicker & Associates, P.C. under section 1692e of the FDCPA.  Specifically, plaintiff alleged that defendant misrepresented the character and/or amount of the debts in collection letters sent to class members by not disclosing that the balances alleged to be due included collection costs and/or attorneys' fees.  The settlement reached by the parties after nearly 3 years of litigation provides for defendant to refund to class members 85% of the monies paid toward such costs and/or fees.  In addition, defendant committed itself to clearly disclose all such costs and fees in future communications with persons alleged to be indebted to the same student loan creditor.

---

[1] Counsel did not receive the impression from the Court that it had questions or concerns regarding the number of hours spent by counsel in litigating this action, counsel's hourly rate, or the results obtained, and thus these matters are not addressed herein.  Nonetheless, counsel is appending his time records to this memorandum as Exhibit A, and if the Court desires additional information as to this or any other factor, counsel will be glad to furnish same.

The FDCPA was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b). Congress's intent was "that the Act should be enforced by debtors acting as private attorneys general," and thus made the award of attorney's fees to a successful plaintiff mandatory. *Graziano v. Harrison,* 950 F.2d 107, 113 (3rd Cir. 1991)(citation omitted). *See French v. Corporate Receivables, Inc.,* 489 F.3d 402, 403 (1st Cir. 2007)("[a]n award of attorney's fees to successful plaintiffs under the FDCPA is mandatory")(citations omitted).[2]

In fee shifting cases, the "starting point" for determining a reasonable fee award is to calculate the "lodestar." *Lipsett v. Blanco,* 975 F.2d 934, 937 (1st Cir. 1992). The lodestar is the "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331, 337 (1st Cir. 1997). Here, class counsel spent 302.6 hours litigating this matter, and his usual and normal rate for consumer class action litigation (which has been approved by other courts) is $450/hour, resulting in a lodestar of $136,170. Declaration of Kenneth D. Quat, Esquire, ¶4.[3] The

---

[2] Section 1692k(a) of the Act states that in "any successful action," the debt collector is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court."

[3] As noted in the fee motion, the time billed by counsel does not include time spent in preparing for or attending the fairness hearing. Nor does it include travel time of 12.7 hours (Ex. A), or time spent preparing this memorandum.

lodestar "is presumed to be the reasonable fee" in fee shifting cases. *City of Riverside v. Rivera,* 477 U.S. 561, 568 (1986). "Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case." *Id.,* at 578. However, here counsel himself discounted the lodestar since some of his efforts (estimated at no more than 30%) were spent on plaintiff's individual claims, and further discounted it in order to achieve the class settlement, resulting in a requested fee amount (less costs) of $64,223. *See* Motion for Fees, p. 3. Having first-hand knowledge of counsel's efforts and the results obtained, defendant stipulated in the Settlement Agreement that an award of fees and costs in the total amount of $65,000 would in fact be reasonable.

Because of the public policy considerations which underlie fee shifting statutes such as the FDCPA, the proportionality of a fee award to the benefit obtained is not a proper consideration.[4] Thus, in *City of Riverside* the Supreme Court held that proportionality should be irrelevant in evaluating the fee application of a prevailing plaintiff in a civil rights action, stating: "[a] rule that limits attorney's fees in civil rights cases to a proportion of the damages awarded would seriously undermine Congress' purpose in enacting §1988." *Id.* at 576. Specifically rejecting the contention "that fee awards in damages cases should be modeled upon the contingent-fee arrangements commonly used in personal injury litigation" (*id.,* at 573), the Court explained in simple, straightforward terms:

> The contingent fee arrangements that make legal services
> available to many victims of personal injuries would often

---

[4] This is not to suggest that the relative success of the case should not be taken into account. However, this case – where class members will receive 85% of their actual damages at no cost to them – is certainly not one where it would be appropriate to reduce the fee award on this basis.

> not encourage lawyers to accept civil rights cases, which
> frequently involve substantial expenditures of time and
> effort but produce only small monetary recoveries.

*City of Riverside,* 477 U.S. at 577. And, further emphasizing the point, the Court said:

> A rule of proportionality would make it difficult, if not
> impossible, for individuals with meritorious civil rights
> claims but relatively small potential damages to obtain
> redress from the courts. This is totally inconsistent with
> Congress' purpose in enacting §1988. Congress recognized
> that private sector fee arrangements were inadequate to
> ensure sufficiently vigorous enforcement of civil rights.

*Id.,* at 578.

The Supreme Court has also ruled that the same principles which govern the award of fees to the prevailing party in civil rights cases are applicable here: "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'" *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7 (1983). As the Third Circuit Court of Appeals has declared:

> Congress provided fee shifting to enhance enforcement of
> important civil rights, consumer protection, and environmental
> policies. By providing competitive rates we assure that attorneys
> will take such cases, and hence increase the likelihood that the
> congressional policy of redressing public interest claims will
> be vindicated.

*Student Public Interest Research Group v. AT & T Bell Labs.,* 842 F.2d 1436, 1449 (3rd Cir. 1988). Recognizing this principle, the Seventh Circuit Court of Appeals stated in an FDCPA action that "[p]aying counsel in FDCPA cases at rates lower than they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-53

(7th Cir. 1995). And, in addressing a fee application under the Fair Credit Reporting Act, a consumer protection statute with a fee shifting provision comparable to that found in the FDCPA, the Fourth Circuit Court stated: "[s]ince there will rarely be extensive damages in an FCRA action, requiring that attorney's fees be proportionate to the amount recovered would discourage vigorous enforcement of the Act." *Yohay v. Coity of Alexandria Employees Credit Union,* 827 F.2d 967, 974 (4th Cir. 1987).

Accordingly, although the fee requested here may seem large in proportion to awards usually made in "common fund" and contingency-fee class settlements, the present matter is not in either of these categories and such a comparison is therefore inapposite. In fact, given the nature of most FDCPA violations and the statute's fee-shifting provision, it is not uncommon in FDCPA cases for the fee award to *exceed* the financial recovery, with one authority commenting that "[i]n most FDCPA cases the attorney fee award exceeds the damage award." National Consumer Law Center, *Fair Debt Collection,* 5th ed., p. 284. Indeed, a sampling of such cases reveals that the fee award often is *substantially* greater than the monetary benefit which accrues to the plaintiff. *See,* e.g.: *Graham v. Vengroff, Williams & Assoc., Inc.,* Civ No. 02-0369 MV/RLP (D. N. Mex. Oct 4, 2004)(class settlement of $3,975, attorneys' fees of $19,341.16 awarded in contested fee application); *Henderson v. Eaton,* 2002 WL 31415728 (E.D. La. Oct. 25, 2002)(class-wide damages of $3,000 recovered, $20,000 in attorney's fees awarded); *Campos v. Choicepoint Services, Inc.,* 2007 WL 2001797 (N.D. Ga. July 5, 2007)( class settlement of $168,000 under FCRA, attorneys fees of $425,000 awarded by judge who evaluated fee application "based on the Court's over 25 years experience in the

profession including as a lawyer who litigated complex commercial cases, including class actions"); *Edge v. Norfolk Financial Corp.,* 2005 WL 2323193 (D. Mass. Aug. 29, 2005)(offer of judgment in amount of $1,000 accepted, fees of $15,490 awarded on contested application); *Nelson v. Select Fin. Servs., Inc.,* 2006 WL 1672889 (E.D.Pa. June 9, 2006)(statutory damages of $1,000 recovered, attorney's fees of $24,693.80 awarded); *Owens v. Howe,* 365 F.Supp.2d 942 (N.D.Ind. 2005)(settlement of $1,000 in statutory damages, attorney's fees of $12,037.50 awarded); *Caputo v. Professional Recovery Servs., Inc.,* 2004 WL 1503953 (D. Kan. June 9, 2004)(offer of judgment of $15,000 accepted, attorney's fees of $87,000 awarded); *Armstrong v. The Rose Law Firm, P.A.,* 2002 WL 31050583 (D. Minn. Sept. 5, 2002)(plaintiff awarded statutory damages of $1,000 and counsel fees of $43,180, representing full lodestar); *In re Martinez,* 266 B.R. 523, 544 (S.D. Fla. 2001), *aff'd* 271 B.R. 696(affirming Bankruptcy Court fee award of $29,037.50 where plaintiff recovered $1,000 in statutory damages). *See,* also, *Marin v. Keisler,* (D.N.H. Oct. 10, 2007)(employment retaliation case; jury awarded back pay of $136,325, less than amount sought; court approved full lodestar fee request of $394,598.80); *Evans v. Jeff D.,* 475 U.S. 717, 735 (1986)(recognizing that in civil rights cases "[a]ttorney's fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants'"). By contrast, in the present case the requested award not only does not exceed the class benefit – especially when the value of the change in defendant's business practices is factored in - but is already significantly less than the full lodestar.

## Conclusion

For the above reasons, as well as those set forth in plaintiff's motion, the Court should: approve plaintiff's request for an award of counsel fees and costs in the amount of $65,000 and approve plaintiff's request for an incentive award in the amount of $5,000.

Plaintiff, by:

*/s/Kenneth D. Quat*
BBO#408640
Quat Law Offices
9 Dammonmill Square
Suite 4A-4
Concord, MA  01742
(978) 369-0848
ken@quatlaw.com