UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN FEUERSTEIN, )<br>Administratrix of the Estate of Melanie )<br>Joi Feuerstein, )<br>On behalf of herself and others similarly )<br>situated, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ZWICKER & ASSOCIATES, P.C., )<br>PAUL W. ZWICKER, )<br>JEFF W WIDRONIK a/k/a "Jeff Woods" )<br>BRIAN COYLE, )<br>ARTHUR J. TESSIMOND, JR., )<br>PHILLIP M. THOMPSON,     and )<br>DOES 1-5 )<br>)<br>    Defendants ) | Civil Action No. 04-11593-WGY |

### FINAL JUDGMENT

WHEREAS, the proceedings regarding the proposed settlement of the above-referenced case ("Litigation") have been regularly conducted before this Court; and

WHEREAS, ON July 24, 2007, 2007 this Court preliminarily approved the Class Settlement Agreement submitted by the parties and directed that notice be directed to all Class Members; and

WHEREAS, on October 29, 2007, 2007, a Settlement Hearing was held in this Court to consider the fairness, reasonableness and adequacy of the proposed settlement, and to consider any objections to the settlement, and

WHEREAS, the Court has reviewed and considered the Agreement between the parties,

1

52580.2

the filings of counsel in support of the proposed settlement, any comments and objections received regarding the proposed settlement, and has reviewed the record of the Litigation,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court, for purposes of this Final Judgment, adopts and incorporates by reference the definitions set forth in Section 2 of the Agreement. Unless otherwise defined, all terms used herein shall have the same meaning as set forth in the Agreement.

2. The Court has subject matter jurisdiction over all claims of all Class Members asserted in the Litigation and personal jurisdiction over the plaintiff, the Class Members, and the defendant.

3. The Court has found that:

    a. There are questions of law and fact common to the Class that, as to the settled claim, predominate over questions affection only individual Class Members, including the manner in which Defendant characterized the amount of the debt.

    b. The claims of the Class Representative appear to be typical of the claims of the Class.

    c. In negotiating and entering into this Agreement, and at all other times during the pendency of this Litigation, the Class Representative and Class Counsel have fairly and adequately represented and protected the interests of the Class.

    d. A class action is superior to other available methods for the fair and efficient adjudication of this Litigation and settlement.

4. The Court reaffirms its Order of July 24, 2007 and finds that the Settlement Notice to the Class of the pendency of this Litigation and of this settlement constituted the best

2

52580.2

notice practicable under the circumstances to all persons within the definition of the Class, and fully complied with the requirements of due process and all other applicable laws.

5. The Court approves the settlement as set forth in the Agreement as fair, reasonable, and adequate to the Class Members.

6. The Court reaffirms its Order of July 24, 2007 appointing Eileen Feuerstein as Class Representative and Attorney Kenneth D. Quat as Class Counsel.

7. The Court finds that the consideration to be provided by the Defendant as set forth in Section 4 of the Agreement is fair, reasonable, and adequate. The Parties are hereby ordered to consummate the settlement in accordance with its terms as set forth in the Agreement. Accordingly, Defendant is hereby ordered to do the following within ten (10) days of the Effective Date of the settlement, as defined in the Agreement:

   a. To all Class Members who have not filed timely requests for exclusion in accordance with the Settlement Agreement and class notice, Defendant shall make individual payments to each member that equate to 85% of the collection costs and attorney's fees paid by that member to the Defendant.

   b. To all existing alleged debtors who were referred to Defendant from MEFA and have received one or more communications from Defendant, Defendant will issue a written itemization of the debt that is owed, including interest, collection costs and/or attorney's fees.

   c. Make payment of counsel fees and costs to plaintiff's counsel in the amount of $ 65,000.00 fees and $777.00 which sum is in addition to the amount of the settlement for the class members

   d. Make payment of an incentive award to plaintiff in the amount of $ 5,000.00.

3

8. The terms of the Agreement and of this Judgment shall be forever binding on Plaintiff and all Class Members, except those persons who have timely and properly elected to be excluded from the Class, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel, and all other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings are encompassed by the Released Claim set forth in the Agreement. The identity of any persons who have validly and timely requested exclusion from the Settlement Class are identified in the Exclusions from Settlement Class filed by Class Counsel in this Litigation.

9. On behalf of every Class Member who has not excluded himself or herself from the Settlement, Defendants are hereby granted a release and discharge from all causes of action, suits, claims and demands, based on or encompassed by the Released Claim as defined in the Settlement Agreement. Such release extends to Defendants and their respective present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, administrators, assigns, and attorneys.

10. Plaintiff, the Settlement Class, and Class Counsel, as well as their respective counsel, and all others acting in concert with them, are permanently barred and enjoined from commencing, instituting or prosecuting, in any capacity, or causing to be commenced, instituted or prosecuted, any action or proceeding in any court or tribunal that involves or asserts any of the Released Claim against the Released Parties, or any of them.

11. The Agreement and this Judgment are not admissions of wrongdoing, liability or

4

52580.2

fault by Defendant, or a finding of the validity of any claims in the Litigation or any wrongdoing or violation of law by Defendant. The Agreement and this Judgment are not admissions by Plaintiff that any of the allegations or claims asserted in the Litigation were not completely true or correct. The Agreement and judgment are not a concession by the Parties and to the extent permitted by law, neither this judgment, nor the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any actions required to be performed by the Judgment or the Agreement, shall be offered as evidence or received in evidence in any proceeding or future civil, criminal, or administrative action or proceeding, except in a proceeding before this Court to consummate or enforce the Agreement or Judgment, or defend against the assertion of the Released Claim, or as otherwise required by law.

12. This action is dismissed on the merits and with prejudice to the Plaintiff and, as to the Released Claim, the non-excluded Class Members.

**IT IS SO ORDERED.**

DATE: *November 3, 2007*

*William G. Young*
The Honorable William G. Young
United States District Court Judge

52580.2